# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>SAN DIEGO COUNTY DISTRICT ATTORNEY; SAN DIEGO COUNTY OFFICE OF ASSIGNED COUNSEL; SAN DIEGO COUNTY SUPERIOR COURT; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SAN DIEGO POLICE DEPARTMENT; JEFFREY HOWARD FREEDMAN; JOHN SARGENT MEYER; JAMES PATRICK ROMO; THEODORE STEPHEN DRCAR; CHARLIE WETZEL; WILLIAM J. KIERNAN; P. MEYER; and ROES 1-10, individually, jointly, jointly and severally,<br><br>　　　　　　　　　　Defendants. | CASE NO. 12-CV-492 - IEG (RBB)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 20] |

　　　Presently before the Court is Plaintiff Paul Hupp ("Plaintiff")'s motion for a preliminary injunction. [Doc. No. 20.] For the reasons below, the Court **DENIES** the motion.

## BACKGROUND

　　　Plaintiff commenced this action on February 28, 2012 against Defendants San Diego County District Attorney ("SD DA"), San Diego County Office of Assigned Counsel ("SD OAC"), San Diego County Superior Court ("SD Superior Court"), San Diego County Sheriff's Department ("SD Sheriff's"), San Diego Police Department ("SDPD"), Jeffrey Howard Freedman

- 1 -

1  ("Freedman"), John Sargent Meyer ("Judge Meyer"), James Patrick Romo ("Romo"), Theodore
2  Stephen Drcar ("Drcar"), Charlie Wetzel ("Wetzel"), William J. Kiernan ("Kiernan"), and P.
3  Meyer ("P. Meyer") alleging violations of his civil rights and state law tort claims. [Doc. No. 1.]
4  On April 2, 2012, Plaintiff filed a first amended complaint ("FAC") asserting twelve causes of
5  action against these Defendants. [Doc. No. 4.]

6  The following facts are taken from the FAC. In November 2010, a trial court entered a
7  three year restraining order against Plaintiff restraining his contact with Defendant Freedman.
8  [FAC ¶ 27.] In July 2011, Freedman applied for contempt of court charges against Plaintiff based
9  on accusations that Plaintiff sent him three letters in violation of the restraining order. [Id. ¶ 28.]
10 The primary evidence used to support the contempt charges was the letters Freedman received.
11 [Id. ¶ 31.] Plaintiff alleges that these letters had no connection to him whatsoever. [Id.]

12 On November 16, 2011, Judge Meyer found Plaintiff guilty beyond a reasonable doubt of
13 violating the restraining order and sentenced Plaintiff to 25 days in custody and a $5,000 fine.
14 [FAC ¶ 33.] Judge Meyer's order stated: "Respondent is not entitled to any custody credits and
15 shall serve all 25 days with no early release, per court." [Id.] On January 3, 2011, Plaintiff
16 reported to the SD Sheriff's to serve his 25 day sentence. [Id. ¶ 38.] Plaintiff told the SD Sheriff's
17 that they had to apply his custodial credits under California Penal Code § 4019, but the SD
18 Sheriff's refused to apply them in accordance with Judge Meyer's order. [Id.] Plaintiff alleges
19 Defendants' refusal to apply his custodial credits under California Penal Code § 4019 violated his
20 Fourth and Fourteenth Amendment rights. [Id. ¶¶ 78-87.] Plaintiff also alleges that a criminal
21 action has been filed against him and is currently pending in state court. [Id. ¶ 128.]

22 By the present motion, Plaintiff moves for an injunction. [Doc. No. 20.] Plaintiff (1) seeks
23 to enjoin the SD Sheriff's, SD Superior Court, and J. Meyer from denying Plaintiff his custodial
24 credits under California Penal Code § 4019; and (2) to enjoin his ongoing and future civil or
25 criminal prosecutions. [Id. at 2-3.] Defendants County of San Diego and Romo have filed a
26 response in opposition to Plaintiff's motion for an injunction.
27 ///
28 ///

# DISCUSSION

## I. Legal Standard for a Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008). "[P]laintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing Winter, 129 S. Ct. at 374).

The grant or denial of a preliminary injunction is reviewed for abuse of discretion. Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). "[A] district court necessarily abuses its discretion when it bases its decision on an erroneous legal standard or on clearly erroneous findings of fact." Id. "Stated differently, [a]s long as the district court [gets] the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case." Id. (internal quotation marks omitted).

## II. Analysis

### A. Likelihood of Success on the Merits

Plaintiffs' FAC contains twelve causes of action against the Defendants. [FAC ¶¶ 48-131.] In Plaintiff's motion for an injunction, he provides no substantive analysis demonstrating why he will succeed on these claims. Therefore, Plaintiff has failed to establish that he is likely to succeed on the merits of these claims. See, e.g., Sarantapoulas v. Recontrust Co., 2012 U.S. Dist. LEXIS 13467, at *3 (N.D. Cal. Feb. 3, 2012); Shaterian v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 62165, at *12 (N.D. Cal. Jun. 10, 2011) ("[A] plaintiff may not support a motion for a preliminary injunction by merely pointing to his complaint and the facts alleged therein."). Plaintiff's motion for a preliminary injunction can be denied on this basis alone. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'").

1         B.     Plaintiff's Request to Enjoin Defendants From Denying Him Custodial Credits
2              under California Penal Code § 4019

In Plaintiff's first request for injunctive relief, he seeks an injunction against the SD Superior Court, Judge Meyer, and SD Sheriff's enjoining them from denying him his custodial credits under California Penal Code § 4019. [Doc. No. 20 at 2-3.] Plaintiff alleges that on November 16, 2011, in civil contempt proceedings, Judge Meyer issued a written order sentencing Plaintiff to 25 days in state custody and stating that Plaintiff was not entitled to any custody credits. [FAC ¶ 33.] Plaintiff further alleges that when he reported to the SD Sheriff's on January 3, 2012 to serve his 25 day sentence, the SD Sheriff's refused to apply his custodial credits in accordance with Judge Meyer's order. [Id. ¶ 38.] Plaintiff is no longer in the custody of the State of California.[1]

To obtain an injunction, a plaintiff must establish that a "real or immediate threat" exists that he will be wronged again. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). The alleged threat cannot be "conjectural" or "hypothetical." Id. at 101-02. Therefore, where the activities sought to be enjoined have already occurred, and the Court cannot undo what has already been done, and there is no prospective harm to the plaintiff, the action is moot and no injunction can be granted. ICR Graduate School v. Honig, 758 F. Supp. 1350, 1354-55 (S.D. Cal. 1991) (citing Friends of the Earth v. Bengland, 576 F.2d 1377, 1379 (9th Cir. 1978)).

Plaintiff alleges that he was wrongfully denied his custodial credits under California Penal Code § 4019 and forced to serve his full 25 day sentence. [FAC ¶¶ 33-41, 78-83.] Therefore, the alleged harm has already occurred. Plaintiff's FAC contains no allegations showing that Plaintiff will be denied his custodial credits again in the near future. Accordingly, Plaintiff is not entitled to an injunction enjoining the SD Superior Court, Judge Meyer, and SD Sheriff's from denying him his custodial credits under California Penal Code § 4019. See ICR Graduate School, 758 F. Supp. at 1354-55.

///

---

[1] Both Plaintiff's FAC and Plaintiff's motion list Plaintiff's current address as "965 Hidden Oaks, Beaumont, CA 92223."

1        C.        Plaintiff's Request to Enjoin Ongoing and Future State Court Proceedings

2        In Plaintiff's second request for injunction relief, he requests an injunction against the SD
3   DA, the SD Superior Court, Romo, and Drcar enjoining all current and future civil or criminal
4   prosecutions against Plaintiff. [Doc. No. 20 at 3-7.] With respect to Plaintiff's request to enjoin
5   any future state court proceedings, as explained above, an injunction cannot be obtained when the
6   alleged harm is merely conjectural or hypothetical. See Lyons, 461 U.S. 101-02. The threat must
7   be real or immediate. Id. at 111. Therefore, Plaintiff is not entitled to an injunction enjoining
8   hypothetical future state court proceedings.

9        With respect to Plaintiff's request to enjoin his ongoing state court proceedings, under
10  principles of comity and federalism, a federal court should not interfere with ongoing state court
11  proceedings by granting injunctive or declaratory relief except under special circumstances.
12  Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state
13  proceedings, judicial in nature, are pending; (2) the state proceedings involve important state
14  interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.
15  Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v.
16  Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). Where a district court finds
17  Younger abstention appropriate, the court must dismiss claims for injunctive or declaratory relief.
18  See Juidice v. Vail, 430 U.S. 327, 337 (1977); Dubinka, 23 F.3d at 226.

19       Plaintiff's action satisfies all three of the Younger requirements. First, Plaintiff alleges that
20  he is being subjected to ongoing criminal proceedings. [FAC ¶ 128; Doc. No. 20 at 3.] See
21  Dubinka, 23 F.3d at 223. Second, the Supreme Court has held that "a proper respect for state
22  functions," such as ongoing criminal trial proceedings, is an important issue of state interest. See
23  Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973) (quoting Younger, 401 U.S. at 44). Third,
24  Petitioner can pursue his constitutional claims in state court.

25       Plaintiff argues that he is entitled to an injunction because his criminal prosecution is being
26  brought in bad faith because there is no reasonable expectation that the state can obtain a valid
27  conviction. [Doc. No. 20 at 3.] The Supreme Court has explained that an injunction enjoining
28  state court criminal proceedings might be appropriate in cases of "proven harassment or

prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction." Perez v. Ledesma, 401 U.S. 82, 85 (1971). Plaintiff has not provided the Court with any evidence showing that there is no reasonable expectation that the state could obtain a valid conviction in his state court proceedings. Plaintiff's claim that the state cannot obtain a valid conviction appears to be based on pure speculation, and Plaintiff is not entitled to an injunction based on these speculative allegations. See, e.g., Collins v. California, 2011 U.S. Dist. LEXIS 152366, at *6-7 (C.D. Cal. Dec. 8, 2011). Therefore, the Court should abstain from interfering in Plaintiff's ongoing state court proceedings. See Younger, 401 U.S. at 45-46.

In addition, an injunction enjoining Plaintiff's criminal proceedings would violate the Anti-Injunction Act, which bars federal courts from enjoining state court proceedings. See 28 U.S.C. § 2283. Accordingly, Plaintiff is not entitled to an injunction enjoining his ongoing state court proceedings.

## CONCLUSION

In sum, Plaintiff is not entitled to the requested injunctive relief, and the Court **DENIES** Plaintiff's motion for a preliminary injunction.

**IT IS SO ORDERED.**

**DATED:** April 26, 2012

**IRMA E. GONZALEZ**
**United States District Judge**