# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>                      Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY DISTRICT ATTORNEY; SAN DIEGO COUNTY OFFICE OF ASSIGNED COUNSEL; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SAN DIEGO POLICE DEPARTMENT; JAMES PATRICK ROMO; CHARLIE WETZEL; WILLIAM J. KIERNAN; P. MYERS; and ROES 1-10, individually, jointly, jointly and severally,<br><br>                      Defendants. | CASE NO. 12-CV-492 - IEG (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO SET ASIDE DEFAULT AGAINST DEFENDANTS SD OAC AND MYERS;**<br><br>[Doc. No. 42]<br><br>**(2) GRANTING MOTIONS TO SET ASIDE DEFAULT AGAINST DEFENDANTS SD SHERIFF'S DEPT. AND KIERNAN;**<br><br>[Doc. Nos. 31, 39]<br><br>**(3) DENYING IN PART MOTION FOR DEFAULT JUDGMENT; AND**<br><br>[Doc. No. 28]<br><br>**(4) TO SHOW CAUSE WHY THE ENTRY OF DEFAULT AGAINST DEFENDANTS SDPD AND WETZEL SHOULD NOT BE SET ASIDE** |

Presently before the Court are the following four motions: (1) Plaintiff Paul Hupp ("Plaintiff")'s motion for default judgment against Defendants San Diego Office of Assigned Counsel ("SD OAC"), San Diego County Sheriff's Department ("SD Sheriff's Dept."), San Diego

Police Department ("SDPD"), Charlie Wetzel ("Wetzel"), William J. Kiernan ("Kiernan"), and P. Myers[1] ("Myers") [Doc. No. 28]; (2) Defendant SD Sheriff's Dept.'s motion to set aside the entry of default [Doc. No. 31];[2] (3) Defendant Kiernan's motion to set aside the entry of default [Doc. No. 39];[3] and (4) Plaintiff and Defendants SD OAC and Myers' joint motion to set aside the entry of default. [Doc. No. 42.]  For the reasons below, the Court **GRANTS** the motions to set aside the entry of default against Defendants SD OAC, SD Sheriff's Dept., Kiernan, and Myers, **DENIES IN PART** Plaintiff's motion for default judgment, and **ORDERS** Plaintiff **TO SHOW CAUSE** why the entry of default against Defendants SDPD and Wetzel should not be set aside for failure to properly serve them with the summons and complaint in this action.

## **BACKGROUND**

Plaintiff commenced this action on February 28, 2012 against Defendants San Diego County District Attorney ("SD DA"), SD OAC, San Diego County Superior Court ("SD Superior Court"), SD Sheriff's Dept., SDPD, Jeffrey Howard Freedman ("Freedman"), John Sargent Meyer

---

[1] Defendant Myers was erroneously named in the complaint as "P. Meyer." [Doc. No. 1.]

[2] Defendants SD OAC and Myers were joined in SD Sheriff's Dept.'s motion to set aside the entry of default. [Doc. No. 31.]  However, these Defendants along with Plaintiff later filed a joint motion to set aside the entry of default in exchange for Defendant County of San Diego's agreement to accept service on behalf of both Defendants. [Doc. No. 42.]

[3] In his opposition, Plaintiff argues that Defendant Kiernan's motion is procedurally defective and, therefore, the Court should strike the motion. [Doc. No. 41 at 1-2.]  First, Plaintiff argues that he was served with two copies of the motion–one listing a hearing date of June 4, 2012 and one listing a hearing date of July 9, 2012. [Id.]  Plaintiff argues that the June 4, 2012 hearing date was invalid because Defendant's motion was only filed on May 29, 2012. [Id.]  Kiernan originally attempted to file his motion with the June 4, 2012 hearing date, and the Court rejected the filing and instructed Kiernan to obtain a hearing date from chambers prior to filing the motion. [Doc. No. 37.]  Kiernan then obtained the July 9, 2012 hearing date from chambers and filed the motion with the proper hearing date under the Local Rules. [Doc. No. 39.]  Therefore, the filed motion contains the correct hearing date.

Second, Plaintiff argues that Kiernan's notice and motion was not properly served because Kiernan, himself, served the motion, and he is a party to the action. [Doc. No. 41 at 2.]  Plaintiff appears to be confused about the service requirements in federal court.  Under Federal Rule of Civil Procedure 4, service of a summons and a complaint must be made by a person who is over 18 years old and is a nonparty.  See FED. R. CIV. P. 4(c).  However, Kiernan was not serving a summons and a complaint.  Kiernan was serving a motion, which is governed by Federal Rule of Civil Procedure 5, not Rule 4.  See id. R. 5(a)(1)(D).  Rule 5 does not require that service of a motion be made by a non-party.  See generally id. R. 5.  Therefore, Kiernan's service of the motion through the mail was proper.  Id. R. 5(b)(2)(C) (stating that a person may be served by mailing the papers to the person's last known address).

1  ("Judge Meyer"), James Patrick Romo ("Romo"), Theodore Stephen Drcar ("Drcar"), Wetzel,
2  Kiernan, and Myers alleging causes of action for violations of his civil rights and intentional
3  infliction of emotional distress. [Doc. No. 1.] On April 2, 2012, Plaintiff filed a first amended
4  complaint ("FAC") asserting twelve causes of action against these Defendants. [Doc. No. 4.][4]

5  Defendants SD OAC, SD Sheriff's Dept., SDPD, Wetzel, Kiernan, and Myers have not yet
6  filed an answer to the FAC or a motion to dismiss the FAC.  When these six Defendants failed to
7  respond to the FAC, Plaintiff filed a motion for the entry of default against the Defendants along
8  with the present motion for default judgment. [Doc. No. 28.] On May 16, 2012, the Clerk of
9  Court entered default against Defendants SD OAC, SD Sheriff's Dept., SDPD, Wetzel, Kiernan,
10 and Myers. [Doc. No. 29.]

11 By the present motion for default judgment, Plaintiff requests monetary damages and
12 injunctive relief against these six Defendants. [Doc. No. 28, Declaration of Paul Hupp ("Hupp
13 Decl.").] By the other three motions, Defendants SD OAC, SD Sheriff's Dept., Kiernan, and
14 Myers request that the Court set aside the Clerk's entry of default against them. [Doc. Nos. 31, 39,
15 42.]

16 **DISCUSSION**

17 **I.     The Joint Motion to Set Aside the Entry of Default**

18 Plaintiff and Defendants SD OAC and Myers filed a joint motion to set aside the entry of
19 default against those two Defendants. [Doc. No. 42.] In exchange for Plaintiff agreeing to join in
20 the motion, Defendant County of San Diego agreed to accept service on behalf of both SD OAC
21 and Myers. [Id.] Accordingly, the Court **GRANTS** the joint motion and sets aside the entry of
22 default against Defendants SD OAC and Myers.

23 **II.    SD Sheriff's Dept. and Kiernan's Motions to Set Aside the Entry of Default**

24 Defendants SD Sheriff's Dept. and Kiernan argue that the Court should set aside the entry
25 of default against them because they were never properly served with the complaint and summons
26 in this action. [Doc. No. 31-1 at 6; Doc. No. 39 at 2.] "A court may set aside an entry of default
27 as void where the defendant demonstrates defects in the service of process."  Dorr v. Alameda

28 ---
[4] Plaintiff recently filed a second amended complaint ("SAC"). [Doc. No. 47.]

1  County Prob. Dep't, 2012 U.S. Dist. LEXIS 15613, at *4 (N.D. Cal. Feb. 8, 2012) (citing SEC v.
2  Internet Solutions for Bus., Inc., 509 F.3d 1161, 1165-66 (9th Cir. 2007)).

3  Federal Rule of Civil Procedure 4 governs the service of process in federal court.
4  Brockmeyer v. May, 383 F.3d 798, 800 (9th Cir. 2004). "Defendants must be served in
5  accordance with [Rule 4], or there is no personal jurisdiction." Jackson v. Hayakawa, 682 F.2d
6  1344, 1347 (9th Cir.1982) (footnote omitted). "Neither actual notice, nor simply naming the
7  person in the caption of the complaint, will subject defendants to personal jurisdiction if service
8  was not made in substantial compliance with Rule 4." Id. (internal citations omitted). Once
9  service is challenged, plaintiff bears the burden of establishing that service was valid under Rule 4.
10  Brockmeyer, 383 F.3d at 801.

11  A.  Defendant SD Sheriff's Dept.

12  Under Rule 4(j)(2), a governmental organization must be served by either (1) delivering a
13  copy of the summons and complaint to its chief executive officer or (2) by serving it in a manner
14  prescribed by state law for serving such a defendant. FED R. CIV. P. 4(j)(2). Under California law,
15  "service of process upon a public entity shall be made 'by delivering a copy of the summons and
16  of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing
17  body.'" Muhammad v. California, 2011 U.S. Dist. LEXIS 30854, at *31 (N.D. Cal. Mar. 11,
18  2011) (quoting CAL. CODE CIV. P. § 415.50(a)).

19  Plaintiff's proof of service and his response in opposition state that the process server
20  attempted to serve SD Sheriff's Dept. by serving a copy of the summons and FAC on a deputy at
21  the SD Sheriff's Dept.'s "Civil Office." [Doc. No. 12; Doc. No. 43 at 4.] Plaintiff represents that
22  the process server asked the deputy if he could accept service of process on behalf of SD Sheriff's
23  Dept., and the deputy said he could after he conferred with a supervisor. [Doc. No. 43 at 4.]

24  SD Sheriff's Dept. argues that service of process on the deputy was improper because SD
25  Sheriff's Dept. is a department of the County of San Diego and is not a separate legal entity from
26  the County of San Diego for the purposes of appearing in a lawsuit. [Doc. No. 31-1 at 2.] SD
27  Sheriff's Dept. argues, therefore, that for service to have been proper, Plaintiff would have had to
28  serve the County of San Diego by serving process on the Clerk of the Board of Supervisors. [Id. at

1 6.] SD Sheriff's Dept. is incorrect. Under California law, municipal police departments, such as SD Sheriff's Dept., are separate suable entities. See CAL. GOV'T CODE §§ 811.2, 945; Streit v. County of L.A., 236 F.3d 552, 567 (9th Cir. 2001) ("[A] local law enforcement agency can be considered a separably suable entity"); see also, e.g., Greener v. Workers' Comp. Appeals Bd., 6 Cal. 4th 1028, 1034 (1993) (holding that the Worker's Compensation Appeals Board is a public entity subject to suit under California Code of Civil Procedure § 416.50(a).). Therefore, Plaintiff was not required to serve the County of San Diego for service on the SD Sheriff's Dept. to be proper.[5] However, under federal and state law, for service on the SD Sheriff's Dept. to be proper, Plaintiff was required to deliver a copy of the summons and complaint to the chief executive officer of SD Sheriff's Dept. or to the clerk, secretary, president, presiding officer or head of SD Sheriff's Dept.'s governing body. See FED R. CIV. P. 4(j)(2); CAL. CODE CIV. P. § 416.50(a). Therefore, the delivery of the summons and the FAC on the deputy was improper.

In his opposition, Plaintiff argues that service of process was proper because it is undisputed that SD Sheriff's Dept. received a copy of the FAC. [Doc. No. 43 at 4.] Even assuming this is true, actual notice does not provide the Court with personal jurisdiction over a defendant absent substantial compliance with Rule 4. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). As explained above, Plaintiff has failed to show substantial compliance with Rule 4.

Plaintiff also argues that service was proper because several deputies have told Plaintiff and his process server that they are able to accept service on behalf of SD Sheriff's Dept.. However, "even if a person states that he or she is authorized to accept service, that is not proof that the person actually has the authority to do so." United States CFTC v. Paron Capital Mgmt., LLC, 2012 U.S. Dist. LEXIS 49154, at *8 (N.D. Cal. Apr. 6, 2012); see, e.g., McCain v. Stockton

---

[5] Although the Court concludes that Plaintiff could effect service on the SD Sheriff's Dept. because it is a suable public entity, the Court notes that the County of San Diego rather than SD Sheriff's Dept. would appear to be the proper defendant for Plaintiff's action. In the FAC, Plaintiff brings six claims for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against SD Sheriff's Dept., two for direct liability and four for supervisory liability. [FAC ¶¶ 70-87, 94-117.] Although SD Sheriff's Dept. is a suable public entity under California law, it is not a "person" within the meaning of 42 U.S.C. § 1983. See Robbins v. City of San Diego Police Dep't, 2010 U.S. Dist. LEXIS 22230, at *6 (S.D. Cal. Mar. 8, 2010) (citing Vance v. Cnty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996)) ("An agency or department of a municipality is not a proper defendant under section 1983."). Therefore, Plaintiff cannot bring his §1983 claims against SD Sheriff's Dept..

1  Police Dep't, 2011 U.S. Dist. LEXIS 114469, at *23-24 (E.D. Cal. Oct. 4, 2011) (finding proof of
2  service insufficient even though the process server submitted a declaration stating that the
3  receptionist told him she could accept service on behalf of the defendant), adopted by 2011 U.S.
4  Dist. LEXIS 134952 (E.D. Cal. Nov. 22, 2011).  Under California and federal law, only the chief
5  executive officer of SD Sheriff's Dept. or the clerk, secretary, president, presiding officer or head
6  of SD Sheriff's Dept.'s governing body has the authority to accept service on behalf of SD
7  Sheriff's Dept..  See FED R. CIV. P. 4(j)(2); CAL. CODE CIV. P. § 416.50(a).  Therefore, Plaintiff
8  has failed to show that he properly served SD Sheriff's Dept. with the summons and complaint in
9  this action.  Accordingly, the Court **GRANTS** Defendant SD Sheriff's Dept.'s motion to set aside
10 the entry of default against it.  See Dorr, 2012 U.S. Dist. LEXIS 15613, at *4.

11        B.       Defendant Kiernan

12        Under Federal Rule of Civil Procedure 4(e) "an individual . . . may be served in a judicial
13 district of the United States by . . . doing any of the following: (A) delivering a copy of the
14 summons and of the complaint to the individual personally; (B) leaving a copy of each at the
15 individual's dwelling or usual place of abode with someone of suitable age and discretion who
16 resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to
17 receive service of process."  See FED. R. CIV. P. 4(e)(2).

18        Plaintiff has not filed a proof of service showing that Defendant Kiernan was served with
19 the summons and complaint in this action.  In his motion for default judgment, Plaintiff states that
20 he served both Kiernan and SD OAC by certified mail, which was signed for on Wednesday, April
21 11, 2012.  [Doc. No. 28 at 4.]  Plaintiff's proof of service for SD OAC shows that a copy of the
22 summons and the FAC were delivered to the SD OAC office and signed for on April 11, 2012.
23 [Doc. No. 18.]  However, Kiernan is not an employee of SD OAC, and SD OAC is not authorized
24 to accept service on behalf of Kiernan.  [Doc. No. 31-3, Declaration of Robert Stall, Jr. ¶ 6.]
25 Therefore, service was improper under Rule 4(e)(2).

26        Federal Rule of Civil Procedure 4(e) also allows service on an individual to be proper if it
27 is made in accordance with state law.  See FED. R. CIV. P. 4(e)(1).  However, service on Kiernan
28 by sending a copy of the summons and the FAC by certified mail to the SD OAC office was not

proper under California law either. See CAL. CODE CIV. PRO. § 415.10 (allowing service by physical delivery to the defendant personally); id. §§ 415.20, 415.95 (allowing service by delivery at defendant's usual abode or place of business); id. § 415.30 (allowing service by mail to the person to be served with acknowledgment of receipt). Therefore, Plaintiff has failed to show that he properly served Kiernan under Rule 4. Accordingly, the Court **GRANTS** Defendant Kiernan's motion to set aside the entry of default against him. See Dorr, 2012 U.S. Dist. LEXIS 15613, at *4.

## II. Plaintiff's Motion for Default Judgment

### A. Default Judgement Against Defendants SD OAC, SD Sheriff's Dept., Kiernan, and Myers

Because the Court grants the three motions to set aside the entry of default, Defendants SD OAC, SD Sheriff's Dept., Kiernan, and Myers are no longer in default. Under Federal Rule of Civil Procedure 55, an entry of default by the Clerk of Court is a prerequisite to an entry of default judgment. See Fed. R. Civ. P. 55(a), (b). Because these four Defendants are no longer in default, the Court cannot enter default judgment against them. Accordingly, the Court **DENIES IN PART** Plaintiff's motion for default judgment to the extent it seeks a default judgment against Defendants SD OAC, SD Sheriff's Dept., Kiernan, and Myers.

### B. Default Judgment Against Defendants SDPD and Wetzel

In determining whether a Plaintiff is entitled to default judgment, the Court must first "'assess the adequacy of service of process on the party against whom default is requested.'" Shanghai Win-Wing Imp. & Exp. Co. v. Watanabe, 2008 U.S. Dist. LEXIS 96837, at *4 (N.D. Cal. Nov. 12, 2008). This is because a default judgment against a person not properly served with process would be void. See Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992).

#### i. SDPD

Plaintiff's proof of service and his declaration in support of his motion for default judgment state that the process server attempted to serve SDPD by delivering a copy of the summons and FAC to Officer Garrett, who was working at the front office of the San Diego Police

1  Department located at 1401 Broadway.  [Doc. No. 17; Doc. No. 28, <u>Hupp Decl.</u> ¶ 4.]  For service

2  to be proper, Plaintiff was required to deliver a copy of the summons and complaint to the chief

3  executive officer of SDPD or to the clerk, secretary, president, presiding officer or head of

4  SDPD's governing body.  <u>See</u> FED R. CIV. P. 4(j)(2); CAL. CODE CIV. P. § 416.50(a).[6]  Therefore,

5  service by delivering a copy of the summons and the FAC to an officer at the front desk of the

6  police department appears to be improper under federal and state law.

7                   ii.      <u>Wetzel</u>

8  Plaintiff's proof of service and his declaration in support of his motion for default

9  judgment state that the process server attempted to serve Wetzel also by delivering a copy of the

10 summons and FAC to Officer Garrett, who was working at the front office of the San Diego Police

11 Department located at 1401 Broadway.  [Doc. No. 16; Doc. No. 28, <u>Hupp Decl.</u> ¶ 4.]  This method

12 of service appears to be improper under Rule 4(e)(2).  Wetzel was not personally served, nor was a

13 copy of the summons or the complaint left at Wetzel's dwelling.  <u>See</u> FED. R. CIV. P. 4(e)(2)(A)-

14 (B).  In addition, the proof of service does not state that Officer Garrett was authorized to accept

15 service on behalf of Wetzel.  <u>See id.</u> R. 4(e)(2)(C).  It merely states that Officer Garrett was

16 authorized to accept service on behalf of SDPD.  [Doc. No. 16.]  First, as explained in the

17 preceding section, Officer Garrett was not authorized to accept service on behalf of SDPD.

18 Second, even if he was authorized, service on the police department does not constitute valid

19 service on its individual officers.  <u>See</u> <u>Taylor v. San Bernardino Cnty. Sheriffs</u>, 2009 U.S. Dist.

20 LEXIS 96669, at *8-9 (C.D. Cal. Oct. 19, 2009) (citing <u>Daly-Murphy v. Winston</u>, 837 F.2d 348,

21 355 (9th Cir. 1987)).

22 Plaintiff's method of service also appears to be improper under Rule 4(e)(1) and state law.

23 Wetzel was not personally served or served by certified mail with acknowledgment of receipt.  <u>See</u>

24 CAL. CODE CIV. PRO. §§ 415.10, 415.30.  California Code of Civil Procedure § 415.20(b) allows

---

[6] Similar to the prior footnote regarding SD Sheriff's Dept., the Court also notes that the City of San Diego rather than SDPD would appear to be the proper defendant for Plaintiff's action.  In the FAC, Plaintiff brings six claims for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 against SDPD, two for direct liability and four for supervisory liability.  [<u>FAC</u> ¶¶ 48-69, 94-117.] Although SDPD is a suable public entity under California law, it is not a "person" within the meaning of 42 U.S.C. § 1983.  <u>See Robbins</u>, 2010 U.S. Dist. LEXIS 22230, at *6.  Therefore, Plaintiff cannot bring his §1983 claims against SDPD.

1 service to be made on an individual by leaving a copy of the summons and complaint at the
2 person's usual place of business in the presence of the person apparently in charge of the office.[7]
3 However, Plaintiff has not shown that the SDPD office at 1401 Broadway was Wetzel's usual
4 place of business or that Officer Garrett was the person apparently in charge of that office.
5 Further, even assuming Plaintiff can make those two showings, service is only proper under §
6 415.20(b) if personal service on Wetzel could not have been made with "reasonable diligence."
7 CAL. CODE CIV. PRO. §§ 415.20(b). Reasonable diligence generally requires "'two or three
8 attempts at personal service at a proper place'" prior to attempting to make substituted service
9 pursuant to § 415.20(b). Bein v. Brechtel-Jochim Group, Inc., 6 Cal. App. 4th 1387, 1391 (1992).
10 Plaintiff has failed to show that the process server ever attempted to make personal service on
11 Wetzel prior to delivering the summons and FAC to Officer Garrett at the SDPD office.
12 Therefore, service does not appear to be proper under state law either. See, e.g., Moulton v.
13 Eugene Burger Mgmt. Corp., 2009 U.S. Dist. LEXIS 8694, at *7-9 (N.D. Cal. Jan. 26, 2009).

       iii.    Conclusion

15       Based on the record currently before the Court, it appears that Plaintiff has failed to
16 properly serve Defendants SDPD and Wetzel in accordance with Federal Rule of Civil Procedure
17 4. If Plaintiff has failed to properly serve these two Defendants, then the Court must set aside the
18 entry of default against them and deny the remainder of Plaintiff's motion for default judgment.
19 See, e.g., Muhammad, 2011 U.S. Dist. LEXIS 30854, at *30-32 (denying motion for default
20 judgment and *sua sponte* setting aside the entry of default where the plaintiff failed to show that he
21 properly served the defendant). Accordingly, the Court **ORDERS** Plaintiff **TO SHOW CAUSE**
22 why the entry of default against Defendants SDPD and Wetzel should not be set aside for failure to
23 properly serve them with the complaint and summons in this action and his motion for default
24 judgment against them be denied.
25 ///

---

[7] § 415.20 also requires that the process server mail a copy of the summons and complaint to the office where the documents were delivered. Plaintiff represents in a declaration that these documents were mailed to the SDPD office via first class mail the same day the documents were delivered. [Doc. No. 28, Hupp Decl. ¶ 4.]

**CONCLUSION**

For the reasons stated above, the Court:

1. **GRANTS** the three motions to set aside the entry of default and **SETS ASIDE** the Clerk's entry of default against Defendants SD OAC, SD Sheriff's Dept., Kiernan, and Myers;

2. **ORDERS** Defendants SD OAC and Myers to file a responsive pleading or motion to dismiss (or both), if any, within 30 days of the date this Order is filed;

3. **DENIES IN PART** Plaintiff's motion for default judgment–the Court specifically **DENIES** Plaintiff's motion for default judgment against Defendants SD OAC, SD Sheriff's Dept., Kiernan, and Myers;

4. **ORDERS** Plaintiff **TO SHOW CAUSE** on or before **Monday, August 6, 2012** why the entry of default against Defendants SDPD and Wetzel should not be set aside for failure to properly serve them with the complaint and summons in this action and his motion for default judgment against them be denied; and

5. **GRANTS** Plaintiff 60 days from the date this Order is filed to perfect service upon Defendants SD Sheriff's Dept. and Kiernan in accordance with the requirements of Federal Rule of Civil Procedure 4. Plaintiff is cautioned that failure to perfect service upon these two Defendants will result in their dismissal. See FED. R. CIV. P. 4(m) (providing that "[i]f a defendant has not been served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

**IT IS SO ORDERED.**

**DATED:** July 12, 2012

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**

Copies to:  William Kiernan
            4721 Lamont Street #5
            San Diego, CA 92169