# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>                    Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY; SAN DIEGO POLICE DEPARTMENT; JAMES PATRICK ROMO; CHARLIE WETZEL; WILLIAM J. KIERNAN; PETER MYERS; and ROES 1-10, individually, jointly, jointly and severally,<br><br>                    Defendants. | CASE NO. 12-CV-492 - IEG (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT; AND**<br><br>[Doc. No. 55]<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 55] |

Presently before the Court is Plaintiff Paul Hupp ("Plaintiff")'s motion for leave to file a third amended complaint ("TAC") and his motion for the appointment of counsel. [Doc. No. 55.] For the reasons below, the Court **GRANTS** Plaintiff's motion for leave to file a TAC and **DENIES WITHOUT PREJUDICE** Plaintiff's motion for the appointment of counsel.

## BACKGROUND

Plaintiff commenced this action on February 28, 2012, alleging causes of action for violations of his civil rights and a claim for intentional infliction of emotional distress, and on April 2, 2012, Plaintiff filed a first amended complaint ("FAC"). [Doc. Nos. 1, 4.] After the Court

1  dismissed part of Plaintiff's FAC, [Doc. No. 35], Plaintiff filed a second amended complaint
2  ("SAC") against Defendants San Diego County, San Diego Police Department, James Patrick
3  Romo, Charlie Wetzel, William J. Kiernan, and Peter Myers, asserting eleven causes of action.
4  [Doc. No. 47.]

5  By the present motion, Plaintiff seeks leave to file a third amended complaint ("TAC").
6  [Doc. No. 55.] Specifically, Plaintiff seeks to file a new complaint naming the City of San Diego
7  as a defendant in place of Defendant San Diego Police Department and naming Raymond Wetzel
8  a/k/a Charlie Wetzel in place of Defendant Charlie Wetzel. [Doc. No. 55-1 at 1-2.] Plaintiff also
9  seeks to add a new cause of action against Defendant San Diego County and new Defendants the
10 City of Beaumont and Joseph Cargel for violation of his First and Fourteenth Amendment rights.[1]
11 [Id. at 2.] By the present motion, Plaintiff also requests the appointment of counsel. [Doc. No.
12 55.]

### DISCUSSION

### I.   Plaintiff's Motion for Leave to File a Third Amended Complaint

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). The Ninth Circuit has instructed that this policy is "'to be applied with extreme liberality.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). In determining whether to grant leave to amend, a court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Owens, 244 F.3d at 712. Because federal policy strongly favors the determination of cases on their merits, there is a presumption that leave to amend should be given in the absence of prejudice or a strong showing of one of the other factors. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

All of the above factors weigh towards granting Plaintiff leave to file his proposed TAC. There is no evidence that Plaintiff has brought this motion in bad faith or after undue delay. The current Defendants would not be prejudiced by the addition of the new Defendants and the new

---

[1] In the proposed TAC, Plaintiff alleges that these three Defendant executed a search warrant on May 24, 2012 and seized Plaintiff's computer, printers, and copiers, causing Plaintiff damage. [Doc. No. 55-2 ¶¶ 127-41.]

1 cause of action because this case is still in the pleading stages and there has not been any
2 discovery. Indeed, none of the current Defendants filed an opposition to Plaintiff's motion.
3 Finally, the Court cannot conclude at this time that Plaintiff's new § 1983 claim for violation of his
4 First and Fourteenth Amendment rights would be futile. Although the Court has previously held
5 that Plaintiff is not entitled to injunctive relief based on this claim because the Court cannot enjoin
6 Plaintiff's ongoing state court criminal proceedings, [Doc. No. 52], Plaintiff appears to only be
7 seeking damages for this claim in the TAC.[2] Accordingly, the Court **GRANTS** Plaintiff's motion
8 for leave to file a TAC.

## II.     Plaintiff's Motion for the Appointment of Counsel

In addition to his motion for leave, Plaintiff has also filed a motion for the appointment of counsel. [Doc. No. 55.] However, the Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's pleadings do not appear to raise particularly complex legal issues, and Plaintiff has been able to sufficiently articulate the factual basis for his claims and respond to Defendants' filings. In addition, it is difficult to assess the merits of Plaintiff's action at this early stage, and, therefore, the Court cannot conclude that Plaintiff is likely to succeed on his claims. Accordingly, the Court **DENIES** Plaintiff's motion without prejudice, as neither the interests of justice nor

---

[2] Although the Court cannot conclude that Plaintiff's proposed First and Fourteenth Amendment claim against Defendants the City of San Diego, the City of Beaumont, and Joseph Cargill would be futile at this time, the Court notes that those Defendants may later challenge this new claim on a motion to dismiss or a motion for summary judgment.

1 | exceptional circumstances warrant appointment of counsel at this time.  See LaMere v. Risley, 827
2 | F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff leave to file a third amended complaint.  Plaintiff shall filed his third amended complaint on or before **Monday, September 10, 2012.**  Once Plaintiff's third amended complaint is filed, the Clerk of the Court is directed to issue summons for new Defendants the City of San Diego, Raymond Wetzel a/k/a Charlie Wetzel, the City of Beaumont, and Joseph Cargel.  The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's motion for the appointment of counsel.

**IT IS SO ORDERED.**

**DATED:**  August 21, 2012

**IRMA E. GONZALEZ**
**United States District Judge**