UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>           Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY; CITY OF SAN DIEGO; CITY OF BEAUMONT; JAMES PATRICK ROMO; RAYMOND WETZEL, A/K/A "CHARLIE" WETZEL; WILLIAM J. KIERNAN; PETER MYERS; JOSEPH CARGEL; ROES 1-10, Individually, Jointly, Jointly and Severally,<br><br>           Defendants. | Case No. 3:12-cv-00492-GPC-RBB<br><br>**ORDER GRANTING DEFENDANTS COUNTY OF SAN DIEGO AND JAMES ROMO'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. No. 123) |

Pending before the Court is Defendant County of San Diego and Defendant James Romo's (collectively, "Defendants") Motion for Summary Judgment or Partial Summary Judgment ("MSJ"). (Dkt. No. 123.) Plaintiff has filed an opposition to Defendants' MSJ, (Dkt. No. 157), and Defendant has filed a reply, (Dkt. No. 158). The Court finds the MSJ suitable for disposition without oral argument. See Civ.L.R 7.1.d.1. Having considered the parties' submissions and the applicable law, and for the reasons that follow, the Court **GRANTS** Defendants' motion for summary judgment

as to Plaintiff's allegations against Deputy District Attorney James Romo and the San Diego County District Attorney's Office as a County of San Diego agency.

## BACKGROUND

**I. Factual Background**

    **A. State Civil Contempt of Court Proceedings**

This action stems from a lengthy history of state civil and criminal court proceedings against Plaintiff. In 1998, former pro-tem Administrative Law Judge Jeffrey Freedman (ALJ Freedman) presided over a hearing regarding a Commission on Teacher Credentialing ("CTC") denial of a teaching permit for Plaintiff. (Dkt. No. 123-4, "Drcar Decl.," at ¶ 2.) In 2006, ALJ Freedman obtained a restraining order against Plaintiff and, after its expiration, obtained a second restraining order against Plaintiff in November 2010. (Id. at ¶¶ 3-4.)

On July 20, 2011, ALJ Freedman, through his attorney Deputy Attorney General Drcar, applied for contempt of court charges against Plaintiff based on accusations that Plaintiff sent Freedman threatening correspondence in violation of the restraining order. (Id. at ¶ 4; Dkt. No. 64, "TAC" at ¶ 27.) The primary evidence used to support the contempt charges were the similarities between the threat letters and correspondence Plaintiff previously sent to Mr. Freedman as well as federal pleadings filed by Plaintiff in pro per. (Drcar Decl. at ¶ 4; TAC at ¶ 30.)

In November 2011, San Diego Superior Court Judge John Meyer found Plaintiff guilty beyond a reasonable doubt of five acts of contempt of court and sentenced him to 25 days in custody and a $5,000 fine. (Drcar Decl. at 4; TAC at ¶ 32.) Defendant Deputy District Attorney James Romo ("Defendant Romo") did not participate in the civil contempt of court proceedings in any capacity. (Drcar Decl. at ¶ 5; Dkt. No. 123-3, "Romo Decl.," at ¶¶ 3-8.)

    **B. State Criminal Investigation and Prosecution**

In mid-2011, the San Diego Sheriff's Office Crime Lab ("SDSO Crime Lab") analyzed four letters and envelopes thought to be sent from Plaintiff to ALJ Freedman.

Two latent fingerprints were found on the exterior of the envelopes, neither of which belonged to Plaintiff. (Romo Decl. at ¶ 21.) No identifiable human DNA was found on the envelopes or letters. (Id.) The San Diego County District Attorney's Office ("SD DA") decided not to pursue prosecuting Plaintiff at that time. (Id.)

On December 13, 2011, Defendant Romo received notice of Plaintiff's conviction for contempt of court. (Romo Decl. at ¶ 9.) Approximately two weeks later, Defendant Romo received notice that ALJ Freedman received an additional anonymous letter, postmarked on December 27, 2011, which directly threatened Freedman's life. (Id. at ¶ 10.) On January 13, 2012, Defendant Romo filed criminal charges against Plaintiff based upon the December 27, 2011 letter. (Id. at ¶¶ 11, 18.) On April 9, 2012, Defendant Romo filed an Amended Information charging Plaintiff with the following crimes: (1) stalking in violation of California Penal Code ("CPC") § 646.9(a); (2) stalking while a restraining order is in place in violation of CPC § 646.9(b); (3) making a criminal threat in violation of CPC § 422; and (4) disobeying a court order in violation of CPC § 166(a)(4). (Id. at ¶ 22.)

On February 19, 2013, a jury trial found Plaintiff guilty on all four criminal counts. (Romo Decl. at ¶ 28.) During the criminal trial, Defendant Romo presented to the jury: (1) the 2011 SDSO Crime Lab results regarding DNA and fingerprint testing; (2) evidence showing distinct and unique word patterns, phrases, and threats shared by the anonymous letters sent to ALJ Freedman and numerous pleadings Plaintiff filed in federal court as a pro per litigant; (3) evidence of Plaintiff's motive; and (4) evidence of Plaintiff's unique understanding of the law of perjury reflected in the anonymous letters sent to ALJ Freedman. (Id. at ¶¶ 24-27.) The jury returned guilty verdicts against Plaintiff on all four criminal charges with knowledge of the 2011 SDSO Crime Lab results. (Id. at ¶ 28.)

**II. Procedural History**

Plaintiff, proceeding *pro se*, commenced this action on February 28, 2012 against various public entities and private individuals. (Dkt. No. 1 at 1.) Plaintiff

alleges violations of his constitutional and civil rights under 42 U.S.C. § 1983 related to the aforementioned state civil and criminal proceedings. (TAC at ¶¶ 47-141.) On July 9, 2012, Plaintiff filed a Second Amended Complaint and subsequently, on July 26, 2012, Plaintiff filed a motion for leave to file a third amended complaint. (Dkt. No. 55.)  The Court granted Plaintiff's motion and on August 28, 2012, Plaintiff filed a third amended complaint ("TAC"). (Dkt. No. 64.) The TAC names Defendants San Diego County[1], City of San Diego[2], James Patrick Romo, Raymond Wetzel, William J. Kiernan, Peter Myers, Joseph Cargel, and Roes1-10. (TAC at ¶¶ 2-15.)

On September 5, 2012, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. (Dkt. No. 66.) On September 26, 2012, the Court denied the motion without prejudice and directed Plaintiff to serve upon counsel for Defendants a proposed amended complaint and to obtain a hearing date on a motion for leave to amend. (Dkt. No. 84.) On October 22, 2012, this case was transferred to the undersigned judge. (Dkt. No. 94.)  Plaintiff filed two motions for an extension of time to file a fourth amended complaint. (Dkt. Nos. 93, 98.)  On November 19, 2012, the Court granted Plaintiff's motion for extension of time to file a fourth amended complaint and denied as moot Defendants' motions to dismiss. (Dkt. No. 101.)  Following Plaintiff's third motion for extension of time to file a fourth amended complaint, the Court denied the motion and ordered Plaintiff to file a fourth amended complaint within five days of the order being electronically docketed. (Dkt. No. 111.)  Plaintiff failed to file a fourth amended complaint.  The TAC is now the operative pleading in this matter.

In the TAC, Plaintiff alleges the following causes of action: (1) withholding

---

[1] Allegations against Defendant County of San Diego include causes of action against the County agencies of the San Diego County District Attorney's Office, the San Diego County Office of Assigned Counsel, and the San Diego County Sheriff's Department.

[2] Allegations against Defendant City of San Diego include causes of action against the San Diego Police Department.

of "Brady" evidence; (2) conspiracy to withhold "Brady" evidence; (3) interference with legal mail; (4) unlawful detention; (5) intentional infliction of emotional distress; (6) gross negligence in the hiring of deputy district attorneys and peace officers; (7) gross negligence in the training of deputy district attorneys and peace officers; (8) gross negligence in the supervision of deputy district attorneys and peace officers; (9) gross negligence in the retention of deputy district attorneys and peace officers; (10) declaratory and injunctive relief as to the Defendant Kiernan's ineffective assistance as counsel; (11) declaratory and injunctive relief against San Diego Sheriff's Department; (12) interference with free speech, right to petition government and legal proceedings due to wrongful search and seizure. (TAC at ¶¶ 47-141.)

On May 30, 2013, Defendants County of San Diego ("Defendant County") and James Romo filed the present motion for summary judgment. (Dkt. No. 123.) Defendants concurrently filed two declarations in support of the motion, by Defendant Romo, (Dkt. No. 123-3), and Deputy Attorney General Theodore Drcar, (Dkt. No. 123-4).

On June 28, 2013, the Court set a briefing schedule for the motion for summary judgment, ordering Plaintiff to file a response by August 26, 2013. (Dkt. No. 128.) On August 20, 2013, the Court accepted Plaintiff's ex parte motion to extend time to file a response *nunc pro tunc* to August 12, 2013. (Dkt. No. 141.) On August 29, 2013, the Court denied Plaintiff's motion for a ninety-day extension, but allowed Plaintiff twenty-one additional days to file a response to Defendants' motion. (Dkt. No. 148.) On September 10, 2013, the Court accepted Plaintiff's second motion for extension of time to file a response *nunc pro tunc* to September 5, 2013. (Dkt. No. 154.) On September 12, 2013, the Court denied Plaintiff's motion, reiterating that Plaintiff's response was due on or by September 19, 2013. (Dkt. No. 155.)

On September 19, 2013, Plaintiff filed a response to Defendants' motion for

summary judgment disputing the Court's denials of further time extensions and stating that "Plaintiff is not in a position to respond without completing the discovery process, the Court knows this, and Plaintiff cannot and will not make a response without discovery." (Dkt. No. 157 at 7.) Plaintiff submitted no supporting declarations or other evidence in opposition to Defendants' motion for summary judgment. Defendants timely replied. (Dkt. No. 158.)

## DISCUSSION

### I.    Legal Standard

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  Id. at 322-23.

If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical

doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (internal quotations omitted).

"The district court may limit its review to the documents submitted for purpose of summary judgment and those parts of the record specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court need not "scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)). Furthermore, when an opposing party fails to respond to a fact asserted in a motion for summary judgment, the district court may deem the fact "undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e); see also Beard v. Banks, 548 U.S. 521, 527 (2006); Heinemann v. Satterberg, 731 F.3d 914 (9th Cir. 2013).

On summary judgment, the Court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); see Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587.

**II. Defendants' Motion for Summary Judgment or Partial Summary Judgment**

As an initial matter, because Plaintiff has not responded substantively to Defendants' motion for summary judgment, the Court accepts the facts set forth in Defendants' uncontroverted declarations as true and undisputed for the purposes of

the present motion. See Fed. R. Civ. P. 56(e); Beard v. Banks, 548 U.S. 521, 527 (2006). The Court has twice rejected Plaintiff's request for additional time to respond to Defendants' motion, (Dkt. Nos. 148, 155), and will not now reconsider Plaintiff's arguments, filed as an "opposition" to Defendants' motion, for additional time to conduct discovery, (Dkt. No. 157).

Turning now to the substance of the motion, Defendants County of San Diego and James Romo move for summary judgment on the following causes of action as alleged against James Romo and SD DA as a County agency: (1) Plaintiff's first two causes of action related to the withholding of "Brady" evidence; (2) Plaintiff's fifth cause of action for emotional distress; and (3) Plaintiff's sixth through ninth causes of action for negligent hiring, training, supervision, and retention of deputy district attorneys ("Monell causes of action"). (Dkt. No. 123.) Defendants bear the burden of either presenting evidence that negates an essential element of Plaintiff's case, or demonstrating that Plaintiff failed to make a showing sufficient to establish an essential element on which Plaintiff will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court finds that Defendants have met this burden and GRANTS Defendants' motion for summary judgment.

**A. Withholding of *Brady* Evidence**

Plaintiff's first and second causes of action assert claims against Defendant Romo for violation of Plaintiff's due process rights under Brady v. Maryland, 373 U.S. 83 (1963). (Dkt. No. 64, "TAC," at ¶¶ 47-68.) Plaintiff alleges Defendant Romo investigated the envelopes and letters that were the subject of Plaintiff's 2011 civil contempt charges, (TAC ¶ 47), discovered DNA and fingerprint material on the envelopes and letters, (TAC ¶ 48), failed to disclose the discovered evidence to Plaintiff, (TAC ¶¶ 48-50), and conspired to withhold the evidence from Plaintiff, (TAC ¶¶ 62-63). Plaintiff seeks compensatory and punitive damages for alleged resultant injuries. (TAC ¶¶ 60-61, 67-68.)

Under Brady v. Maryland, "the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment." Smith v. Cain, 132 S. Ct. 627, 630 (2012). Evidence is "material" where "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Id. (citing Cone v. Bell, 556 U.S. 449, 469-70 (2009)) (internal quotation marks omitted).

Defendants move for summary judgment on Plaintiff's first two *Brady* causes of action on the grounds that: (1) Deputy District Attorney Romo is entitled to prosecutorial immunity because he was serving as a prosecutor and not an investigator in Plaintiff's case, (Dkt. No. 123-1 at 4-5, 7), and (2) Plaintiff cannot show that the allegedly withheld evidence was "material," (id. at 5-6). Upon review of Defendants' declarations, the Court finds Defendant Romo has offered sufficient evidence to support both contentions and is entitled to judgment as a matter of law on Plaintiff's first two causes of action.

First, the Court finds that Defendant Romo is entitled to prosecutorial immunity from any alleged Brady violations in this case because Defendant Romo served as a prosecutor in Plaintiff's criminal case and did not participate in Plaintiff's civil contempt proceedings in any capacity. Although the U.S. Supreme Court has long allowed prosecutors to be sued for injunctive relief, see, e.g., Ex parte Young, 209 U.S. 123 (1908), prosecutors receive absolute immunity from suits for money damages when conducting prosecutorial tasks, Imbler v. Pachtman, 424 U.S. 409, 423 (1976).

Here, Defendant Romo submits a declaration in support of summary judgment stating Defendant Romo "did not conduct or assist in any investigation regarding the California Attorney General's civil harassment and contempt of court allegations against Hupp on behalf of former Administrative Law Judge Jeffrey Freedman regarding threatening letters sent by Hupp to Freedman." (Dkt. No. 123-3

¶ 4.) Attorney General Drcar's declaration likewise states that Defendant Romo did not "play any role in [Plaintiff's] civil harassment case at any time." (Dkt. No. 123-4 ¶ 5.) Furthermore, during the prosecution of Plaintiff's criminal case, Defendant Romo provided the fingerprint and DNA evidence Plaintiff calls Brady evidence ("2011 SDSO Crime Lab evidence") to Plaintiff during discovery, (Dkt. No. 123-3 ¶ 20), and to the jury during "opening statements, during the presentation of evidence and during closing arguments." (Id. ¶ 24.) On these undisputed facts, the Court finds that Defendant Romo did not participate in Plaintiff's civil contempt proceedings in any capacity and is entitled to prosecutorial immunity for any alleged Brady violations in connection with Plaintiff's criminal trial.

Second, the Court finds that even if Defendant Romo is not entitled to absolute prosecutorial immunity, Defendant Romo has presented sufficient evidence to negate an essential element of Plaintiff's claims against Defendant Romo for withholding Brady evidence. Specifically, Defendant Romo has demonstrated that Plaintiff cannot show the alleged exculpatory evidence was material to Plaintiff's civil contempt proceedings. A review of Defendants' submitted declarations indicates that although the allegedly exculpatory evidence was not introduced during Plaintiff's civil contempt proceedings, the evidence was presented to Plaintiff and presented to the jury during Plaintiff's criminal case arising out of the same facts. (Dkt. No. 123-3 ¶¶ 20, 24); (Dkt. No. 123-4 ¶ 4). Despite disclosure of the allegedly exculpatory information to the jury in Plaintiff's criminal case, Plaintiff was convicted of stalking, making a criminal threat, and disobeying a court order beyond a reasonable doubt. (Dkt. No. 123-3 ¶¶ 22, 28.) Defendant Romo has thus met Defendants' burden of presenting evidence that negates an essential element of Plaintiff's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Because Plaintiff fails to offer evidence beyond the pleadings to show that there is a genuine issue for trial, the Court GRANTS Defendant Romo judgment as a matter of law as to Plaintiff's claims that Defendant Romo withheld Brady evidence in

violation of the Constitution.

### B. Emotional Distress and Monell Causes of Action

Defendants further move for summary judgment on Plaintiff's fifth through ninth causes of action for emotional distress as well as for Defendant County liability for SD DA's alleged negligent hiring, training, supervision, and retention of deputy district attorneys ("Monell causes of action"). (Dkt. No. 123.) Defendants argue Plaintiff's emotional distress and Monell causes of action fail because they are "dependent upon the false premise that Deputy DA Romo acted as an investigator for the State Attorney General during the civil contempt case." (Dkt. No. 123-1 at 7, 8.) The Court agrees.

As the Court explained in response to Defendants' previous motion to dismiss, "[i]n order to establish liability for governmental entities under Monell, a plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." (Dkt. No. 35 at 12) (citing Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)) (internal quotation marks omitted). Here, the Court finds that Plaintiff's claims for intentional infliction of emotional distress against both Defendants as well as for negligent hiring, training, supervision, and retention of deputy district attorneys against the SD DA as a Defendant County agency are based on Plaintiff's allegations that Defendant Romo withheld and concealed exculpatory evidence during Plaintiff's civil contempt proceedings. (See Compl. ¶¶ 97, 101, 109, 115.) Defendants' evidence, provided in the form of declarations by Defendant Romo and Attorney General Drcar, directly contradicts Plaintiff's allegations. (See Dkt. No. 123-3 ¶ 4; Dkt. No. 123-4 ¶ 5.) According to both declarations, Defendant Romo did not conduct or assist with the California Attorney General's civil harassment and contempt of court allegations against Plaintiff in any capacity. (Dkt. No. 123-3

¶ 4; Dkt. No. 123-4 ¶ 5.) Because Plaintiff fails to offer evidence beyond the pleadings to show that there is a genuine issue for trial, the Court GRANTS Defendants County and James Romo judgment as a matter of law as to Plaintiff's derivative claims for emotional distress and County <u>Monell</u> liability.

### **CONCLUSION AND ORDER**

Based on the foregoing, the Court hereby **GRANTS** Defendants James Romo and County of San Diego's motion for summary judgment, (Dkt. No. 123), on all causes of action alleged against James Romo and the San Diego District Attorney's Office as a San Diego County agency in Plaintiff's Third Amended Complaint.

IT IS SO ORDERED.

DATED: January 9, 2014

*[signature]*

HON. GONZALO P. CURIEL
United States District Judge