UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP, | Case No. 3:12-cv-00492-GPC-RBB |
| Plaintiff, | **ORDER** |
| v. | **1. GRANTING DEFENDANTS COUNTY OF SAN DIEGO AND PETER MYERS' MOTION FOR SUMMARY JUDGMENT** |
| SAN DIEGO COUNTY; CITY OF SAN DIEGO; CITY OF BEAUMONT; JAMES PATRICK ROMO; RAYMOND WETZEL, A/K/A "CHARLIE" WETZEL; WILLIAM J. KIERNAN; PETER MYERS; JOSEPH CARGEL; ROES 1-10, Individually, Jointly, Jointly and Severally, | (Dkt. No. 161) |
| | **2. DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY BRIEF AND REQUEST FOR JUDICIAL NOTICE** |
| Defendants. | (Dkt. No. 202) |

Pending before the Court is Defendant County of San Diego and Defendant Peter Myers' (collectively, "Defendants") Motion for Summary Judgment ("MSJ"). (Dkt. No. 161.) Plaintiff has filed an opposition to Defendants' MSJ, (Dkt. No. 171), and Defendant has filed a reply and related request for judicial notice, (Dkt. No. 201). In addition, Plaintiff has filed a Motion to Strike Defendants' Reply and Request for Judicial Notice. (Dkt. No. 202). The Court finds the motions suitable for disposition without oral argument. See Civ.L.R 7.1.d.1. Having considered the parties'

submissions and the applicable law, and for the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's allegations against Defendant Peter Myers ("Defendant Myers") and the County of San Diego, and **DENIES** Plaintiff's Motion to Strike.

## BACKGROUND

### I. Factual Background

This action stems from a lengthy history of state civil and criminal court proceedings against Plaintiff as well as Plaintiff's subsequent detention in San Diego County jail. The present motion concerns the liability of San Diego Sheriff's Department Deputy Peter Myers and the County of San Diego for alleged violations of Plaintiff's civil and constitutional rights.

Plaintiff alleges the San Diego County Office of Assigned Counsel ("OAC") assigned attorney William Kiernan ("Kiernan") to represent Plaintiff in contempt of court proceedings in July, 2011. (Dkt. No. 64, "TAC" ¶¶ 27-28.) Plaintiff alleges Kiernan ineffectively represented Plaintiff during the proceedings. Specifically, Plaintiff alleges the following representational deficiencies: (1) failure to perform independent fact investigation; (2) failure to file informal or formal written discovery requests; (3) failure to request a witness list; (4) failure to communicate with Plaintiff regarding trial strategy; (5) failure to address material issues; (6) failure to utilize Plaintiff's cross examination questions; (7) failure to investigate potential defenses; (8) failure to respond to Plaintiff's communications; and (9) ineffective and prejudicial advocacy in closing arguments. (TAC ¶¶ 28-29.) Plaintiff seeks to hold the County of San Diego liable for Kiernan's ineffective assistance due to the County OAC's hiring and assignment of Kiernan to represent Plaintiff.[1] (Dkt. No. 171, "Pl. Opp." at 16.)

On November 16, 2011, San Diego Superior Court Judge John Meyer found Plaintiff guilty beyond a reasonable doubt of five acts of contempt of court and

---

[1] Defendant Kiernan brought a separate motion to dismiss Plaintiff's claim against him, which was granted by the Court on December 16, 2013. (Dkt. No. 210.)

sentenced him to 25 days in custody and a $5,000 fine. (TAC at ¶ 32.) Plaintiff served his sentence during the month of January, 2012. (TAC at ¶ 41.) Plaintiff alleges that while he was in San Diego County Sheriff's Department ("SDSD") custody, SDSD interfered with his access to the courts. (TAC ¶ 42-43.) In particular, Plaintiff alleges Deputy Peter Myers destroyed and tossed in the garbage a legal document prepared by Plaintiff on January 5, 2012, while stating "this is 'what I [MYERS] think of your legal papers'." (TAC ¶ 42.) In addition, Plaintiff alleges his numerous requests to access the law library while in custody were denied until his last week of detention. (TAC ¶ 43.) Plaintiff alleges the law library he eventually obtained access to had the following deficiencies: (1) lacked books; (2) lacked electronic documents pertaining to state criminal matters; (3) lacked access to California court websites; (4) lacked printers; (5) lacked employees or supervisors to assist inmates. (TAC ¶ 43.)

## II. Procedural History

Plaintiff, proceeding *pro se*, commenced this action on February 28, 2012 against various public entities and private individuals. (Dkt. No. 1 at 1.) Plaintiff alleges violations of his constitutional and civil rights under 42 U.S.C. § 1983 related to the aforementioned civil contempt proceeding and subsequent detention. (TAC at ¶¶ 47-141.) On July 9, 2012, Plaintiff filed a Second Amended Complaint and subsequently, on July 26, 2012, Plaintiff filed a motion for leave to file a third amended complaint. (Dkt. No. 55.)  The Court granted Plaintiff's motion and on August 28, 2012, Plaintiff filed a third amended complaint ("TAC"). (Dkt. No. 64.) The TAC names Defendants San Diego County[2], City of San Diego[3], James Patrick Romo, Raymond Wetzel, William J. Kiernan, Peter Myers, Joseph Cargel, and Roes1-10. (TAC at ¶¶ 2-15.)

---

[2]Allegations against Defendant County of San Diego include causes of action against the County agencies of the San Diego County District Attorney's Office, the San Diego County Office of Assigned Counsel, and the San Diego County Sheriff's Department.
[3]Allegations against Defendant City of San Diego include causes of action against the San Diego Police Department.

On September 5, 2012, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. (Dkt. No. 66.) On September 26, 2012, the Court denied the motion without prejudice and directed Plaintiff to serve upon counsel for Defendants a proposed amended complaint and to obtain a hearing date on a motion for leave to amend. (Dkt. No. 84.) On October 22, 2012, this case was transferred to the undersigned judge. (Dkt. No. 94.)  Plaintiff filed two motions for an extension of time to file a fourth amended complaint. (Dkt. Nos. 93, 98.)  On November 19, 2012, the Court granted Plaintiff's motion for extension of time to file a fourth amended complaint and denied as moot Defendants' motions to dismiss. (Dkt. No. 101.)  Following Plaintiff's third motion for extension of time to file a fourth amended complaint, the Court denied the motion and ordered Plaintiff to file a fourth amended complaint within five days of the order being electronically docketed. (Dkt. No. 111.)  Plaintiff failed to file a fourth amended complaint.  The TAC is now the operative pleading in this matter.

In the TAC, Plaintiff alleges the following causes of action: (1) withholding of "Brady" evidence; (2) conspiracy to withhold "Brady" evidence; (3) interference with legal mail; (4) unlawful detention; (5) intentional infliction of emotional distress; (6) gross negligence in the hiring of deputy district attorneys and peace officers; (7) gross negligence in the training of deputy district attorneys and peace officers; (8) gross negligence in the supervision of deputy district attorneys and peace officers; (9) gross negligence in the retention of deputy district attorneys and peace officers; (10) declaratory and injunctive relief as to the Defendant Kiernan's ineffective assistance as counsel; (11) declaratory and injunctive relief against San Diego Sheriff's Department; (12) interference with free speech, right to petition government and legal proceedings due to wrongful search and seizure. (TAC at ¶¶ 47-141.)

On September 27, 2013, Defendants County of San Diego ("Defendant County") and Peter Myers filed the present motion for summary judgment. (Dkt.

No. 161.) Defendants concurrently filed three declarations and corresponding exhibits in support of the motion, by Claims Representative Louise Edler, (Dkt. No. 161-2), Sergeant Esther Quiñonez, (Dkt. No. 161-3), and County Counsel Christopher Welsh, (Dkt. No. 161-4). Plaintiff responded on October 9, 2013, submitting a memorandum of points and authorities, a brief declaration, and five exhibits opposing Defendants' motion. (Dkt. No. 171.) Defendants filed a reply and request for judicial notice on November 18, 2013. (Dkt. No. 201.)

On December 2, 2013, Plaintiff filed a motion to strike Defendants' reply brief and request for judicial notice. (Dkt. No. 202.) The motion was fully briefed. (Dkt. Nos. 216, 219.)

## DISCUSSION

### I. Defendants' Request for Judicial Notice and Plaintiff's Motion to Strike

Defendants seek judicial notice of three documents: (1) the United States District Court, District of Arizona opinion in Villescaz v. City of Eloy, No. CV-06-2686-PHX-FJM, 2008 U.S. Dist. LEXIS 38684 (May 1, 2008); (2) Document 16 in Case Number 11cv02909 filed with the United States District Court, Southern District of California on January 26, 2012; (3) the Civil Docket in the same case, 11cv02909. (Dkt. No. 201-1, "Request for Judicial Notice" at 2.)

Under Federal Rule of Evidence 201(b), a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); see also Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed matters of public record), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). As the documents Defendants seek judicial notice of are a federal district court opinion, a document filed with this court, and a civil docket of this court, the Court finds the exhibits properly subject to judicial notice.

Plaintiff objects to Defendants' request for judicial notice and moves to strike Defendants' reply brief in its entirety on the ground that reply briefs should be limited to the arguments made in the non-moving party's opposition. (Dkt. No. 202-1, "Motion to Strike" at 2.) Plaintiff's motion to strike further argues the merits of his claims, responding substantively to Defendants' reply brief.[4] (Dkt. No. 202-1 at 3-7.) Plaintiff concludes the motion to strike reiterating previously raised arguments that he lacks evidence to support his opposition to Defendants' MSJ because Defendants have not produced sufficient discovery. (Dkt. No. 202-1 at 7-8); (see also Dkt. Nos. 148, 220) (denying Plaintiff's requests for extensions of time to respond due to lack of discovery). The Court addresses Plaintiff's arguments regarding the proper scope of reply briefs and opportunity for discovery in turn.

**A. Scope of Reply Briefs**

Defendants' reply brief filed in support of summary judgment raises new legal arguments, (Dkt. No. 201 at 3-5) (arguing Plaintiff lacks standing to bring Cause of Action III against Defendants), and seeks to introduce new evidence via a request for judicial notice, (Dkt. No. 201-1). Plaintiff objects that reply briefs should "address only the issues or facts raised in the non-moving party's opposition papers and restate why the Court should grant their motion." (Dkt. No. 202-1 at 2.); see also (Dkt. No. 219 at 2-3) (citing Rutter's Practice Guide, Federal Civil Procedure Before Trial (National Edition), § 12.107 (2009), and Lujan v. National Wildlife Federation, 497 U.S. 871 (1990)). Plaintiff further states that Defendants err by citing Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1192, 1202 (9th Cir. 2001), for the proposition that new arguments may be made for the first time in a reply brief. (Dkt. No. 202-1 at 2-3) (citing language from Glenn K. Jackson, Inc. in which the

---

[4]The Court notes that Plaintiff did not seek leave to file a sur-reply. Although courts may, in their discretion, allow the filing of a sur-reply, see Johnson v. Wennes, No. 08cv1798-L(JMA), 2009 WL 1161620 at *2 (April 28, 2009) (citing Hill v. England, 2005 WL 3031136 at *1 (E.D. Cal. Nov. 8, 2005), the Court did grant permission here.

court discussed arguments raised by movant in its moving papers rather than in a reply brief).

The Court first notes that Plaintiff correctly asserts that raising new arguments in a reply brief is disfavored, and district courts "need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citing Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir. 2003)). However, particularly when considering a motion for summary judgment, district courts have broad discretion to consider arguments first raised in a reply brief. Lane v. Dept. of Interior, 523 F.3d 1128, 1140 (9th Cir. 2008) (citing Glenn K. Jackson, Inc., 273 F.3d at 1201-02)). Plaintiff's reading of Glenn K. Jackson, Inc. to the contrary is flawed. (Dkt. No. 202-1 at 2-3, n. 1) (quoting Glenn K. Jackson, Inc., 273 F.3d at 1203, discussing defendants' arguments raised in moving papers in regard to the plaintiff's unfair business practices claim) The relevant portion of Glenn K. Jackson, Inc. holds that the district court had discretion to consider "the § 47(c) [privileged communications] issue even if it was raised in a reply brief." 273 F.3d at 1202 (discussing a different argument from the section quoted by Plaintiff).

When presented with new arguments not made in an appellant's opening brief, the U.S. Court of Appeals for the Ninth Circuit will review the issue: (1) "for good cause shown"; (2) when it is raised in the opponent's brief; or (3) if failure to raise the issue properly did not prejudice the opposing party. Koerner v. Grigas, 328 F.3d 1039, 1048-49 (9th Cir. 2003). In the present case, as discussed above, Plaintiff has used his Motion to Strike to respond substantively to Defendants' new arguments without leave from the Court to submit a sur-reply. (Dkt. No. 202-1.) In addition, Plaintiff submits a declaration in support of his Motion to Strike that introduces evidence responding to the documents raised in Defendants' initial motion for summary judgment, Defendants' reply, and Defendants' request for judicial notice. (Dkt. No. 202-2.) Accordingly, the Court finds that Plaintiff has had an opportunity to respond to Defendants' new arguments and evidence such that

consideration of the arguments and evidence would not prejudice Plaintiff. The Court therefore rejects Plaintiff's argument that Defendants' reply brief and request for judicial notice improperly raise new arguments and facts, and declines to grant Plaintiff's Motion to Strike Defendants' reply brief and request for judicial notice on this ground.

### B. Opportunity for Discovery

In addition, Plaintiff's Motion to Strike argues that the Court should strike Defendants' reply brief on the ground that Plaintiff has not received adequate discovery from Defendants. (Dkt. No. 202-1 at 7-8.) Plaintiff argues summary judgment should not be granted absent an opportunity for Plaintiff to obtain relevant discovery. (Id.) (quoting Fed. R. Civ. P. 56(d)). The Court first notes that this argument addresses the underlying motion for summary judgment, and is not properly raised on a motion to strike Defendants' reply brief. In addition, the Court reminds Plaintiff that under Federal Rule of Civil Procedure 56(d),[5] a party opposing a motion for summary judgment may request additional time to respond to the motion if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). A party requesting such a continuance must "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and Cty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff has failed to submit a file a proper Rule 56(d) motion meeting these requirements and may not now strike Defendants' reply brief or object to Defendants' motion for summary judgment on the ground that Plaintiff lacks sufficient discovery. Lane v. Dep't of Interior, 523 F.3d 1128, 1140 (plaintiff "cannot complain of missed discovery opportunities in light of her failure to file a

---

[5]Prior to 2010, Rule 56(d) was numbered as Rule 56(f). See Advisory Committee notes to 2010 Amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).")

Rule [56(d)] motion.")

Accordingly, the Court DENIES Plaintiff's Motion to Strike Defendants' Reply Brief and Request for Judicial Notice, (Dkt. No. 202), and GRANTS Defendants' Request for Judicial Notice, (Dkt. No. 201-1).

**II. Defendants' Motion for Summary Judgment**

    **A. Legal Standard**

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322-23.

If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 252 ("The mere

existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (internal quotations omitted).

"The district court may limit its review to the documents submitted for purpose of summary judgment and those parts of the record specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court need not "scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)). Furthermore, when an opposing party fails to respond to a fact asserted in a motion for summary judgment, the district court may deem the fact "undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e); see also Beard v. Banks, 548 U.S. 521, 527 (2006); Heinemann v. Satterberg, 731 F.3d 914 (9th Cir. 2013).

On summary judgment, the Court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); see Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587.

**B. Analysis**

Defendants County of San Diego and Peter Myers move for summary judgment on the following causes of action in the Third Amended Complaint as alleged against Peter Myers, San Diego County Sheriff's Department ("SDSD") as a County agency, and the Office of Assigned Counsel ("OAC") as a County agency: (1) Plaintiff's third cause of action for § 1983 liability for Myers' destruction of and

refusal to mail legal documents; (2) Plaintiff's fifth cause of action for emotional distress; (3) Plaintiff's sixth through ninth causes of action for negligent hiring, training, supervision, and retention of County Deputy Sheriffs; (4) Plaintiff's tenth cause of action for ineffective assistance of counsel; and (5) Plaintiff's eleventh cause of action for interference with Plaintiff's access to the courts. (Dkt. No. 161.) Defendants bear the burden of either presenting evidence that negates an essential element of Plaintiff's case, or demonstrating that Plaintiff failed to make a showing sufficient to establish an essential element on which Plaintiff will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court finds that Defendants have met this burden and GRANTS Defendants' motion for summary judgment.

### i. Cause of Action III: Interference with Legal Mail

Plaintiff's third cause of action seeks to hold SDSD and Peter Myers liable under U.S.C. § 1983 for "violation of constitutional civil rights - interference with legal mail in violation of the 1st, 4th, and 14th Amendments." (TAC at 16.) Defendants move for summary judgment on Plaintiff's third cause of action, arguing: (1) Plaintiff has not exhausted administrative remedies by following the prison's grievance procedures as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), (Dkt. No. 161-1 at 5-8); and (2) Plaintiff lacks standing because he suffered no actual injury, (Dkt. No. 201 at 3-5).

The Court rejects Defendants' initial argument regarding Plaintiff's failure to exhaust administrative remedies. As Defendants admit in their reply brief, the exhaustion requirement of the PLRA applies only to current inmates filing suit for prison conditions. (Dkt. No. 201 at 1) (citing Talamantes v. Leyva, 575 F.3d 1021 (9th Cir. 2009)). The Court declines Defendants' invitation to contravene U.S. Court of Appeals for the Ninth Circuit precedent in extending the PLRA's requirements to non-prisoners. See Talamantes, 575 F.3d at 1023 ("only those individuals who are prisoners . . . at the time they file suit must comply with the

exhaustion requirements of [the PLRA].").

However, the Court finds that Defendants have met their burden of presenting evidence to show that Plaintiff cannot demonstrate injury-in-fact required for Article III standing to bring his third cause of action. (Dkt. No. 201 at 3-5.) In particular, Defendants demonstrate that during the time period complained of, Plaintiff successfully filed two documents in federal court, (Dkt. No. 201-1, "RJN," Ex. C at 3) (noting as Docket Numbers 11 and 12 a First Amended Petition for Writ of Habeas Corpus docketed on 1/09/2012, nunc pro tunc to 1/3/2012, and a Motion to Shorten Time docketed on January 9, 2012), and twice attempted to file an additional legal document that was rejected by the court for lack of compliance with local rules, (RJN, Ex. C at 3) (noting as Docket Numbers 15 and 12 Plaintiff's unsuccessful attempts to file the denial of his state habeas corpus petition on 1/17/2012 (discrepancy docketed 1/19/2012) and on 1/18/2012 (discrepancy docketed 1/26/2012)). Defendants argue that on summary judgment, Plaintiff has failed to "set forth by affidavit or other evidence specific facts" to support Article III standing. (Dkt. No. 201 at 5) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (internal quotation marks omitted).

The Court agrees. At the summary judgment phase, Plaintiff must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (internal quotations omitted). Although Plaintiff objects again to a lack of discovery produced by Defendants, as stated above, Plaintiff has not submitted a proper Rule 56(d) motion identifying the facts further discovery would reveal.[6] See Tatum v.

---

[6] Although Plaintiff is proceeding pro se, Plaintiff shows awareness of the Fed. R. Civ. P. 56(d) requirements by quoting the rule in full in his motion to strike Defendants' reply brief and request for judicial notice. (Dkt. No. 202-1 at 7.) Furthermore, the Court has explained this requirement to Defendant in previous Orders. (Dkt. Nos. 148, 220.)

City and Cty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). Furthermore, Plaintiff has failed to support his claims of injury by his own affidavit or other specific evidence. To this date, the Court has not received any evidence[7] regarding the content of the legal documents allegedly destroyed by Defendant Myers. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's third cause of action for destruction of legal documents.

### ii. Cause of Action V: Intentional Infliction of Emotional Distress

Defendants next move for summary judgment on Plaintiff's fifth cause of action alleging intentional infliction of emotional distress against SDSD and Peter Myers. (Compl. at 20.) Defendants make the following arguments in favor of summary judgment: (1) Defendant County is statutorily immune from liability for emotional distress claims suffered by a prisoner under Cal. Govt. Code § 844.6(a)(2); (2) Plaintiff may not hold Defendant Myers liable in tort because Plaintiff failed to comply with the California Tort Claim Act (CTCA), Cal. Gov. Code § 815(a), requirements of filing a mandatory government tort claim prior to bringing a lawsuit against a public entity or its employers; and (3) Plaintiff fails to allege facts sufficient to sustain an intentional infliction of emotional distress action against Defendant Myers. (Dkt. No. 161-1 at 9-12.)

In opposition, Plaintiff argues that (1) section 844.6(a)(2) exempts suits against public employees; (2) Plaintiff attempted to meet the CTCA requirements by both email and mail;[8] and (3) whether Defendant Myers' actions meet the

---

[7]The only indication the Court has received regarding the content of the legal papers is Plaintiff's argument in opposition that the legal papers were "the very habeas corpus papers Plaintiff sought to file to get out of custody." (Dkt. No. 171 at 3-4.) Plaintiff provides no evidence, via affidavit or otherwise, attesting to the content of the papers allegedly destroyed. In addition, the Court notes that this argument appears to be directly contradicted by Defendants' submitted evidence, which indicates that Plaintiff filed an amended habeas corpus petition as well as a copy of his state habeas corpus denials while in SDSD custody. (RJN, Ex. C.)

[8]The Court notes that although Plaintiff includes arguments regarding tolling of the CTCA statute of limitations as his third numbered point, the Court omits the arguments here as moot because the Court declines to grant Defendants' Motion for Summary Judgment on CTCA grounds.

requirements for intentional infliction of emotional distress is a question of fact, not law. (Dkt. No. 171 at 4-6.)

The Court finds that although contested issues of material fact preclude summary judgment on Plaintiff's emotional distress claims based on Defendants' CTCA argument, the Court GRANTS Defendants' motion for summary judgment based on Defendant County's immunity from tort liability and Plaintiff's failure to support his allegations of emotional distress against Defendant Myers with sufficient evidence. First, to support their claim that Plaintiff has failed to file a mandatory government tort claim, Defendants filed the declaration of County of San Diego Office of County Counsel Claims Representative Louise Edler. Edler declares that she has not received any claim forms or correspondence constituting a claim from Plaintiff. (Dkt. No. 161-2 ¶ 4.) Edler further states that, upon review of the Claim Division's electronic database and related hard copy files, she did not find any record of any claim from Plaintiff. (Id. ¶ 5.) In opposition, Plaintiff submits a copy of his completed government tort claim form and states that he mailed the form on June 20, 2012 to County of San Diego Office of County Counsel. (Dkt. No. 171, Ex. 4.) On this showing, the Court finds that Plaintiff has met his burden of designating specific facts showing there is a genuine issue for trial on the question of whether Plaintiff met the mandatory government tort claim requirements prior to bringing suit and declines to grant summary judgment on this ground. See Celotex, 477 U.S. at 324.

However, the Court finds Defendants have met their burden of establishing the absence of a genuine issue of material fact in regard to Defendant County's immunity from tort liability and Plaintiff's failure to support his allegations of emotional distress with sufficient evidence to withstand summary judgment. As set forth in Defendants' motion for summary judgment, Defendant County is statutorily immune from liability for injuries to prisoners. Cal Gov't Code § 844.6. Although the statute exempts public employees, the statute precludes Plaintiff's claim against

Defendant County of San Diego. Plaintiff fails to rebut this claim. (Dkt. No. 171 at 4) (claiming only that public employees are exempt from Cal. Gov't Code § 844.6.) Accordingly, the Court GRANTS Defendants' motion for summary judgment on Plaintiff's emotional distress claim against Defendant County of San Diego.

In regard to Defendant Peter Myer, in his individual capacity, Defendants argue that Plaintiff has failed to support his allegations of emotional distress with sufficient facts and evidence. (Dkt. No. 161-1 at 11-12.) Defendants argue that Plaintiff bases his emotional distress claims against Defendant Myer solely on the alleged January 5, 2012 incident in which Plaintiff alleges Defendant Myers crumpled and disposed of a document. (Id. at 12.) Defendants argue that Myers' actions, even taken as true, fail to make a prima facie showing of intentional infliction of emotional distress. (Id.) Plaintiff responds that this determination is a matter of fact, now law. (Dkt. No. 171 at 6.)

In California, a claim for intentional infliction of emotional distress requires the following: (1) extreme and outrageous conduct by the defendant; (2) with the intention of causing, or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. See Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991); see also Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996). Conduct, to be outrageous, must be so extreme as to exceed all bounds of that usually tolerated in a civilized society. Schneider v. TRW, Inc., 938 F.2d 986, 992 (9th Cir. 1991) (affirming summary judgment noting that incidents in which supervisor screamed and made threatening gestures while criticizing employee, did not amount to outrageous conduct, though rude and insensitive). Summary judgment is proper if an intentional infliction of emotional distress claim cannot "reasonably be regarded as so extreme and outrageous as to permit recovery." See Schneider, 938 F.2d at 992 (quoting Trerice v. Blue Cross of California, 209 Cal. App. 3d 878, 883 (1989)

(citations omitted)). "Liability 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" Molko v. Holy Spirit Ass'n, 46 Cal. 3d 1092, 1122 (1988). "The conduct must be of a nature that is especially calculated to cause mental distress of a very serious kind." Ess v. Eskaton Properties, 97 Cal. App. 4th 120, 130 (2002).

The Court finds that Defendants have met their burden on summary judgment of demonstrating that Plaintiff has failed to make a showing sufficient to establish that Defendant Myers' conduct was sufficiently extreme or outrageous to hold him liable for intentional infliction of emotional distress. Celotex, 477 U.S. at 324. Although, as described by Plaintiff, Defendant Myers' actions of crumpling Plaintiff's legal documents and throwing them in the garbage may have been perceived by Plaintiff as "rude, violent, and threatening," (Dkt. No. 171 at 6), Plaintiff offers no evidence or allegations that Defendant Myers' conduct was calculated to cause mental distress or rose above the level of mere insults, indignities, or threats. Molko, 46 Cal. 3d at 1122.  At this stage of the litigation, Plaintiff bears the burden of going beyond the pleadings to show by affidavit, deposition, or other evidence that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Plaintiff has not done so.[9] On the undisputed facts, the Court finds that Plaintiff has introduced no evidence to support a prima facie case for intentional infliction of emotional distress and GRANTS Defendants' motion for summary judgment on Plaintiff's fifth cause of action against Defendant Myers.

### iii. Cause of Action VI-IX: Gross Negligence

Defendants further move for summary judgment on Plaintiff's sixth through

---

[9]The Court notes Plaintiff's repeated claim that he has not received discovery from Defendants because they have not produced videotape footage of the incident in question, that Plaintiff "know[s] from personal first hand knowledge" that footage exists. (Dkt. No. 202-2 at ¶¶ 12-15.) The parties dispute whether such evidence exists. (See Dkt. No. 154, "Motion to Compel," at 9-10.) Regardless of the parties' claims regarding the existence of video footage, Plaintiff does not produce any other evidence to support his emotional distress claim - whether by his own declaration, declarations of eyewitnesses, or otherwise to show that any factual disputes exist.

ninth causes of action for Defendant County liability for SDSD's alleged negligent hiring, training, supervision, and retention of Deputy Sheriffs. (Dkt. No. 161-1.) Defendants argue Plaintiff may not bring his claims under a negligence theory because the County is absolutely immune from tort liability. (Dkt. No. 161-1 at 12-13.) Defendants further argue that if Plaintiff's claims are construed as a section 1983 claim, Plaintiff may not hold Defendant County liable absent a direct constitutional violation. (Id. at 13.) In opposition, Plaintiff states intention to bring the gross negligence claims under section 1983 and argues that Defendant County's gross negligence amounts to a "deliberate indifference" to Defendant Myers' destruction of legal papers in violation of constitutionally protected First Amendment rights. (Dkt. No. 171 at 7.)

Under established law, there is no respondeat superior liability under 42 U.S.C. § 1983. Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 692 (1978). Instead, a government entity can only be held liable under section 1983, if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). In order to establish liability for governmental entities under Monell, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).

The Court finds that Plaintiff has offered no evidence showing a genuine

issue for trial on the question of whether Defendant County had or has a policy that amounts to deliberate indifference of Plaintiff's constitutional rights. In fact, Plaintiff appears to concede the lack of evidence supporting Plaintiff's <u>Monell</u> causes of action against Defendant County. (Dkt. No. 171 at 9) ("COUNTY'S grossly negligent hiring, training, supervision, and retention of MYERS may not be crystal clear before his [sic] discovery has been completed, but it can certainly be inferred at this stage of the litigation, and is a question of fact for a jury to decide.") Although Plaintiff again states that he lacks discovery to support this claim, Plaintiff has not identified the specific facts he believes further discovery would reveal, nor explained why those facts would preclude summary judgment. <u>See</u> Fed. R. Civ. P. 56(d); <u>Tatum v. City and Cty. of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006). In the absence of any evidence supporting Plaintiff's claim of a deliberately indifferent County of San Diego policy or practice, the Court GRANTS Defendants' motion for summary judgment on Plaintiff's sixth through ninth causes of action alleging grossly negligent hiring, training, and retention of peace officers against San Diego County.

### iv. Cause of Action X: Ineffective Assistance of Counsel

Plaintiff brings one cause of action against the Office of Assigned Counsel (OAC) as a Defendant County of San Diego agency, for ineffective assistance of counsel. (TAC ¶¶ 119-124.) Plaintiff seeks declaratory relief, asking this Court to declare the representation of the Office of Assigned Counsel ineffective. (TAC ¶ 123.) Plaintiff also seeks an injunction prohibiting future deficient performance and affirmatively ordering the Office of Assigned Counsel to provide effective assistance of counsel. (TAC ¶ 124.)

Defendants move for summary judgment on Plaintiff's Ineffective Assistance of Counsel claim on the ground that OAC merely operates as a referral service, so it is the courts and not OAC that appoints counsel for indigent defendants. (Dkt. No. 161-1 at 14-15.) Defendants argue once a private attorney is appointed to a

defendant's case, the attorney "has the sole authority and duty to handle it." (Id. at 15) (citing People v. Logan, 137 Cal. App. 2d 331, 335 (1955); People v. Chasco, 276 Cal. App. 2d 271, 274 (1969)). Defendants further argue OAC is immune to civil liability for the decision to provide a defendant with professional services as a purely discretionary policy decision. (Id. at 15) (citing Cal. Gov. Code § 820.2; Barner v. Leeds, 24 Cal. 4th 676 (2000)). Plaintiff opposes, again detailing OAC attorney William Kiernan's[10] allegedly deficient ineffective assistance during Plaintiff's trial for civil contempt of court. (Dkt. No. 171 at 11-17.) Plaintiff argues the "question presented in COA X is one of effective representation of counsel, not who appointed the ineffective lawyer." (Id. at 11.)

The Court finds that no disputes as to material facts exist on Plaintiff's Ineffective Assistance of Counsel cause of action. Neither party disputes either Plaintiff's description of Kiernan's conduct or Defendants' characterization of OAC's role in assigning but not appointing attorneys to represent indigent defendants. On the undisputed facts, the Court finds that even if Kiernan represented Plaintiff ineffectively, Plaintiff has failed to make a showing sufficient to establish that OAC, as a County agency, can be held liable for Kiernan's conduct. Specifically, Plaintiff has failed to: rebut Defendants' argument that OAC is immune to liability under California Government Code section 820.2; demonstrate OAC action that would subject OAC to direct liability; or demonstrate that OAC is vicariously liable for Kiernan's conduct. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to Defendant County's liability for Plaintiff's "Ineffective Assistance of Counsel" cause of action.

//

//

//

---

[10]Defendant William Kiernan was dismissed from the above-captioned matter, with prejudice, on December 16, 2013. (Dkt. No. 2010.)

### v. Cause of Action XI: Access to the Courts

Plaintiff's eleventh cause of action, in part,[11] seeks declaratory and injunctive relief against SDSD as a County agency for "denying inmates the right of a legitimate law library that has the resources to competently defend against criminal charges and civil contempt charges, as well as access to the courts." (Dkt. No. 64, TAC ¶ 125.) Defendants move to dismiss Plaintiff's library access claim on the ground that Plaintiff lacks standing to assert the claim. (Dkt. No. 161-1 at 16.) Defendants argue the status of the County jail's library did not "unconstitutionally deprive Plaintiff of access to the courts, nor hinder his ability to defend his contempt case" because Plaintiff had counsel and was able to successfully file legal documents during his incarceration. (Id.) Plaintiff opposes, arguing he had the assistance of legal counsel only during his underlying criminal case, not during the period of incarceration in which he was denied access to the law library. (Dkt. No. 171 at 17-18.) Plaintiff submits a declaration in support of his motion to strike that details Plaintiff's law library allegations. (Dkt. No. 202-2 at 2.)

The Court finds that even if the County jail law library contained all of the deficiencies Plaintiff alleges, Plaintiff lacks standing to assert a claim against County for the jail's deficient law library. Plaintiffs seeking declaratory or injunctive relief must allege a likelihood of "substantial and immediate irreparable injury" as required for Article III standing. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). On the undisputed facts stated in Plaintiff's declaration, Plaintiff has failed to allege such a likelihood. See Lyons, 461 U.S. at 111 (1983). In Lyons, the United States Supreme Court found that the plaintiff, Lyons, lacked standing to seek declaratory and injunctive relief because he could not demonstrate a substantial "likelihood that he would again be wronged in a similar way." Id. at 111. Although

---

[11]Plaintiff's eleventh cause of action also seeks declaratory and injunctive relief against SDSD for denying PC 4019 custody credits. This claim is not addressed by Defendants' present motion for summary judgment.

Lyons alleged a pattern and practice of police use of the chokehold, the Supreme Court held that "Lyons' standing to seek the injunction and declaration requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers." Id. at 105. Similarly here, although Plaintiff alleges past injuries from Defendants' alleged deficient law library, (Dkt. No. 202-2 ¶¶ 4-6), Plaintiff fails to demonstrate likelihood that Plaintiff will again require the use of the County Jail law library. Plaintiff's alleged injury therefore fails to meet the Article III standing requirements for injunctive or declaratory relief.

In addition, this Court lacks jurisdiction to redress the injury alleged by Plaintiff's eleventh cause of action. In order to demonstrate redressability, a plaintiff must show that plaintiff "personally would benefit in a tangible way from the court's intervention." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 n.5 (1998) (citing Warth v. Seldin, 422 U.S. 490, 508 (1975)). "The inquiry focuses, as it should, on whether the *injury* that a plaintiff alleges is likely to be redressed through the litigation." Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269 (2008) (emphasis in original). As stated above, Plaintiff's law library cause of action seeks declaratory and injunctive relief regarding the County's deficient law library. (Complaint ¶ 125.) The Court finds that neither the declaration nor injunction sought, even if granted, would remedy Plaintiff's alleged injury. Because the relief Plaintiff seeks would not tangibly benefit plaintiff or redress the specific injury alleged, Plaintiff lacks standing to seek declaratory or injunctive relief against SDSD as a San Diego County agency for denying inmates access to a law library. Accordingly, the Court GRANTS Defendants' motion to grant summary judgment on the law library portion of Plaintiff's eleventh cause of action.

## CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1. **GRANTS** Defendants' Request for Judicial Notice, (Dkt. No. 201).

2. **DENIES** Plaintiff's Motion to Strike Defendants' Reply Brief and Request

for Judicial Notice, (Dkt. No. 202).

3. **GRANTS** Defendants Peter Myers' and County of San Diego's Motion for Summary Judgment, (Dkt. No. 123), on all causes of action alleged against Peter Myers in Plaintiff's Third Amended Complaint.

4. **GRANTS** Defendants Peter Myers' and County of San Diego's Motion for Summary Judgment, (Dkt. No. 123), on the following causes of action alleged against the San Diego Sheriff's Department as a County of San Diego agency: (a) third cause of action for interference with legal mail; (b) fifth cause of action for emotional distress; (c) sixth, seventh, eighth, and ninth causes of action for negligent hiring, training, supervision, and retention of peace officers; (d) tenth cause of action for ineffective assistance of counsel; (e) eleventh cause of action, in part, for denial of library access.[12]

5. **VACATES** the motion hearing set for January 31, 2014 to hear both the Motion for Summary Judgment, (Dkt. No. 161), and the Motion to Strike, (Dkt. No. 202).

**IT IS SO ORDERED.**

DATED:  January 30, 2014

HON. GONZALO P. CURIEL
United States District Judge

---

[12]The following causes of action remain against Defendant County of San Diego: cause of action four as alleged against the San Diego Sheriff's Department as a County of San Diego agency; cause of action eleven, in part, as alleged against the San Diego Sheriff's Department as a County of San Diego agency; and cause of action twelve as alleged against the San Diego District Attorney's Office as a County of San Diego agency.

3:12-cv-0492-GPC-RBB