**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL HUPP,<br><br>         Plaintiff,<br><br>vs.<br><br><br><br>SAN DIEGO COUNTY, et al.<br><br>         Defendants. | CASE NO. 12cv0492-GPC-RBB<br><br>**ORDER:**<br><br>**1. DENYING PLAINTIFF'S MOTION TO STRIKE EXPERT WITNESS CHRISTOPHER J. ELLIS**<br><br>[Dkt. No. 198]<br><br>**2. GRANTING PLAINTIFF'S MOTION TO STRIKE "EXHIBIT 2" TO THE DECLARATION OF RAYMOND WETZEL IN SUPPORT OF DEFENDANTS CITY OF SAN DIEGO AND RAYMOND WETZEL'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. No. 211]<br><br>**3. VACATING MOTION HEARING** |

   Before the Court are two motions to strike filed by Plaintiff Paul Huff ("Plaintiff"). Plaintiff seeks to strike an expert report and evidence put forth by Defendant City of San Diego ("Defendant") and Defendant Raymond Wetzel (collectively, "Defendants"). (Dkt. Nos. 198, 211.) Pursuant to Local Civil Rule 7.1(d)(1), the Court find the motions suitable for adjudication without oral argument.

- 1 -

For the reasons set forth below, the Court **DENIES** Plaintiff's motion to strike Defendant City of San Diego's expert witness Christopher J. Ellis, (Dkt. No. 198), and **GRANTS** Plaintiff's motion to strike "Exhibit 2" to the Declaration of Raymond Wetzel submitted in support of Defendants City of San Diego and Raymond Wetzel's Motion for Summary Judgment, (Dkt. No. 211).

## BACKGROUND

**I. Motion to Strike Expert Report**

On October 16, 2013, Plaintiff Paul Hupp ("Plaintiff") filed an ex parte motion to strike City of San Diego Expert Witness Christopher Ellis from testifying at trial. (Dkt. No. 175.) Plaintiff seeks exclusion of Ellis' testimony as a discovery sanction for Defendant's failure to provide timely expert testimony disclosures in accordance with Federal Rule of Civil Procedure 26(a). (Dkt. Nos. 175, 198.) On October 31, 2013, the Court denied without prejudice Plaintiff's ex parte motion on the ground that Plaintiff failed to offer evidentiary support for his motion and failed to file a copy of the report for the Court's review. (Dkt. No. 190.) The Court directed Plaintiff to contact the Court to schedule a hearing date to allow full briefing, in compliance with the Civil Local Rules, should Plaintiff seek to file a renewed motion to strike. (Id.) On November 13, 2013, the Court docketed Plaintiff's renewed motion to strike expert witness Christopher Ellis nunc pro tunc to November 8, 2013. The parties have fully briefed the motion. (Dkt. Nos. 217, 218.)

**II. Motion to Strike Exhibit 2 to the Declaration of Raymond Wetzel**

On December 6, 2013, Defendant City of San Diego and Defendant Raymond Wetzel filed a motion for summary judgment as to Plaintiff's Third Amended Complaint. (Dkt. No. 204.) In support of the motion, Defendants submitted a declaration executed by Defendant Wetzel on December 4, 2013, attaching three exhibits. (Dkt. No. 204-5.) Wetzel authenticates as "Exhibit 2" to his declaration "a petition written by Plaintiff in June 2010 to the United States Court of Appeal for

the Ninth Circuit." (Id. at 4.) On December 13, 2013, Plaintiff filed a motion to strike "Exhibit 2" to the Declaration of Raymond Wetzel. (Dkt. No. 211.) Defendants have not filed an opposition to Plaintiff's motion.

## DISCUSSION

### I. Motion to Strike Expert Report

Plaintiff seeks to strike the expert report and testimony of Christopher Ellis ("Ellis") for Defendant's alleged failure to comply with Fed. R. Civ. P. 26. (Dkt. No. 198-1.) Plaintiff argues Defendant City of San Diego has failed to comply with procedural rules regarding the disclosure of expert testimony. First, Plaintiff argues Defendant failed to give a complete statement of all opinions Ellis will express and the basis for the opinions as required under Rule 26(a)(2)(B)(I). (Id. at 2.) Plaintiff argues Ellis' expert statement is conclusory, and that he has failed to provide factual support for his expert opinion. (Id.) Second, Plaintiff argues Defendant failed to provide a list of all other cases in which Ellis has testified as required under Rule 26(a)(2)(B)(v). (Id.) Finally, Plaintiff argues Defendant failed to provide a statement of the compensation to be paid under Rule 26(a)(2)(B)(vi), and that the "consultant fee" Ellis has provided in his report is insufficient. (Id.)

In opposition, Defendant responds that Ellis was properly disclosed as an expert witness and that Ellis' report complied with the Rule 26(a)(2)(B) requirements of providing: (i) the basis of and reasons for Ellis' opinions; (ii) the documents Ellis reviewed in forming his opinions; (iii) an extensive list of Ellis' qualifications; and (iv) Ellis' fee schedule. (Dkt. No. 217 at 2) (quoting Fed. R. Civ. P. 26(a)(2)(B)). Defendant concedes neglecting to disclose a list of cases in which Ellis has testified as an expert in the past four years, Fed. R. Civ. P. 26(a)(2)(B)(v), explaining that the failure was inadvertent. (Id. at 2.) Defendant has now filed a list of two cases in which Ellis has testified as an expert in the past four years as part of the Declaration of Christopher J. Ellis in support of Defendant's opposition to Plaintiff's motion to strike Ellis' expert report. (Dkt. No. 217-1.) Defendant further

claims the initial failure to disclose this information was harmless; that Plaintiff failed to meet and confer in good faith as required by Federal Rule of Civil Procedure 37; and that Plaintiff should have filed a motion to compel the disclosure rather than a motion to strike the expert report in its entirety. (Id. at 3.)

Pursuant to Fed. Civ. R. P. 37(c) this Court has discretion to exclude evidence that is not submitted in accordance with Rule 26(a). The rule states in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Courts have upheld the use of Rule 37(c) sanctions even when the sanction precludes a litigant's entire cause of action or defense. Ortiz-Lopez v. Sociedad Espanola de Auxilio Muto Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001) (although the exclusion of an expert prevented plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule 37(c)(1)).

However, the U.S. Court of Appeals for the Ninth Circuit has recognized that "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)). The Court finds that all three disclosure failures complained of by Plaintiff fall under the "harmless" exception to Rule 37(c) sanctions. First, upon review of Ellis' expert statement, the Court disagrees with Plaintiff's contention that Ellis failed to provide any factual support for his expert opinion. Ellis' report explains his expertise, lists the sources of information relied on, details a lengthy summary of events considered, and reviews applicable law and policies before stating Ellis' opinion. (Dkt. No. 217-2, Ex. 1.) The Court finds that Defendant has met the Rule 26(a)(2)(B)(i) requirement of providing the basis of and reasons for

Ellis' opinions. Plaintiff provides no legal support for his claims to the contrary. (Dkt. No. 198-1 at 2.)

Second, the Court finds that Defendant's failure to provide a list of cases in which Ellis has testified in the past four years did not prejudice Plaintiff and in any case has now been cured. Defendant has therefore met its burden of showing that the failure to disclose was harmless. See Yeti by Molly, Ltd., 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Plaintiff has not offered any argument or evidence to support a finding that he has been harmed by Defendant's inadvertent failure to disclose.

Last, Plaintiff argues Defendant failed initially to provide a statement of the compensation to be paid to Ellis, (Dkt. No. 198-1 at 2), and that this defect has not been cured, (Dkt. No. 218 at 3). The Court disagrees. Defendant provided a detailed "fee schedule" with Defendant's initial disclosure of Ellis' expert report. The fee schedule states Ellis' charges for court appearances, depositions, meetings, research, written reports, document/tape review, and travel expenses. (Dkt. No. 217-2, Ex. 1 at 3.) The Court finds that Defendant's provided fee schedule meets the Rule 26(a)(2)(B)(vi) expert testimony disclosure requirement of providing "a statement of the compensation to be paid for the study and testimony in the case." Should Plaintiff desire more specificity, Plaintiff may meet and confer with Defendant or file a motion to compel additional disclosure. The Court declines to sanction Defendant by striking the report in its entirety based on failure to meet Rule 26(a)(2)(B) requirements. Accordingly, the Court DENIES Plaintiff's motion to strike the expert report of Christopher J. Ellis.

**II. Motion to Strike Exhibit 2 to the Declaration of Raymond Wetzel**

In addition, Plaintiff has filed a motion to strike "Exhibit 2" to the Declaration of Raymond Wetzel, filed in support of Defendants' motion for summary judgment, (Dkt. No. 204-5). (Dkt. No. 211.) Plaintiff argues that the exhibit is not relevant to any cause of action or defense in the above-captioned

matter. Defendants have not filed an opposition. Upon review of the Exhibit, the Court finds the content irrelevant to Defendants' motion for summary judgment. Accordingly, the Court GRANTS Plaintiff's motion to strike "Exhibit 2" of the Declaration of Raymond Wetzel, (Dkt. No. 204-5), submitted in support of Defendants' motion for summary judgment. See Civ. L. R. 7.1(f)(3)(c) (stating that failure to oppose a motion "may constitute a consent to the granting of a motion or other request for ruling by the court").

## CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby:

1. **DENIES** Plaintiff's motion to strike the expert testimony of Christopher J. Ellis, (Dkt. No. 198); and

2. **GRANTS** Plaintiff's motion to strike "Exhibit 2" to the Declaration of Raymond Wetzel, submitted in support of Defendants City of San Diego and Raymond Wetzel's Motion for Summary Judgment, (Dkt. No. 204-5). (Dkt. No. 211.)

3. The motion hearing set to hear both motions for January 31, 2014 at 1:30 p.m. is hereby VACATED.

**IT IS SO ORDERED.**

DATED:  January 30, 2014

HON. GONZALO P. CURIEL
United States District Judge