# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY; CITY OF SAN DIEGO; CITY OF BEAUMONT; JAMES PATRICK ROMO; RAYMOND WETZEL, A/K/A "CHARLIE" WETZEL; WILLIA J. KIERNAN; PETER MYERS; JOSEPH CARGEL; ROES 1-10, Individually, Jointly, Jointly and Severally,<br><br>    Defendants. | CASE NO.12-CV-0492-GPC(RBB)<br><br>**ORDER GRANTING DEFENDANT COUNTY OF SAN DIEGO'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Dkt. No. 127.] |

Before the Court is Defendant County of San Diego's ("Defendant") Motion for Judgment on the Pleadings. (Dkt. No. 127.) Plaintiff Paul Hupp ("Plaintiff") opposes. (Dkt. No. 145.) Defendant replied. (Dkt. No. 149.) Plaintiff has also submitted two requests for judicial notice providing supplementary authority. (Dkt. Nos. 164, 232.) The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court **GRANTS** Defendant's motion for judgment on the pleadings with respect to Plaintiff's fourth claim for relief.

## FACTUAL BACKGROUND

On November 15, 2010, the San Diego County Superior Court entered a three year restraining order against Plaintiff, ordering him not to contact or harass Administrative Law Judge Freedman ("ALJ Freedman"). (Dkt. No. 64, "TAC" ¶ 26.) On July 20, 2011, ALJ Freedman applied for contempt of court charges against Plaintiff based on accusations that Plaintiff sent ALJ Freedman four letters in violation of the restraining order. (TAC ¶ 27.)

Judge John Meyer ("Judge Meyer") presided over the contempt proceedings. (TAC ¶ 32.) On November 16, 2011, Judge Meyer found Plaintiff guilty of violating the restraining order beyond a reasonable doubt and sentenced Plaintiff to 25 days in custody and a $5,000 fine. (TAC ¶ 32.) Judge Meyer's order stated: "Respondent is not entitled to any custody credits and shall serve all 25 days with no early release, per Court." (Id.)

On January 3, 2011, Plaintiff reported to the San Diego County Sheriff's Department ("SDSD" or "Defendant") to serve his 25 day sentence. (TAC ¶ 37.) Plaintiff alleges informing SDSD that they had to apply his custodial credits under California Penal Code section 4019 ("PC 4019 credits"). (Id.) Plaintiff alleges section 4019 entitled Plaintiff to "good time custody credits of one day for every one day of actual time served." (TAC ¶ 32.) However, SDSD refused to apply the credits, citing Judge Meyer's order. (TAC ¶ 37.) Plaintiff alleges Defendant's refusal to apply his custodial credits under California Penal Code § 4019 violated his Fourth and Fourteenth Amendment rights. (TAC ¶¶ 77-87, "Fourth Cause of Action.")

## PROCEDURAL BACKGROUND

On February 28, 2012, Plaintiff filed a complaint against Defendants San Diego District Attorney, San Diego County Office of Assigned Counsel, San Diego Superior Court, San Diego County Sheriff's Department, San Diego Police Department, Administrative Law Judge Jeffrey Freedman, Judge John Meyer, Deputy District Attorney James Patrick Romo, Deputy Attorney General Drcar, Charlie Wetzel,

William J. Kiernan, and P. Meyer alleging causes of action for violations of his civil rights and intentional infliction of emotional distress. (Dkt. No. 1.)

On April 2, 2012, Plaintiff filed a first amended complaint ("FAC"). (Dkt. No. 4.) After the Court dismissed part of Plaintiff's FAC (Dkt. No. 35), Plaintiff filed a second amended complaint ("SAC") against Defendants San Diego County,[1] San Diego Police Department, James Patrick Romo, Charlie Wetzel, William J. Kiernan, and Peter Myers, asserting eleven causes of action. (Dkt. No. 47.) On July 26, 2012, Plaintiff filed a motion for leave to file a third amended complaint, which the Court granted. (Dkt. Nos. 55, 61.) On August 28, 2012, Plaintiff filed his third amended complaint naming the City of San Diego as a defendant in place of Defendant San Diego Police Department and naming "Raymond Wetzel a/k/a Charlie Wetzel" in place of Defendant Charlie Wetzel. (Dkt. No. 64, Third Amended Complaint, "TAC".) Plaintiff also added a new cause of action against Defendant San Diego County and new Defendants the City of Beaumont and Joseph Cargel for violation of his First and Fourteenth Amendment rights. (Id.) Defendant County of San Diego filed an Answer to the Third Amended Complaint on September 12, 2012. (Dkt. No. 71.)

On September 5, 2012, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. (Dkt. No. 66.) On September 26, 2012, the Court denied the motion without prejudice and directed Plaintiff to serve upon counsel for Defendants a proposed amended complaint and to obtain a hearing date on a motion for leave to amend. (Dkt. No. 84.) On October 22, 2012, this case was transferred to the undersigned judge. (Dkt. No. 94.) Plaintiff filed two motions for an extension of time to file a fourth amended complaint. (Dkt. Nos. 93, 98.) On November 19, 2012, the Court granted Plaintiff's motion for extension of time to file a fourth amended complaint. (Dkt. No. 101.) Following Plaintiff's third motion for extension of time to file a fourth amended complaint, the Court denied the motion and ordered Plaintiff to file a fourth

---

[1] In both Plaintiff's Second Amended Complaint and Third Amended Complaint, allegations against Defendant San Diego County include Plaintiff's separate allegations against County agencies San Diego District Attorney's Office, San Diego Office of Assigned Counsel, and San Diego Sheriff's Department.

amended complaint within five days of the order being electronically docketed. (Dkt. No. 111.) Plaintiff failed to file a fourth amended complaint. The TAC is now the operative pleading in this matter.

On June 27, 2013, Defendant County of San Diego filed the present motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), as to Plaintiff's Fourth Cause of Action in the TAC. (Dkt. No. 127.)

## DISCUSSION

### I.  Legal Standard

Rule 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c). When deciding a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (citing Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984); Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967)). The court construes all material allegations in the light most favorable to the non-moving party. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006). Furthermore, judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

Documents attached to, incorporated by reference in, or integral to the complaint may be properly considered under Rule 12(c) without converting the motion into one for summary judgment. Rose v. Chase Manhattan Bank USA, 396 F. Supp. 2d 1116,

1119 (C.D. Cal. 2005) (citing <u>GFF Corp. v. Associated Wholesale Grocers, Inc.</u>, 130 F.3d 1381, 1384 (10th Cir. 1997)). However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. <u>Hal Roach Studios</u>, 896 F.2d at 1550 (citations omitted).

## II. Defendant's Motion for Judgment on the Pleadings

Defendant moves for judgment on the pleadings as to Plaintiff's Fourth Cause of Action for "42 U.S.C. § 1983 Liability For Violation Of Constitutional And Civil Rights-Unlawful Detention In Violation Of The Fourth And Fourteenth Amendments" against SDSD as a County of San Diego agency. (TAC ¶¶ 77-87; Dkt. No. 127.) Defendant argues Plaintiff fails to allege a plausible claim for relief because Defendant is absolutely immune from section 1983 liability in Defendant's execution of a facially valid court-ordered sentence. (Dkt. No. 127.) In opposition, Plaintiff contends that Defendant knew, or at least had notice, that the order was invalid and violated California Penal Code section 4019 by not allowing the custody credits. (Dkt. No. 145.) Construing all facts in favor of Plaintiff as the non-moving party, and for the following reasons, the Court concludes that SDSD, as a County of San Diego agency, is entitled to absolute immunity from Plaintiff's section 1983 claim because the court order was facially valid and SDSD was executing Plaintiff's sentence in accordance with the court order.

### A. Absolute Immunity

Prison officials charged with executing facially valid court orders receive absolute immunity from section 1983 liability for conduct proscribed in those orders. <u>Engebretson v. Mahoney</u>, 724 F.3d 1034, 1039 (9th Cir. 2013) (in a case of first impression, the Ninth Circuit held that prison officials receive absolute immunity from § 1983 liability when enforcing facially valid court orders). Absolute immunity applies even where a prisoner claims that the order at issue is invalid or the order is later overturned. <u>See</u> <u>Engebreston</u> (citing <u>Hamilton v. Leavy</u>, 322 F.3d 776, 782–83 (3d Cir.

2003) (explaining that, in a case against prison officials, an "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages"); Patterson v. Von Riesen, 999 F.2d 1235, 1239–41 (8th Cir. 1993) (prison wardens enjoyed absolute immunity for continuing to incarcerate prisoner pursuant to a valid court order, even though the prisoner claimed he was wrongfully convicted and his conviction was later overturned); Ravenscroft v. Casey, 139 F.2d 776, 778 (2d Cir. 1944) ("Whether [the judge's] orders were correct or erroneous he had jurisdiction to make them and they provide immunity to the jail authorities who did nothing other than perform them.")). So long as the prison official acts within his or her authority and strictly complies with the facially valid court order, the prison official is protected by the doctrine of absolute immunity. Engebretson, 724 F.3d at 1041.

In the present case, neither party disputes that Defendant SDSD acted pursuant to Judge Meyer's order when refusing to apply the PC 4019 custody credits to Plaintiff's sentence.[2] (TAC ¶ 37; Dkt. No. 127 at 5.) As stated above, Judge Meyer's order unambiguously and specifically stated: "Respondent is not entitled to any custody credits and shall serve all 25 days with no early release, per Court." (TAC ¶ 32.) The application of absolute immunity therefore turns on whether Judge Meyer's court order was facially valid.

To support a finding of facial validity, Defendant claims that court orders, unlike warrants, do not contain readily-identifiable requirements to prove their validity which alert law enforcement to their potential unlawfulness. (Dkt. No. 127-1 at 6.) Defendant argues Judge Meyer's sentencing order was not "so egregious" on its face as to "signal

---

[2] The Court notes that this point distinguishes the case for which Plaintiff has submitted two requests for judicial notice of supplemental authority, Schneider v. County of Will, 528 Fed. Appx. 590 (7th Cir. 2013) (vacating and remanding district court's order granting summary judgment); 366 Fed. Appx. 683 (7th Cir. 2010) (vacating and remanding district court's order dismissing complaint). (Dkt. Nos. 164, 232.) In Schneider, the sentencing order at issue directed the sheriff to "take [plaintiff] into custody and hold him for 20 days or 'until released by process of law.' " 528 Fed. Appx. at 592. The plaintiff in that case alleged that statutory custody credits should have applied to shorten his sentence under the terms of the judge's order and state law; therefore, the plaintiff attacked the manner with which jailers executed his sentence rather than the judge's sentence itself. Id. at 593.

1   SDSD, or any deputy working in the jail, to take the quite serious, ultra vires action of
2   disobeying it." (Id. at 7.) According to Defendant, SDSD had no duty to contradict the
3   express wording of Judge Meyer's sentencing order in response to Plaintiff's requests
4   that SDSD apply statutory custody credits. (Id.)

5         In opposition, Plaintiff argues Defendant knew the court order was facially
6   invalid because the statutory law, California Penal Code section 4019, was a "well
7   known and clearly established right." (Dkt. No. 145 at 11.) Plaintiff claims absolute
8   immunity does not apply because SDSD had a duty to "investigate the circumstance to
9   ensure their actions were lawful and not in violation of well known and clearly
10  established rights." (Id. at 12.)

11        The Court agrees with Defendant that Judge Meyer's court order was facially
12  valid. A court order is "facially valid" if the order is "fair and regular on [its] face."
13  Engebretson, 724 F.3d at 1041 (citing Francis v. Lyman, 216 F.2d 583, 585 (1st Cir.
14  1954)) (alteration in original). As recognized by the Ninth Circuit in Engebretson,
15  jailors do not have an independent duty to investigate the legality of a court's
16  sentencing order before enforcing it. 724 F.3d at 1041 n.7 (citing Stein v. Ryan, 662
17  F.3d 1114, 1119 (9th Cir. 2011) ("[There is] no authority requiring prison officials to
18  review sentencing orders independently to make sure the court got it right."); Valdez v.
19  City & Cnty. of Denver, 878 F.2d 1285, 1289 (10th Cir. 1989) (prison officials have no
20  duty "to act as pseudo-appellate courts scrutinizing the orders of judges")). Here, Judge
21  Meyer's sentencing order explicitly stated that Plaintiff was not entitled to custody
22  credits. Plaintiff includes no allegations regarding indicia of irregularity on the face of
23  the order that would cause Defendant to believe the order was invalid. Despite
24  Plaintiff's claims to the contrary, SDSD did not have a duty to investigate the legality
25  of Judge Meyer's order where the order expressly addressed and rejected the
26  applicability of custody credits to Plaintiff's sentence.[3]

---

27  [3] The Court recognizes that the extension of quasi-judicial absolute immunity to SDSD
28  in this case effectively bars Plaintiff from bringing suit under section 1983 for the denial of custody credits to his sentence for civil contempt. (See Dkt. No. 35) (dismissing Plaintiff's PC 4019 claim against Judge Meyer and the San Diego Superior

Accordingly, even taking Plaintiff's allegations as true that he was unconstitutionally deprived of statutory custody credits, Defendant is entitled to absolute immunity from 42 U.S.C. section 1983 liability for denying Plaintiff the credits because Defendant was executing a facially valid court order.

### B.  Authority Under State Law

Defendant further argues that even if Plaintiff was entitled to California Penal Code section 4019 credits, Defendant lacked the authority under state law to contradict the express mandates of a court order. (Dkt. No. 127.) Because the Court finds that Defendant is entitled to absolute immunity from Plaintiff's section 1983 claim under Engelbretson v. Mahoney, 724 F.3d 1034 (9th Cir. 2013), the Court declines to reach the issue of Defendant's obligations under California state law.

### CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's motion for judgment on the pleadings as to Plaintiff's Fourth Cause of Action. Because Plaintiff failed to meet the Court's ordered deadline for filing a Fourth Amended Complaint, (Dkt. No. 111), the Court declines to allow Plaintiff leave to amend. Accordingly, IT IS HEREBY ORDERED that the Fourth Cause of Action in Plaintiff's Third Amended Complaint – as alleged against Defendant County of San Diego – is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: March 4, 2014

_____
HON. GONZALO P. CURIEL
United States District Judge

---

Court based on absolute immunity). However, "absolute immunity does not leave prisoners who are incarcerated pursuant to illegal court orders without a remedy; they may directly appeal their convictions and/or seek habeas relief." Engebretson, 724 F.3d at 1041 (citing Valdez v. City & Cnty. Of Denver, 878 F.2d 1285, 1288-89 (10th Cir. 1989)). As the Ninth Circuit recognized in Engebretson, "the public interest in the enforcement of court orders that is essential to the effective functioning of our judicial process far outweighs the benefits" of providing jailers with only qualified and not absolute immunity in cases where they merely enforce facially valid court orders. Id.