UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL HUPP, | ) | Civil No. 12cv0492 GPC(RBB) |
| Plaintiff, | ) ) | **ORDER** |
| | ) ) | **(1) GRANTING DEFENDANTS' EX PARTE APPLICATION TO MODIFY** |
| v. | ) ) | **THE SCHEDULING ORDER [ECF NO. 203]; AND** |
| | ) | |
| SAN DIEGO COUNTY, SAN DIEGO POLICE DEPARTMENT, et al., | ) ) | **(2) GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S** |
| Defendants. | ) ) | **DEPOSITION [ECF NO. 203 ATTACH. #1]** |

On December 4, 2013, Defendants County of San Diego, James Romo, Peter Myers, and Joseph Cargel filed an Ex Parte Motion to Modify The Scheduling Order by Extending the Deadline for Completing Discovery [ECF No. 203]. In their Ex Parte Motion to Modify, Defendants sought a thirty-day extension of the November 4, 2013 discovery cutoff date so a motion to compel the Plaintiff's deposition could be filed. (Defs.' Ex Parte Mot. Modify 2-3, ECF No. 203.) The motion to compel is attached to the Defendants' Ex Parte Motion. (Id. Attach. #1 Mem. P. & A. 2-8.) Plaintiff Paul Hupp filed an opposition on December 11, 2013. (See Pl. Hupp's

Opp'n Br. 1, ECF No. 225.)  The Defendants filed their reply brief on February 10, 2014 [ECF No. 230].

The Court has determined that Defendants' Ex Parte Motion to Modify and the accompanying Motion to Compel Plaintiff Paul Hupp's Deposition are suitable for resolution on the papers.  S.D. Cal. Civ. R. 7.1(d)(1).

The Defendants acknowledge that the discovery cutoff for this case was November 4, 2013.  (Defs.' Ex Parte Mot. Modify 2, ECF No. 203.)  "On October 15, 2013, Defendants noticed Plaintiff's deposition to take place on October 25, 2013 at 9:00 a.m."  (Id.) At the request of the codefendant City of San Diego, the deposition was renoticed for Friday, November 1, 2013, at 9:00 a.m.  (Id.) "On October 26, 2013, the Saturday before Plaintiff's deposition was scheduled to take place, Plaintiff notified Counsel, via email, that he would not be submitting to the deposition."  (Id.) "Plaintiff stated that the terms of his probation did not allow him to leave Riverside County."  (Id.)  Defense counsel offered to take the deposition in Riverside County or contact Plaintiff's probation officer to explain the circumstances for traveling for the deposition.  (See id.)  Hupp would not agree to either.  (Id.)

Defense counsel planned to file a motion to compel Plaintiff's deposition on December 2, 2013, thirty days from the scheduled deposition date for which Plaintiff failed to appear.  (Id. at 3.) Because the discovery cutoff had passed, Defendants filed the pending application.

Plaintiff opposes the Ex Parte Application to Modify.  Hupp argues that Defendants "fail[ed] to timely seek a motion to

compel." (Pl. Hupp's Opp'n Br. 4, ECF No. 225.) Plaintiff asserts that an extension of time should not be granted.

> To determine whether "good cause" exists to extend time courts typically review, but are not limited to, such factors as 1) scheduling issues; 2) past, present and current time demands and commitments of the parties; 3) a party's assurances that an extension of time will not unduly delay the case; and last 4) the parties' good faith efforts to "meet and confer" regarding the discovery issues in a timely manner. DEFENDANTS fail to meet any of the four (4) factors. In fact[,] DEFENDANTS have not even tried to address these or any other factors on why they should be entitled to extend time.

(Id.) He is largely correct. In essence, Defendants outline the Plaintiff's unilateral refusal to appear for his deposition, and Defendants maintain that they believed a motion to compel the taking of Plaintiff's deposition could be filed within thirty days of Hupp's failure to appear for the deposition on November 1, 2013, although the discovery cutoff date was November 4, 2013. (Defs.' Ex Parte Appl. Modify Attach. #2 Decl. Welsh 3, ECF No. 203.)

There are additional relevant facts. "[C]ourts consider a number of factors in determining whether to consider the merits of a motion to compel filed after expiration of the controlling deadline." 3 James Wm. Moore et al., Moore's Federal Practice § 16.13[1][c], at 16-57 (3d. ed. 2013). The following are relevant:

- The length of time since the expiration of the deadline;
- The length of time that the moving party has known about the discovery;
- Whether the discovery deadline has been extended;
- The explanation for the tardiness or delay;
- Whether dispositive motions have been scheduled or filed;

- The age of the case;
- Any prejudice to the party from whom late discovery was sought; and
- Disruption of the court's schedule.

Id.

Defendants moved to extend time and compel discovery within thirty days of the discovery cutoff. The ex parte application was brought within thirty days of the Plaintiff's failure to appear for his deposition. The discovery cutoff in this case was set on March 11, 2013, and has not been extended [ECF No. 118]. Dispositive motions have been heard and are pending [ECF 252]. The Complaint was filed on February 28, 2012. (Compl. 1, ECF No. 1.) There is no prejudice to Plaintiff from participating in legitimate discovery. And a deposition can be set so as not to disrupt the schedule in this case. For all these reasons, the Defendants Ex Parte Application to Modify the Scheduling Order is granted. Consequently, Defendants' motion to compel Plaintiff's deposition will be resolved on its merits.

Defendants argue that "Plaintiff entirely fails to address any substantive reason why Defendants' Motion to Compel should be denied, or articulate any legally tenable argument that would obviate their legitimate need for his deposition, particularly in light of his willful failure to attend it when timely scheduled." (Defs.' Objection Hupp's Untimely Opp'n 3, ECF No. 230.) In his opposition, Hupp argues that Defendants "could have taken Plaintiff's deposition in August, or September, [o]r October, [but] they did not." (Pl. Hupp's Opp'n Br. 3, ECF No. 225.) Hupp does not explain why his refusal to participate should be excused based

on the fact that Defendants scheduled his deposition for November 1, 2013, a date before the discovery deadline.  Plaintiff also complains that Defendants "could have easily submitted written discovery going back to March 2013, [but] they did not."  (Id.)  Additionally, he contends that Defendants' motion to compel should be denied because the Court previously denied Hupp's requests for extension of time to oppose Defendants' substantive motion and also denied him leave to amend the complaint to add additional parties.  (Id. at 3-4.)  These arguments are unavailing and irrelevant.  Indeed, Hupp's explanations for his conduct demonstrate that he acted in bad faith in refusing to attend his deposition.

A party may take another party's duly noticed deposition in person as a matter of right.  Fed. R. Civ. P. 30.  If the party to be examined fails to appear after being served with a proper notice of deposition, the court may make such orders concerning the failure as are just, including dismissal.  Fed. R. Civ. P. 37(b)(2)(C); see Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (willfulness, bad faith and fault in failing to comply with discovery orders justify the sanction of dismissal).  It is established that sanctions, including dismissal, may issue for a complete or serious failure to respond to discovery, such as failure to appear for a deposition, even absent a prior court order compelling the discovery.  Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981).  Failure of a party to attend his own deposition may result in orders taking designated facts to be established, limiting claims or defenses or the introduction of evidence, or striking out pleadings, staying proceedings, dismissing the action, or rendering

a default judgment. Fed. R. Civ. P. 37(d). A deponent's cancellation of a deposition a day before the date set has been held to constitute a failure to appear within the meaning of Fed. R. Civ. P. 37(d). Henry v. Gill Indus., Inc., 983 F.2d 943, 947 (9th Cir. 1993).

A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, Hupp refused to attend his deposition and failed to provide the Court or Defendants any valid reason he could not attend. Defendants are entitled to discover Plaintiff's version of the events in order to properly to evaluate the case and their trial strategy. Accordingly, the Defendants' Motion to Compel Plaintiff's Deposition is granted. The deposition is to take place on or before June 13, 2014, and is limited to seven hours. The Court cautions Plaintiff that failure to complete the deposition may lead to dismissal of his case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), failure to comply with a court order under Federal Rule of Civil Procedure 37(b), and failure to attend his deposition under Federal Rule of Civil Procedure 37(d). See Goldstein v. Sillen, No. CV 07-5958 SBA (PR), 2011 WL 1225946, at *17 (N.D. Cal. Mar. 31, 2011).

**IT IS SO ORDERED.**

Dated: May 13, 2014

                                          Ruben B. Brooks
                                     United States Magistrate Judge

cc: Judge Curiel
    All Parties of Record