1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   PAUL HUPP,                      )   Civil No. 12cv0492 GPC(RBB)
                                     )
12                                   )   **ORDER**
                     Plaintiff,      )
13                                   )   **(1) DENYING MOTION TO COMPEL**
                                     )   **DISCOVERY FROM SAN DIEGO**
14                                   )   **COUNTY, JAMES PATRICK ROMO,**
     v.                              )   **AND PETER MYERS [ECF NO. 154];**
15                                   )   **AND**
                                     )
16                                   )   **(2) DENYING AS MOOT MOTION FOR**
                                     )   **PROTECTIVE ORDER ON BEHALF OF**
17   SAN DIEGO COUNTY, SAN DIEGO     )   **DEFENDANTS COUNTY OF SAN**
     POLICE DEPARTMENT, et al.,      )   **DIEGO, JAMES ROMO AND PETER**
18                                   )   **MYERS [160]**
                                     )
19                   Defendants.     )
     _____)

20

21          Plaintiff Paul Hupp's Motion to Compel Discovery on San Diego

     County, James Patrick Romo and Peter Myers [ECF No. 154] ("Motion
22
     to Compel") was filed nunc pro tunc to September 5, 2013.
23
     Defendants filed their response in opposition [ECF No. 172], and
24
     Hupp filed a reply [ECF No. 185].
25
            On September 27, 2013, Defendants San Diego County, James Romo
26
     and Peter Myers filed a Motion for Protective order [ECF No. 160].
27
     Plaintiff opposes the motion [ECF No. 169].  Defendants filed a
28
     reply in support of the motion [ECF No. 177].

                                      1

The hearing on the motions was set for October 28, 2013.  The Court determined the matters to be suitable for resolution without oral argument, submitted the motions on the parties' papers pursuant to the Local Civil Rule 7.1(d), and vacated the motion hearing [ECF No. 181].  For the following reasons, Plaintiff's Motion to Compel is DENIED, and Defendants' Motion for Protective Order is DENIED as moot.

## I.   FACTUAL BACKGROUND

Plaintiff Paul Hupp, proceeding pro se, commenced this action on February 28, 2012, pursuant to 42 U.S.C. § 1983.  (Compl. 1, ECF No. 1.)  Plaintiff's Third Amended Complaint was filed on August 28, 2012 [ECF No. 64], naming as Defendants San Diego County,[1] City of San Diego, City of Beaumont,[2] James Patrick Romo,[3] Raymond Wetzel, William Kiernan,[4] Peter Myers,[5] and Joseph Cargel.  (Third Am. Compl. 1, ECF No. 64.)  Hupp's action arises from his contempt of court charges and conviction in San Diego Superior Court in 2011.  (See id. at 4-5, 7-8.)

//

//

----

[1] Plaintiff's causes of action against the County are based on the allegations against the San Diego District Attorney's Office, San Diego County Office of Assigned Counsel, and the San Diego Sheriff's Department.  (Third Am. Compl. 2, ECF No. 64.)

[2] Defendant City of Beaumont was dismissed from this case on December 10, 2012 [ECF No. 105].

[3] Defendant Romo was dismissed from the case on January 9, 2014 [ECF No. 221].

[4] Defendant Kiernan was dismissed from the case on December 16, 2013 [ECF No. 210].

[5] Defendant Myers was dismissed from the case on January 30, 2014 [ECF No. 228].

Plaintiff alleges that in November 2010, Jeffrey Freedman[6] obtained a three-year restraining order against Hupp in San Diego Superior Court. (Id. at 4.)  In July 2011, Freedman brought contempt charges against Hupp for sending letters to Freedman in violation of the restraining order. (Id. at 5.)  Defendant William Kiernan, an attorney from the San Diego County Office of the Assigned Counsel, was appointed to represent Hupp. (Id.)  Hupp alleges that Kiernan failed to investigate the case, request discovery, and communicate with Hupp; and Kiernan's lack of preparation amounted to ineffective assistance of counsel. (Id. at 6-7.)  Plaintiff also claims that Defendants performed DNA and fingerprint tests on the letters and envelopes allegedly sent by him, but Defendants wrongfully withheld this exculpatory forensic evidence until February 2012, when they produced the evidence in another court case. (Id. at 11-12.)

Plaintiff claims that he was wrongfully convicted based on insufficient evidence and sentenced to twenty-five days in custody, and a $5,000 fine was imposed. (Id. at 7.)  Hupp alleges that the trial judge improperly denied him custody credits under California Penal Code section 4019. (Id. at 8.)

On January 3, 2012, Hupp reported to the San Diego Sheriff's Department to serve his twenty-five day sentence. (Id. at 9.)  Plaintiff claims that he told the Sheriff's Department personnel that they had to apply to apply Penal Code section 4019 credits to his sentence, but they refused to do so. (Id.)  Hupp also alleges //

---

[6] All claims against Defendant Freedman in this case have been dismissed [ECF No. 35].

he was denied access to the law library and was prevented from filing legal papers.  (Id. at 10-11.)

Plaintiff contends that Defendants never informed him that the San Diego District Attorney's office, San Diego Police Department, Deputy District Attorney Romo, and Detective Wetzel were investigating and assisting Deputy Attorney General Drcar in prosecuting the November 2011 civil contempt proceedings against Hupp.  (Id. at 7, 11.)  Hupp also asserts that Defendants failed to disclose exculpatory DNA and fingerprint evidence obtained from the letters Freedman received, in violation of Plaintiff's due process rights under Brady v. Maryland, 373 U.S. 83 (1963).  (Id. at 11-12.)

On the basis of these allegations, Plaintiff brought claims for violation of civil rights; conspiracy to withhold Brady evidence; interference with legal mail and free speech; unlawful detention; intentional infliction of emotional distress; as well as gross negligence in the hiring, training, supervision, and retention of prosecutors and peace officers.  (See id. at 12-29.)  Hupp also alleged that Defendants' actions caused him emotional and psychological injuries, embarrassment, humiliation, shame, fright, fear, and grief.  (Id. at 14, 20-21.)  For his injuries, Plaintiff seeks compensatory and punitive damages exceeding $75,000, as well as declaratory and injunctive relief.  (Id. at 35-37.)

After the rulings on Defendants' substantive motions, the following claims remain in the case:  (1) the withholding of "Brady" evidence, asserted against Defendants San Diego Police Department and Wetzel (claim one); (2) conspiracy to withhold "Brady" evidence, brought against Defendants San Diego Police

4

Department and Wetzel (claim two); (3) declaratory and injunctive relief against San Diego Sheriff's Department for the denial of section 4019 credits (claim eleven); and (4) interference with Plaintiff's free speech, right to petition the government, and legal proceedings due to the wrongful search and seizure by San Diego District Attorney's Office and Cargel (claim twelve[7]).

## II.  LEGAL STANDARDS

### A.   Motion to Compel Discovery

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of opposing disclosure. Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

As the moving party, Hupp must identify (1) the discovery requests that are the subject of his motion to compel, (2) which of the defendants' responses are disputed, (3) why the responses are deficient, (4) the reasons defendants' objections are without merit, and (5) the relevance of the requested information to the prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10,

---

[7] On September 17, 2013, the Court stayed § 1983 claims related to the search and seizure of Plaintiff's property alleged in claim twelve of the Third Amended Complaint pending resolution of the state criminal proceedings against Hupp [ECF No. 156].

2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV 02-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

     **B.  Pro Se Litigants**

     "In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (citing Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994); Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)). Above all, plaintiffs who choose to represent themselves are expected to follow the rules of the court in which they litigate. Carter v. Comm'r, 784 F.2d 1006, 1008-09 (9th Cir. 1986); see also Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) (discussing the pro se litigant's untimely filing in violation of local rules). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991).

//

//

//

### III.   DISCUSSION

**A.   Motion to Compel Discovery From Romo and Myers**

Plaintiff moved to compel discovery from Defendants County of San Diego, James Patrick Romo, and Peter Myers.  (Pl.'s Mot. Compel Mem. P. & A. 3, ECF No. 154.)  Because all claims against Romo and Myers have been dismissed, [ECF Nos. 221, 228], Plaintiff may not seek discovery under Rules 33 and 34 of the Federal Rules of Civil Procedure from Defendants dismissed from the case.  See Stearns v. Flores, No. CV F 00 6331 AWILJOP, 2006 WL 1980334, at *1 (E.D. Cal. 2006) (denying motion to compel discovery from dismissed defendants in a § 1983 case).  Accordingly, the Court denies Plaintiff's Motion to Compel Discovery from Defendants Romo and Myers.

**B.   Motion to Compel Discovery From San Diego County**

Plaintiff has served six requests for production on Defendant San Diego County.  (Pl.'s Mot. Compel Mem. P. & A. Ex. 1e, at 43-48, ECF No. 154.)

   1.   Document request 1

Hupp's first request for production from San Diego County seeks the following items:

> Any and all documents which are in your possession concerning the investigation of plaintiff, and more fully set forth in the Complaint, including Plaintiff's civil contempt case; Superior Court Case Number 37-2010-00102264-CU-HR-CTL, and Plaintiff's criminal case, Superior Court Case Number SCD238651.
>
> This shall include at a minimum, but is not limited to:
>
> a. Any and all reports or forms describing any and all aspects of the investigation;
>
> b. Any and all investigation reports, including fingerprint and DNA evidence;
>
> c. Any and all audio, video and digital recordings;

d. Any and all statements of ROMO, Jeffrey
Anderson Dort and San Diego County Deputy
District Attorney investigator Dan Schmidt
concerning or mentioning plaintiff, including
any and all e-mail without regard to whether
said e-mail account/s are work or personal;

e. Any and all inter-office memos, intra-office
memos, reports, letters, correspondence,
computerized records or writings that mention,
concern discuss or pertain to Plaintiff; and

f. Statements and/or interviews of any
witnesses, informants, the plaintiff, Deputy
District Attorneys, lawyers, police agents and
any Peace Officers, or other persons who had
any role or contact with ROMO, Jeffrey Anderson
Dort and San Diego County Deputy District
Attorney investigator Dan Schmidt concerning
the investigation of plaintiff, including any
Deputy District Attorney supervisor/s.

(<u>Id.</u> at 46.)  Defendant San Diego County objected to the request as

vague, compound, overbroad, unduly burdensome, not relevant to any

claim in the action, and not reasonably calculated to lead to

discovery of admissible evidence.  (<u>Id.</u> Ex. 4, at 93.)  Defendant

also responded that the District Attorney's discovery had already

been produced during Hupp's criminal case.  (<u>Id.</u>)

In his Motion to Compel, Hupp argues that the County may not

avoid responding to this request simply because the relevant

documents had already been produced during the course of Hupp's

criminal case.  (Pl.'s Mot. Compel Mem. P. & A. 12, ECF No. 154.)

Plaintiff also explains that his request is "much broader than what

was produced in the discovery of the criminal trial."  (<u>Id.</u>)

Defendant opposes the motion and argues that Hupp failed to satisfy

the meet-and-confer obligation; furthermore, his request is

unrelated to the remaining allegations in the case and seeks

"future fodder for Plaintiff's personal vendetta against

Defendants."  (Defs.' Opp'n 3-7, ECF No. 172.)  Defendant San Diego

County does not specifically address request number one, but it generally argues that the ruling on Defendants' substantive motions "may render certain discovery requests irrelevant to the litigation."  (Id. at 4.)

Plaintiff's request to Defendant San Diego County seeks documents related to both his civil contempt case, Superior Court Case Number 37-2010-00102264-CU-HR-CTL, and his criminal case, Superior Court Case Number SCD238651.  Hupp's civil contempt case was prosecuted by the Office of the Attorney General of California. The Court previously dismissed all claims against Deputy Attorney General Drcar, the prosecutor in Plaintiff's contempt proceeding, finding that Drcar was entitled to absolute immunity from liability under § 1983 [ECF No. 35].  The Court later found that Deputy District Attorney Romo, who prosecuted Hupp's criminal case, was not involved in the civil contempt proceedings [ECF No. 221].  Hupp has not shown that the Defendant County has the requisite control over the documents related to his civil contempt case.  See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) ("The party seeking production of the documents . . . bears the burden of proving that the opposing party has such control.") (citing Norman v. Young, 422 F.2d 470, 472-73 (10th Cir. 1970)).

Additionally, Plaintiff has not met his burden of showing that Defendant's objections to his request for documents related to Hupp's criminal prosecution are improper.  As described earlier, the only active remaining claims in the case are withholding and conspiracy to withhold "Brady" evidence against Defendants San Diego Police Department and Wetzel (claims one and two), and for

9

1  declaratory and injunctive relief against San Diego Sheriff's

2  Department for the denial of California Penal Code section 4019

3  credits (claim eleven).  Plaintiff's remaining claim for

4  interference with free speech, his right to petition government and

5  Hupp's legal proceedings due to wrongful search and seizure (claim

6  twelve) was stayed because Hupp's criminal case is ongoing [ECF No.

7  156].  Thus, at this time, Plaintiff may not propound discovery on

8  this claim.[8]   See City of Fresno v. United States, No.

9  CV-F-06-1559 OWW/TAG, 2007 WL 1100501, at *9 (E.D. Cal. Apr. 11,

10  2007) ("Staying the three causes of action will cause confusion and

11  conflict because the City and Boeing will continue to propound

12  discovery to the United States which they may believe relevant to

13  the unstayed claims but the United States may argue is relevant to

14  the stayed claims.").  Defendant San Diego County would not be

15  excused from responding to this request absent the stay of claim

16  twelve.  Furthermore, the Court notes that in this case Hupp has

17  already received from Defendant City of San Diego documents related

18  to his criminal case investigation, including five reports, 911 and

19  communications tapes, and lab files.  (See Order Granting in Part &

20  Den. in Part Mot. Compel Disc. From City San Diego & Raymond Wetzel

21  8, ECF No. 251.)

22      In sum, Hupp has not demonstrated that the County's objections

23  to his first request should be overruled.  See Ellis, 2008 WL

24  _____

25  [8] No party has moved to lift the stay.  Although Hupp contends
that "Plaintiff's civil contempt and criminal cases are over[,]"
(Pl.'s Mot. Compel Mem. P. & A. 6, ECF No. 154), at the mandatory

26  settlement conference on May 6, 2014, which Hupp failed to attend,
Defendants informed the Court that his criminal case is currently

27  on appeal.  A search of the California Court of Appeal's docket
reveals that the case is still pending:

28  http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist
=41&doc_id=2048351&doc_no=D064053

1   860523, at *4 (noting that "[i]f Defendant objects to one of

2   Plaintiff's discovery requests, it is Plaintiff's burden on his

3   motion to compel to demonstrate why the objection is not

4   justified."). Accordingly, Plaintiff's motion as to request for

5   production number one to County is DENIED.

6                    2.   Document request 2

7        In his second request, Hupp seeks "[a]ny and all documents

8   that comprise of, or are part of, ROMO's personnel file, including

9   the disciplinary record and any other documents concerning ROMO's

10  hiring, training, duties, performance, assignments and mental and

11  physical condition." (Pl.'s Mot. Compel Mem. P. & A. Ex. 1e, at

12  46, ECF No. 154.) The Defendant County objected to the request on

13  the ground that it is vague, ambiguous, compound, overbroad and

14  unduly burdensome, not relevant to any claim in the action, and not

15  reasonably calculated to lead to admissible evidence. (Id. Ex. 4,

16  at 93.) Defendant's objection further stated:

17          This request seeks privileged information pertaining to
            personnel and internal affairs matters and seeks
18          disclosure of official information acquired in confidence
            per Evidence Code § 1040. Disclosure of personnel,
19          medical and similar files in an unwarranted invasion of
            personal privacy impermissible under the Freedom of
20          Information Act and the State and Federal Constitutions.
            The information sought is further protected from the
21          disclosure under the provisions of the Federal Privacy
            Act, as it: 1) seeks records and information compiled for
22          law enforcement purposes, which is categorically exempt
            from disclosure because its production risks an
23          unwarranted invasion of privacy, 2) seeks non-
            discoverable and inadmissible information pertaining to
24          disciplinary recommendations, and 3) seeks information
            reflecting advisory opinions, consultations,
25          recommendations and deliberations protected from
            disclosure by the deliberative process privilege.

26

27  (Id. at 93-94.) Plaintiff argues that the San Diego County's

28  response consists of boilerplate objections and that the

                                   11

1  information he is seeking is relevant.[9]   (Id. at 7.)   Hupp also

2  argues that Defendants were required to seek a protective order to

3  avoid disclosure.   (Id.)

4      Federal Rule of Civil Procedure 26(c)(1) provides that "[a]

5  party or any person from whom discovery is sought may move for a

6  protective order in the court where the action is pending . . . ."

7  Fed. R. Civ. P. 26(c)(1) (emphasis added).   There is no requirement

8  that a party seek a protective order when withholding potentially

9  discoverable information.   See IPALCO Enterps., Inc. v. PSI Res.,

10 Inc., 148 F.R.D. 604, 606 n.3 (S.D. Ind. 1993) ("The Court agrees

11 with defendants that they are not required to move for a protective

12 order under Rule 26(c) every time they object to discovery based on

13 Rule 26(c) grounds.")   Additionally, Defendant San Diego County did

14 move for a protective order in this case [ECF No. 160].

15 Accordingly, Plaintiff's argument is without merit.

16      Furthermore, after Defendant Romo's dismissal from the case,

17 any information Plaintiff expects to acquire from Romo's personnel

18 file does not appear to be germane to the remaining claims.   Under

19 Rule 26(b)(1) of the Federal Rules of Civil Procedure, absent good

20 cause, discovery must relate more directly to a "claim or defense"

21 than it did prior to amendments to the rule in 2000.   Elvig v.

22 Calvin Presbyterian Church, 375 F.3d 951, 968 (9th Cir. 2004).   The

23 information Hupp seeks relates to claims against Romo that have

24 been dismissed.   To the extent he seeks discovery in connection

25

26      [9] Plaintiff's document request two to Defendant San Diego
   County was identical to document request two to Defendant Romo.
   (Compare Pl.'s Mot. Compel Mem. P. & A. Ex. 1c, with id. Ex. 1e.)
27 In his Motion to Compel, Hupp claims that the County's "objections
   are the same as the ROMO objections, and Plaintiff incorporates his
   reply to ROMO's objections here." (Pl.'s Mot. Compel Mem. P. & A.
28 12, ECF No. 154.)

1  with claim twelve, Plaintiff may not do so until his criminal case

2  is over and the stay is lifted.  For these reasons, the Motion to

3  Compel production of documents and things identified in request

4  number two is DENIED.

5          3.   <u>Document request 3</u>

6      Hupp's third request seeks the following:

7      Any and all documents concerning, or at all relevant, to
    any formal or informal complaint made against you or

8      about ROMO, Jeffrey Anderson Dort and San Diego County
    Deputy District Attorney investigator Dan Schmidt from

9      any source whatsoever, and concerning any subject matter
    whatsoever, without regard to the outcome.

10 

11         This shall include at a minimum, but is not limited
        to:

12             a. Documents concerning all complaints and
            other disciplinary or police review of you by

13             Internal Affairs or San Diego County;

14             b. The full and complete documents concerning
            each action listed on ROMO, Jeffrey Anderson

15             Dort and San Diego County Deputy District
            Attorney investigator Dan Schmidt's

16             disciplinary record;

17             c. The full and complete documents concerning
            all complaints and other disciplinary or police

18             review of ROMO, Jeffrey Anderson Dort and San
            Diego County Deputy District Attorney

19             investigator Dan Schmidt's activities
            maintained by San Diego County; and

20 

21             d. All information contained in the computers
            maintained by Internal Affairs or any other

22             division of the District Attorney or San Diego
            County, concerning ROMO, Jeffrey Anderson Dort

23             and San Diego County Deputy District Attorney
            investigator Dan Schmidt including but not
            limited to, information retrievable by computer

24             codes.

25 (Pl.'s Mot. Compel Mem. P. & A. Ex. 1e, at 47, ECF No. 154.)

26 Defendant County objected to this request as vague, ambiguous,

27 compound, overbroad and unduly burdensome, and seeking documents

28 not relevant to the action.  (<u>Id.</u> Ex. 4, at 94.)  It also objected

1    on privacy grounds and invoked the official information privilege.

2    (Id. at 94-95.)

3        Hupp argues that the County's objections are "boilerplate

4    denials." (Pl.'s Mot. Compel Mem. P. & A. 7-8, ECF No. 154.)

5    Plaintiff offers no further argument on how the information he

6    requests is relevant to any remaining claim or defense. As an

7    initial matter, this request is duplicative as it relates to Romo's

8    disciplinary record. Because Romo is no longer a Defendant,

9    Plaintiff must establish that the information regarding Romo's

10   performance or discipline remains salient to Hupp's prosecution of

11   his surviving claims. Similarly, neither Jeffrey Dort nor Dan

12   Schmidt are parties to this case.[10]  At this time, Plaintiff has not

13   shown the relevance of any records involving these individuals. As

14   to request number three, the motion is DENIED.

15           4.  Document request 4

16       Plaintiff's fourth request asks Defendant County to produce

17   the following:

18       All Deputy District Attorney materials which are in your
         possession and relevant to this incident, including, but
19       not limited to, guidelines, directives, policy
         statements, procedures, training materials of any kind,
20       in any form or medium, concerning District Attorney
         policy, custom or practice regarding:
21
22       a. Discipline of Deputy District Attorneys
         generally;

23       b. Specific discipline for the violation of
         constitutional rights, including, but not limited to
24       withholding exculpatory evidence, fingerprint
         evidence, DNA evidence, police reports,
25       investigative reports; and violations of due
         process;

26

27    _____

28       [10] Plaintiff previously attempted to add Dan Schmidt as a
      Defendant, but his request was denied [ECF No. 148].

c. The procedure relating to or regarding acts which violate due process and denies [sic] access to exculpatory evidence, fingerprint evidence, DNA evidence, police reports, investigative reports, by Deputy District Attorneys and investigators, and violations of due process rights during and resulting from the withholding of exculpatory, fingerprint, DNA evidence, police reports, investigative reports.

(Id. Ex. 1e, at 47-48.)  The County raises the same objections: The request is vague, overbroad, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence or relevant to the claims in this case.  (Id. Ex. 4, at 95.)  Hupp moves to compel, incorporating his earlier conclusory arguments that the County responded with boilerplate objections and that the information he seeks is relevant.  (Pl.'s Mot. Compel Mem. P. & A. 7-8, ECF No. 154.)

Hupp's request is overbroad and not relevant to any remaining claim in this case.  Judge Curiel granted summary judgment in favor of Defendants Romo and the San Diego District Attorney's Office on Plaintiff's claims related to withholding "Brady" evidence; the intentional infliction of emotional distress; and the negligent hiring, training, supervision, and retention of deputy district attorneys.  (Order Granting Defs. Cnty. San Diego & James Romo's Mot. Summ. J. 11-12, ECF No. 221.)  The Court explained:

Plaintiff's claims for intentional infliction of emotional distress against both Defendants as well as for negligent hiring, training, supervision, and retention of deputy district attorneys against the SD DA as a Defendant County agency are based on Plaintiff's allegations that Defendant Romo withheld and concealed exculpatory evidence during Plaintiff's civil contempt proceedings.  (See Compl. ¶¶ 97, 101, 109, 115.) Defendants' evidence, provided in the form of declarations by Defendant Romo and Attorney General Drcar, directly contradicts Plaintiff's allegations. (See Dkt. No. 123-3 ¶ 4; Dkt. No. 123-4 ¶ 5.)  According to

12cv0492 GPC(RBB)

both declarations, Defendant Romo did not conduct or
assist with the California Attorney General's civil
harassment and contempt of court allegations against
Plaintiff in any capacity. (Dkt. No. 123-3 ¶ 4; Dkt. No.
123-4 ¶ 5.)  Because Plaintiff fails to offer evidence
beyond the pleadings to show that there is a genuine
issue for trial, the Court GRANTS Defendants County and
James Romo judgment as a matter of law as to Plaintiff's
derivative claims for emotional distress and County
<u>Monell</u> liability.

(<u>Id.</u>)  Thus, because Hupp's claims against the County based on

supervisory liability under <u>Monell v. Dep't of Soc. Servs.</u>, 436

U.S. 658, 694-95 (1978), have been dismissed from the case,

Plaintiff is not entitled to discovery relating to the negligent

hiring, training, supervision or retention of deputy district

attorneys.  <u>See</u> <u>Manriquez v. Huchins</u>, Case No. 1:09-cv-00456-LJO-

BAM PC, 2012 U.S. Dist. LEXIS 100484, at *7 (E.D. Cal. July 19,

2012) ("Plaintiff's motion for sanctions is based upon <u>discovery</u>

<u>requests</u> for <u>claims</u> <u>that</u> <u>are</u> <u>no</u> <u>longer</u> in issue in this action and

shall be denied.").  The Motion to Compel discovery for request

number four is DENIED.

       5.   <u>Document request 5</u>

Plaintiff's fifth request asks the County for documents that

refer to third parties.

Your responses shall include any and all writings and
documents, either directly or indirectly, between Freedom
Communications Inc. or their representatives, Michael
Bishop or his representatives, Richard and Judith Beyl or
their representatives, any federal court or their
representatives, any federal law enforcement agency or
their representatives, any state law enforcement agency
or their representatives and any local law enforcement
agency or their representatives.

(Pl.'s Mot. Compel Mem. P. & A. Ex. 1e, at 48, ECF No. 154.)  The

County objected that "[t]his is not a valid request."  (<u>Id.</u> Ex. 4,

at 96.)  Plaintiff moves to compel, arguing that the County failed

to respond to his "valid requests." (Pl.'s Mot. Compel Mem. P. &
A. 12, ECF No. 154.)

Neither party substantively addresses the County's objection.
Plaintiff's fifth request is unrelated to this lawsuit.  Neither
Freedom Communications, Michael Bishop, Richard Beyl, nor Judith
Beyl are defendants or witnesses in Hupp's litigation against the
City of San Diego and Defendant Wetzel. (See Third Am. Compl. 2-4,
ECF No. 64.)  Freedom Communication and these individuals were
defendants in two of Plaintiff's other lawsuits:  See Hupp v.
Freedom Commc'ns, Inc., 221 Cal. App. 4th 398, 163 Cal. Rptr. 3d
919 (2013); Hupp v. Cnty. of San Diego, No. CIV 13-2655-GPC-RBB,
2014 WL 68580 (S.D. Cal. Jan. 8, 2014).  To the extent that Hupp's
request for discovery is made in connection with other litigation,
the discovery request is improper.  Accordingly, Hupp's Motion to
Compel a further response to request number five is DENIED.

6.   Document request 6

Plaintiff's final request to the County sought "[a]ny and all
other documents that relate to this action, no matter how slight,
that are not covered in any of the above requests." (Pl.'s Mot.
Compel Mem. P. & A. Ex. 1e, ECF No. 154.)  The Defendant objected
that this request is invalid, vague, and overbroad. (Id. Ex. 4, at
96.)  In his Motion to Compel, Hupp restates his conclusory
assertion that the County failed to respond to his "valid
requests." (Pl.'s Mot. Compel Mem. P. & A. 12, ECF No. 154.)
Assuming that the discovery sought is relevant, Plaintiff has not
demonstrated that the County's objections are unwarranted.  See
Ellis, 2008 WL 860523, at *4.  Further, this request is overbroad.
See Audibert v. Lowe's Home Centers, Inc., 152 F. App'x 399, 401-02

17

(5th Cir. Nov. 1, 2005) (unpublished per curiam opinion) (finding that a district court did not abuse its discretion in denying a plaintiff's "extremely broad discovery requests" which asked for "'all things, all documents, all statements, all knowledge of facts, sworn or unsworn, relating to this case'") (quoting the plaintiff's discovery request).  Plaintiff's Motion to Compel the County to produce documents in response to request number six is DENIED.

### B.  Meet-and-Confer Requirement

According to the Civil Local Rules for the Southern District of California, "The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel shall have previously met and conferred concerning all disputed issues."  S.D. Cal. Civ. R. 26.1(a).  "If counsel have offices in the same county, they are to meet in person.  If counsel have offices in different counties, they are to confer by telephone."  (<u>Id.</u>)  The local rules further provide that "[u]nder no circumstances may the parties satisfy the meet-and-confer requirement by exchanging written correspondence."  (<u>Id.</u>)

Rules requiring meet-and-confer efforts apply to pro se litigants.  <u>Madsen v. Risenhoover</u>, No. C 09-5457 SBA (PR), 2012 U.S. Dist. LEXIS 90810, at *8-9 (N.D. Cal. June 28, 2012) (finding that the meet-and-confer requirement applies to incarcerated individuals, but noting that the incarcerated plaintiff may send a letter to defendants); <u>Walker v. Ryan</u>, No. CV-10-1408-PHX-JWS (LOA), 2012 U.S. Dist. LEXIS 63606, at *5-6 (D. Ariz. May 7, 2012) (denying motion to compel where unrepresented party did not include a certification of attempts to meet and confer); <u>see also Jourdan</u>

1  <u>v. Jabe</u>, 951 F.2d 108, 109 (6th Cir. 1991) (discussing that

2  although courts should liberally construe pro se plaintiffs'

3  pleadings and legal arguments, this liberality does not apply to

4  compliance with straightforward procedural requirements).

5      A court can deny a motion to compel solely because of a

6  party's failure to meet and confer prior to filing the motion.

7  <u>Scheinuck v. Sepulveda</u>, No. C 09-0727 WHA (PR), 2010 U.S. Dist.

8  LEXIS 136529, at *3-4 (N.D. Cal. Dec. 15, 2010); <u>see</u> <u>Shaw v. Cnty.</u>

9  <u>of San Diego</u>, No. 06-CV-2680-IEG (POR), 2008 U.S. Dist. LEXIS

10  80508, at *3-4 (S.D. Cal. Oct. 9, 2008) (denying plaintiff's motion

11  to compel for failing to meet and confer).  Nonetheless, a court

12  can exercise its discretion to decide a motion on the merits

13  despite a failure to meet and confer.  <u>See</u> <u>Marine Group, LLC v.</u>

14  <u>Marine Trvelift, Inc.</u>, No. 10cv846-BTM (KSC), 2012 U.S. Dist. LEXIS

15  49064, at *6-7 (S.D. Cal. Apr. 6, 2012) (explaining failure to meet

16  and confer is grounds for denying a motion, but still addressing

17  the merits).

18      Defendants argue in their opposition that Plaintiff did not

19  satisfy the meet-and-confer requirements of the Federal Rule of

20  Civil Procedure 37 prior to bringing his Motion to Compel. (Defs.'

21  Opp'n 3, ECF No. 172.)  In his motion, Plaintiff alleged that he

22  sent meet-and-confer letters for each Defendant to Defendants'

23  counsel by e-mail and hard copy, and also placed meet-and-confer

24  phone calls to Defendants' counsel, but the counsel's telephone

25  number listed on the pleadings was not a working number. (Pl.'s

26  Mot. Compel Mem. P. & A. 4-5, ECF No. 154.)  Plaintiff contends

27  that he then sent further e-mail notifications to Defendants'

28  counsel. (<u>Id.</u> at 5.)  Hupp states that Defendants' "substitute

1   counsel" called him later that day to meet and confer, and

2   reiterated the same objections.  (<u>Id.</u>)  In his reply, Hupp points

3   out that Defendants subsequently filed their Motion for Protective

4   Order, submitting a declaration from their counsel, James Chapin,

5   which states:

6           On August 26, 2013, I contacted Plaintiff Paul Hupp
        by telephone in order to meet and confer regarding the
7       discovery he propounded to Defendants Romo, Myers and the
        County.  After nearly 30 minutes of attempting to discuss
8       discovery issues with Mr. Hupp, no progress was made on
        any discovery issue.  Mr. Hupp appears unreasonable and
9       uncompromising; the conversation demonstrated that a
        meaningful, productive meet and confer with Mr. Hupp is
10      not possible.

11   (Defs.' Mot. Protective Order Attach. #2, Decl. James Chapin 2, ECF

12   No. 160.)

13       This is not the first time the parties alleged difficulties

14   satisfying the meet-and-confer requirement.  See <u>Hupp v. San Diego</u>

15   <u>Cnty.</u>, Civil No. 12cv0492 GPC (RBB), 2014 WL 1404510, at *16-17

16   (S.D. Cal. Apr. 10, 2014).  Unlike the previous time, however,

17   Plaintiff and Defendants' counsel engaged in a telephonic

18   conversation regarding the dispute, in addition to exchanging e-

19   mail correspondence.  Although it is unfortunate that their

20   discussion did not resolve any of the discovery issues, the failure

21   to come to an agreement does not establish that Plaintiff failed to

22   meet and confer as required by the rules.  The Court concludes that

23   Hupp satisfied his meet-and-confer requirement.

24       **B.  Defendants' Motion for Protective Order**

25       Defendants San Diego County, James Romo and Peter Myers filed

26   a Motion for Protective order, asking the Court to stay discovery

27   pending the resolution of Defendants' dispositive motions.  (Mot.

28   Protective Order Attach. #1 Mem. P. & A. 3, ECF No. 160.)  They

12cv0492 GPC(RBB)

1  represent that the following dispositive motions resolve all claims

2  in this action against them:  Defendants San Diego District

3  Attorney's Office and James Romo's Motion for Summary Judgment or

4  Partial Summary Judgment [ECF No. 123], Defendant County of San

5  Diego's Motion for Judgment on the Pleadings [ECF No. 127], and

6  Defendants County of San Diego and Peter Myers' Motion for Summary

7  Judgment [ECF No. 161].  (Id.)

8       Judge Curiel has ruled on all the motions filed by these

9  Defendants.  Defendants San Diego District Attorney's Office and

10  James Romo's Motion for Summary Judgment was granted on January 9,

11  2014 [ECF No. 221].  Defendants County of San Diego and Peter

12  Myers' Motion for Summary Judgment was granted on January 30, 2014

13  [ECF No. 228].  Defendant County of San Diego's Motion for Judgment

14  on the Pleadings was granted on March 4, 2014 [ECF No. 239].

15  Moreover, Defendants Romo and Myers have been dismissed from the

16  case.  Accordingly, the Motion for Protective Order is DENIED as

17  moot.

18                          **IV. CONCLUSION**

19       For the reasons stated above, Plaintiff's Motion to Compel

20  [ECF No. 154] is DENIED, and Defendants' Motion for Protective

21  Order [ECF No. 160] is DENIED as moot.

22       **IT IS SO ORDERED.**

23  Dated:  June 3, 2014          _____
                                       Ruben B. Brooks
24                                United States Magistrate Judge

25  cc:  Judge Curiel
         All Parties of Record

26

27

28