UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, SAN DIEGO POLICE DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | Civil No. 12cv0492 GPC(RBB)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH COURT'S [APRIL] 10, 2014 ORDER [ECF NO. 255]; AND**<br><br>**(2) GRANTING DEFENDANTS' EX PARTE APPLICATION FOR PROTECTIVE ORDER [263]** |

　　　Pending before the Court is Plaintiff's Motion to Compel Compliance with the Court's April 10, 2014 discovery order [ECF No. 255]. Defendants City of San Diego and Wetzel's response in opposition to Plaintiff's Motion [ECF No. 262], along with an Ex Parte Application for Protective Order [ECF No. 263], were filed on June 16, 2014. For the following reasons, the Court DENIES Plaintiff's Motion to Compel Compliance with the Court's Order. Defendants' Ex Parte Application for Protective Order is GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff Paul Hupp, proceeding pro se, commenced this action on February 28, 2012. (Compl. 1, ECF No. 1.) Plaintiff's Third Amended Complaint was filed on August 28, 2012 [ECF No. 64], naming as Defendants San Diego County, City of San Diego, City of Beaumont, James Patrick Romo, Raymond Wetzel, William Kiernan, Peter Myers, and Joseph Cargel. (Third Am. Compl. 1, ECF No. 64.) Plaintiff served discovery requests on Defendants in July 2013. Unable to resolve a dispute regarding the scope and relevance of requested documents, Hupp filed a Motion to Compel Discovery on City of San Diego and Wetsel [ECF No. 152].

On April 10, 2014, the Court granted in part and denied in part Hupp's Motion to Compel Discovery from Defendants City of San Diego and Raymond Wetzel [ECF No. 251]. The Court directed Defendants to comply with the Order by April 23, 2014. (Order Granting & Den. Mot. Compel 11, 30, ECF No. 251.) On May 5, 2014, Hupp filed a Motion to Compel Compliance with Court's [April[1]] 10, 2014 Order Compelling Discovery on City of San Diego and Raymond Wetzel [ECF No. 255] ("Motion to Compel Compliance").

## II. DISCUSSION

**A. The Court's April 10, 2014 Discovery Order**

Plaintiff's Motion to Compel Compliance alleges that Defendants asked Plaintiff to sign a protective order prior to supplementing their document production. (Pl.'s Mot. Compel Compliance Attach. #1 Mem. P. & A. 3, ECF No. 255.) Hupp alleges that the Court's April 10, 2014 Order did not require Plaintiff to

---

[1] The caption of Plaintiff's motion erroneously seeks compliance with the "August 10, 2014 Order."

2

stipulate to a protective order. (Id.)  Plaintiff seeks sanctions in the amount of $1,000 or any reasonable amount for his time spent preparing and filing the Motion to Compel Compliance, the original motion to compel, and the motion to quash overly broad subpoenas. (Id. at 4.)

    Hupp' Motion to Compel Discovery on City of San Diego and Wetsel [ECF No. 152] was granted in part and denied in part. (Order Granting & Den. Mot. Compel, ECF No. 251.)  Hupp's document request number two to Defendant City sought "[a]ny and all documents that comprise of, or are part of, WETZEL'S file, including the disciplinary record and any other documents concerning WETZEL'S hiring, training, duties, performance, assignments and mental and physical condition."  (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 24, ECF No. 152.)  In partially granting Plaintiff's motion to compel production of items described in request number two, the Court ordered Defendants to produce documents from Wetzel's personnel file if (1) they related to the production of exculpatory evidence; (2) the items concerned probable cause or the standards for bringing criminal or civil contempt charges; or (3) the documents referred or related to the credibility, truthfulness, or veracity of Wetzel. (Order Granting & Den. Mot. Compel 18, ECF No. 251.)  The April 10, 2014 Order also stated:  "These items are to be produced <u>pursuant to a protective order</u> limiting use and dissemination of the items to this case and providing for their destruction at the conclusion of the matter. Documents may be redacted to protect other information privileged from discovery."  (Id.) (emphasis added).  Thus, to the extent Hupp

argues he was not required to stipulate to a protective order prior to receiving additional discovery, he is incorrect.

Plaintiff alleges that Defendants failed to comply with the Court's Order when they asked him to sign a protective order on April 24, 2014, after the deadline to comply had passed. (Pl.'s Mot. Compel Compliance Attach. #1 Mem. P. & A. 3, ECF No. 255.) A careful review of Plaintiff's Exhibit 1, submitted in support of his Motion to Compel Compliance, reveals that Hupp received an e-mail from Defendants' counsel on April 23, 2014, which stated:

> The City defendants intend to produce additional documents to Plaintiff following the Court's April 10, 2014 Order on Plaintiff's Motion to Compel. However, we are only obligated to produce information from Detective Wetzel's personnel file pursuant to a Protective Order. I have attached a proposed Protective Order for all parties to review and sign. Once you have approved it, I will prepare a Joint Motion on the issue. Finally, once the Court issues the Protective Order, the City defendants will produce additional documents pursuant to the terms.

(Id. Attach. #2 Hupp Decl. Ex. 1, at 5-6.) Plaintiff acknowledged the receipt of this communication when he responded on the same day:

> The deadline to produce the amended responses is today, if you wanted a protective order you should have sent one over immediately after Judge Brooks issued his order to compel on April 10, 2014.
>
> In addition your late reply amounts to a waiver of the protective order.
>
> I will not stipulate to a protective order.

(Id. at 6-7.) Thus, although Plaintiff argues that Defendants' request that he sign a protective order was untimely because it was made on April 24, 2014, the contention is rebutted by Hupp's evidence.

 1        The Court is satisfied, after reviewing the Motion to Compel
 2   Compliance, accompanying exhibits, and the Defendants' opposition,
 3   that the Defendants complied with the Court's April 10, 2014 Order.
 4   Thus, Plaintiff's Motion to Compel Compliance is DENIED.  Because
 5   the Court denies Hupp's Motion, his request for sanctions is also
 6   denied.
 7        **B.   Defendants' Application for Protective Order**
 8        Defendants City of San Diego and Raymond Wetzel apply ex parte
 9   for a protective order governing confidential information that the
10   Court ordered produced to Plaintiff.  (Defs.' Ex Parte Appl.
11   Protective Order 1, ECF No. 263.)  Defendants contend that good
12   cause exists to issue a protective order prior to production of
13   responsive documents from Defendant Wetzel's personnel file.  (Id.
14   at 2.)  Defendants' counsel explains that she forwarded a proposed
15   protective order to Plaintiff, however, he refused to stipulate to
16   a protective order.  (Id. Attach. #1 Decl. Milligan 1-2.)  A copy
17   of the proposed protected order is attached to Defendants'
18   application.  (Id. Attach. #3 Ex. 2, at 1-8.)
19        The Court previously specified that documents from police
20   personnel files are to be produced pursuant to a protective order.
21   (Order Granting & Den. Mot. Compel 18, ECF No. 251.)  Plaintiff did
22   not stipulate to the protective order requested by Defendants, and
23   failed to propose alternate language for a protective order.
24   Accordingly, Defendants' ex parte application for the entry of a
25   protective order is GRANTED.  Furthermore, Defendants are not
26   required to commence production of documents pursuant to the
27   Court's April 10, 2014 Order until Plaintiff acknowledges in
28

writing that he has read, understands, and agrees to abide by all the terms of the protective order.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Compliance [ECF No. 154] is DENIED, and Defendants' Ex Parte Application for Protective Order [ECF No. 160] is GRANTED. Production under the protective order is STAYED pending a written acknowledgment from Plaintiff that he agrees to abide by the terms of the protective order. If Hupp wishes to receive requested relevant documents he must provide to Defendants by July 25, 2014, a sworn affidavit stating that he has read, understands, and agrees to abide by the terms of the protective order.

**IT IS SO ORDERED.**

Dated:  June 24, 2014

_____
Ruben B. Brooks
United States Magistrate Judge

cc: Judge Curiel
    All Parties of Record