UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>            Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, SAN DIEGO POLICE DEPARTMENT, et al.,<br><br>            Defendants. | Civil No. 12cv0492 GPC(RBB)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION [ECF NO. 261];**<br><br>**AND**<br><br>**(2) DISCHARGING ORDER TO SHOW CAUSE [ECF NO. 256]** |

Plaintiff Paul Hupp, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 on February 28, 2012. (Compl. 1, ECF No. 1.) The parties are familiar with the facts of the case, and the Court describes the allegations in broad strokes.[1] Hupp's action arises from his contempt of court charges and conviction in San Diego Superior Court in 2011. (See Third Am. Compl. 4-5, 7-8,

---

[1] A more detailed recitation of the factual and procedural history is available in the Court's June 3, 2014 Order Denying Motion to Compel Discovery [ECF No. 259].

ECF No. 64.)  On May 6, 2014, the Court held a settlement conference in this case and issued an Order to Show Cause for Plaintiff's failure to appear [ECF No. 256].  On May 19, 2014, Plaintiff filed his response to the Court's Order to Show Cause [ECF No. 258].  Pending before the Court is Plaintiff's Ex Parte Motion for Reconsideration of the Court's June 3, 2014 discovery Order [ECF No. 261].  For the following reasons, the Court DENIES Plaintiff's Motion for Reconsideration.  The Order to Show Cause issued for Plaintiff's failure to participate in the settlement conference is discharged.

## I.   DISCUSSION

### A.   Plaintiff's Motion for Reconsideration

On June 9, 2014, the Court received a document titled "Rep[l]y to Magistrate Brooks June 3, 2014 'Order' Denying Plaintiff's Motion to Compel Discovery From San Diego County, James Patrick Romo and Peter Myers [ECF 154] and Request for Reconsideration" [ECF No. 261].  The Court treats this request as Plaintiff's Motion for Reconsideration of the Court's discovery ruling.

Motions for reconsideration are generally treated as motions to alter or amend the judgment under Federal Rules of Civil Procedure 59(e).  See In re Agric. Research & Tech. Grp., Inc., 916 F.2d 528, 542 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).  Generally, there are four basic grounds for a Rule 59(e) motion:  1) the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; 3) the motion will be granted if necessary to

prevent manifest injustice, such as serious misconduct by counsel; and 4) a motion may be justified by an intervening change in controlling law. 11 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 2810.1 (3d ed. 1998) (citations omitted).

Alternatively, a court can construe a motion to reconsider as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60. Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Motions to reconsider are appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. See <u>School Dist. No. 1J, Multnomah Cnty., Oregon v. AcandS Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through—rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983). Arguments that a court was in error on the issues it considered should be directed to the court of appeals. See <u>Refrigeration Sales Co. v. Mitchell-Jackson, Inc.</u>, 605 F. Supp. 6, 7 (N.D. Ill. 1983).

The Court's local rules outline the requirements for seeking reconsideration of an order.

> [I]it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

S.D. Cal. Civ. R. 7.1 (i)(1). The application for reconsideration must be filed within twenty-eight days after the entry of the order sought to be reconsidered. Id. 7.1(i)(2).

Plaintiff's June 9, 2014 submission is timely; however, it fails to meet the criteria for reconsideration. See In re Agric. Research & Tech. Grp., Inc., 916 F.2d 533, 542 (9th Cir. 1990) (reviewing denial of motion for reconsideration for abuse of discretion and stating that "reconsideration may properly be denied where the motion fails to state new law or facts"). Additionally, it was filed on an ex parte basis and not in compliance with the Local Rule 7.1(b), despite the fact that the pro se Plaintiff had previously obtained hearing dates for prior motions from this Court.

Hupp's chief complaint appears to be not the denial of his discovery motion, but the grant of substantive motions in favor of Defendants before the completion of discovery.[2] (Pl.'s Mot. Recons. 2-3, ECF No. 261.) The fact that discovery is still open does not preclude a district court from resolving a summary judgment motion when the record is adequate. See, e.g., Dulany v. Carnahan, 132 F.3d 1234, 1238-39 (8th Cir. 1997); Fla. Power &

---

[2] Plaintiff acknowledges that the motions for summary judgment were not before this Court. (Id. at 2 n.1.)

Light Co. v. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990) ("[I]t would be inappropriate to limit summary judgment to cases where discovery is complete in light of the valuable role served by summary judgment and the commitment of discovery issues to the sound discretion of the trial judge.") (citation and internal quotation marks omitted).

Plaintiff's Motion to Compel Discovery on San Diego County, James Patrick Romo and Peter Myers [ECF No. 154] was accompanied by numerous exhibits and totaled 113 pages. Hupp propounded fourteen[3] interrogatories, six requests for production, and six requests for admission on Defendant Romo. (Pl.'s Mot. Compel Mem. P. & A. Exs. 1a, 1b, & 1c, at 15-35, ECF No. 154.) He also served six requests for production on Myers, and six requests for production on the County. (Id. Exs. 1d, 1e, at 36-48.) Defendants' objections to these requests were largely based on relevance; in the Motion to Compel, Hupp asserted his need for discovery but failed to explain how the information he sought related to any of his claims. In his Motion for Reconsideration, Plaintiff reiterates the same conclusory arguments.

Hupp takes issue with the Court's denial of his request for production of items listed in document request number two to the County; Plaintiff alleges that the Order "fails to elaborate or explain [the Court's] ruling in any manner whatsoever." (Pl.'s Mot. Recons. 4, ECF No. 261.) In his document request, Hupp sought "[a]ny and all documents that comprise of, or are part of, ROMO's personnel file, including the disciplinary record and any other documents concerning ROMO's hiring, training, duties, performance,

---

[3] Many interrogatories included multiple sub-parts.

assignments and mental and physical condition." (Pl.'s Mot. Compel Mem. P. & A. Ex. 1e, at 46, ECF No. 154.)  The Court discussed this request and Defendant's objections, and concluded that the request did not relate to any claim or defense pending in the case. "[A]fter Defendant Romo's dismissal from the case, any information Plaintiff expects to acquire from Romo's personnel file does not appear to be germane to the remaining claims." (Order Den. Mot. Compel 12, ECF No. 259.)

Plaintiff also complains of the Court's denial of discovery related to his earlier state criminal case, arguing that the basis and issues in this case involve his state civil contempt case. (Pl.'s Mot. Recons. 5, ECF No. 261.)  Plaintiff sought documents from Defendant San Diego County related to both his civil contempt case, San Diego Superior Court Case Number 37-2010-00102264-CU-HR-CTL, and his criminal case, San Diego Superior Court Case Number SCD238651.  This Court noted that because Hupp's state criminal case is ongoing and the federal claim related to it was stayed by Judge Curiel, Plaintiff could not propound discovery on that claim. (Order Den. Mot. Compel 10, ECF No. 259.)  Plaintiff does not present any new facts or argument to justify reconsideration of this ruling.  Indeed, Hupp states that his criminal proceedings are not "at issue here." (Pl.'s Mot. Recons. 5, ECF No. 261.)

Hupp's civil contempt case was prosecuted by the Office of the Attorney General of California. (Order Den. Mot. Compel 9, ECF No. 259.)  Although Plaintiff contends that his federal civil rights claims arise out of his state civil contempt case, he fails to explain why his request for documents related to that case was

properly addressed to Defendant County.  The Court denied the request for documents because Plaintiff could not demonstrate that the responding party, Defendant County, had the requisite control over the documents.  (Id.)  Plaintiff's Motion for Reconsideration fails to offer any new facts to suggest the denial was in error.

Plaintiff complains that the Court denied his document request three, which sought, inter alia, documents related to complaints about investigator Schmidt. (Pl.'s Mot. Recons. 4, ECF No. 261.) Hupp acknowledges that Schmidt was not a party to the case, but Plaintiff argues that he should have been allowed to add Schmidt as a defendant.  Judge Curiel denied Hupp's request to add Schmidt as a party. (Order Den. Pl.'s Mot. Extension 3, ECF No. 148) ("Plaintiff may not file a fourth amended complaint to add Roe Defendant Dan Schmidt.")  Plaintiff has not shown a basis for reconsideration of the ruling as to this document request.

Hupp objects to the Court's denial of his motion for production as to document request number five to Defendant County. (Pl.'s Mot. Recons. 4, ECF No. 261.) Plaintiff states that the Court issued the same ruling earlier "without giving Plaintiff a chance to be heard" and that Hupp "will not allow it to go unopposed a second time here." (Id. n.3.)

Hupp's document request five sought any written communications between Freedom Communications Inc., Michael Bishop, Richard and Judith Beyl, any federal court, any federal law enforcement agency, any state law enforcement agency and any local law enforcement agency. (Pl.'s Mot. Compel Mem. P. & A. Ex. 1e, at 48, ECF No. 154.)  Plaintiff previously sought to compel the same discovery from Defendant City of San Diego.  (See Pl.'s Mot. Compel Attach.

#1 mem. P. & A. 26, ECF No. 152.) The Court denied these requests as unrelated to the current litigation, noting that the entity and individuals named in them were defendants in other civil cases initiated by Hupp. (Order Den. Mot. Compel 17, ECF No. 259; Order Granting & Den. Mot. Compel 25 & n.9, ECF No. 251.) Plaintiff did not move for reconsideration of the Court's previous ruling, which denied this request directed to Defendant City of San Diego. He also did not file an objection to the Court's discovery decision pursuant to the Federal Rule of Civil Procedure 72(a). The rationale for denying the request served on the City of San Diego is the same for denying the request to the County of San Diego. A basis for reconsideration has not been shown.

Plaintiff asserts that the Court has "independently taken evidence." (Pl.'s Mot. Recons. 5, ECF No. 261.) But courts may take judicial notice of court records. See Fed. R. Evid. 201(b); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2409 (3d ed. 1998) ("[T]he power of a court to take judicial notice of its own records amply was established by a multitude of cases."). A court could also take judicial notice of the records of the proceedings in other courts, both within and without the federal judicial system. See St. Paul Fire & Marine Ins. Co. v. Cunningham, 257 F.2d 731, 732 (9th Cir. 1958) (taking judicial notice of items appearing in the records of the Superior Court of Mendocino County and the District Court of Appeal); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2409. In any event, Plaintiff does not dispute that the cases cited by the Court were

1  initiated by him against the entity and individuals he named in
2  document request five served on Defendant San Diego County.
3      The facts and circumstances surrounding Plaintiff's claims
4  have not changed since this Court's Order denying his Motion to
5  Compel against Defendants San Diego County, James Romo, and Peter
6  Myers.  No new facts were discovered since the Court's disposition
7  of the discovery motion.  Accordingly, the request for
8  reconsideration is DENIED.
9      Plaintiff's Motion for Reconsideration also addresses
10 Plaintiff's failure to attend the May 6, 2014 settlement conference
11 in this case. (Pl.'s Mot. Recons. 4-5, ECF No. 261.)  The Court
12 turns to that issue.

### B.  Order to Show Cause

14     On March 8, 2013, the Court held an early neutral evaluation
15 in this case.  Plaintiff appeared telephonically at the conference.
16 (Mins., Mar. 8, 2013, ECF No. 117.)  Following the conference, the
17 Court issued a case management order setting a further settlement
18 conference for October 8, 2013 [ECF No. 118].  On September 27,
19 2013, the Court reset the conference for November 15, 2013 [ECF No.
20 162].  Plaintiff sought leave to appear telephonically at the
21 conference due to a schedule conflict and because the conditions of
22 his criminal probation did not allow him to leave Riverside County
23 [ECF No. 187].  The Court granted the request, and Plaintiff
24 appeared telephonically on November 15, 2013.  (Mins., Nov. 15,
25 2013, ECF No. 200.)
26     The Court scheduled a further mandatory in-person settlement
27 conference for May 6, 2014.  (Id.)  Plaintiff did not seek leave to
28 appear telephonically at the conference.  At the time and date set

1  for the settlement conference, Plaintiff failed to appear.
2  Consequently, the Order to Show Cause for Plaintiff's failure to
3  attend was issued [ECF No. 256].
4      Plaintiff's response to the Court's Order to Show Cause states
5  that he had no knowledge of the May 6, 2014 mandatory settlement
6  conference because he never received notice from the Court. (Pl.'s
7  Reply Judge Brooks['] May 6, 2014 Mins. 2-3, ECF No. 258.)  Hupp
8  claims that he was not provided notice of "numerous" other court
9  orders in the past.  (Id. at 3 n.2.)  Plaintiff acknowledges that
10 he received the Court's voicemail message asking him to contact the
11 Court.  He claims, however, that he did not receive it until 6 p.m.
12 that night.  (Id. at 2.)  Plaintiff acknowledges the next
13 settlement conference date set for September 5, 2014, and requests
14 to appear telephonically.  (Id. at 3.)
15     Defendants did not file any reply to the Order to Show Cause.
16 Considering Plaintiff's pro se status and that he may not have
17 received the November 15, 2013 minutes setting the May 6, 2014
18 mandatory settlement conference, the Order to Show Cause is
19 discharged.  Hupp's request to appear telephonically is denied
20 without prejudice.  Plaintiff may resubmit his request closer to
21 the scheduled date for the conference and may seek to appear by
22 telephone based on then-existing facts.
23 //
24 //
25 //
26 //
27 //
28 //

## II. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Reconsideration [ECF No. 261]. The Order to Show Cause [ECF No. 256] is discharged.

**IT IS SO ORDERED.**

Dated: June 24, 2014

                                      Ruben B. Brooks
                            United States Magistrate Judge

cc: Judge Curiel
     All Parties of Record