1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12

PAUL HUPP,

13

Plaintiff,

14
15

vs.

16
17
18
19

SAN DIEGO COUNTY, et al.

20

Defendants.

21
22

CASE NO. 12cv0492-GPC-RBB

**ORDER:**

**1) GRANTING DEFENDANTS CITY OF SAN DIEGO AND RAYMOND WETZEL'S MOTION FOR SUMMARY JUDGMENT**

[Dkt. No. 204.]

**2) DENYING PLAINTIFF'S EX PARTE MOTION TO STRIKE**

[Dkt. No. 274.]

**3) VACATING MOTION HEARING**

23

        Presently before the Court is a motion for summary judgment filed by

24

Defendants City of San Diego and Raymond Wetzel (collectively, "Defendants")

25

pursuant to Federal Rules of Civil Procedure 56. (Dkt. No. 204.) The Parties have

26

filed several briefs in support of and in opposition to Defendants' motion. (Dkt.

27

Nos. 236, 244, 264, 270.) In addition, Plaintiff has filed an ex parte motion to strike

28

Defendants' reply brief filed in response to Defendants' motion. (Dkt. No. 274.) The

Court finds the motions suitable for disposition without oral argument. Civ. L. R. 7.1(d)(1). Having considered the entire record of this case, the Parties' respective briefs, submitted evidence, and the applicable law, and for the following reasons, the Court **DENIES** Plaintiff's ex parte motion to strike and **GRANTS** Defendants' motion for summary judgment.

### FACTUAL BACKGROUND

As detailed in prior orders, this action stems from a lengthy history of state civil contempt and criminal court proceedings against Plaintiff Paul Hupp ("Plaintiff") as well as Plaintiff's subsequent detention in San Diego County jail. The present motions concern the liability of San Diego Police Department Detective Raymond "Charlie" Wetzel ("Defendant Wetzel" or "Detective Wetzel") and the City of San Diego for alleged failure to turn over exculpatory <u>Brady</u> evidence during Plaintiff's civil contempt proceedings, as well as their liability for emotional distress and failure to hire, train, discipline, and retain detectives to properly turn over exculpatory evidence. (Dkt. No. 204.)

As alleged in Plaintiff's Third Amended Complaint ("TAC"), the San Diego Superior Court entered a three-year restraining order against Plaintiff on November 15, 2010. (Dkt. No. 64, "TAC" ¶ 26.) The restraining order prohibited Plaintiff from contacting or harassing Administrative Law Judge Freedman, (<u>id.</u>), a judge who entered a civil judgment against Plaintiff in or around 1998. (Dkt. No. 204-5, "Wetzel Decl." ¶ 3.) On July 20, 2011, ALJ Freedman applied for civil contempt of court charges against Plaintiff based on accusations that Plaintiff sent ALJ Freedman four letters in violation of the restraining order. (TAC ¶ 27.) On November 16, 2011, the Superior Court found Plaintiff guilty of violating the restraining order beyond a reasonable doubt and sentenced Plaintiff to 25 days in custody and a $5,000 fine. (TAC ¶ 32.) The court ordered Plaintiff to self-surrender on January 3, 2012 to serve his sentence. (Wetzel Decl. ¶ 3.)

On December 30, 2011, Defendant Wetzel, in his capacity as a police officer

with the San Diego Police Department, was assigned to investigate "allegations of violations of California Penal Code section 422 (criminal threats) and California Penal Code section 166(a)(4) (Contempt of Court) against Paul Hupp." (Wetzel Decl. ¶ 3.) Detective Wetzel learned that ALJ Freedman received an additional threatening letter on December 29, 2011. (Id. ¶ 4, Ex. 1.) The letter expressly threatened ALJ Freedman's life. (Id.) Detective Wetzel undertook various steps to investigate the charges against Plaintiff. (Id. ¶¶ 4-13.) Based on his "investigation, knowledge and experience," Detective Wetzel determined "that the elements of Penal Code section 422 (Criminal Threats) and Penal Code section 166 (Contempt of Court) were met." (Id. ¶ 13.) Detective Wetzel then "turned over [his] entire investigative file to the District Attorney's office." (Id. ¶ 13.)

On January 13, 2012, while in custody serving his civil contempt sentence, Plaintiff was arraigned on the criminal threats and contempt of court charges. (Dkt. No. 264-1, Hupp Decl. Ex. 3.) At the arraignment, the government requested an increase in Plaintiff's bail due to evidence of "prelonged[sic] and apparently escalating threat from Mr. Hupp." (Id.) Describing the threatening letter ALJ Freedman received on December 29, 2011, the government requested a bail increase of $200,000, for a total bail of $250,000. (Id.) The court set Plaintiff's bail at $150,000. (Id.)

## PROCEDURAL BACKGROUND

On February 28, 2012 Plaintiff Paul Hupp, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) On August 28, 2012, Plaintiff filed a TAC, the current operative complaint. (Dkt. No. 64.) The TAC names eight Defendants, including the County of San Diego, the City of San Diego, the City of Beaumont, and five individual Defendants. (Id.) In the TAC, Plaintiff alleges the following causes of action: (1) withholding of "Brady" evidence; (2) conspiracy to withhold "Brady" evidence; (3) interference with legal mail; (4) unlawful detention; (5) intentional infliction of emotional distress; (6) gross negligence in the hiring of

deputy district attorneys and peace officers; (7) gross negligence in the training of deputy district attorneys and peace officers; (8) gross negligence in the supervision of deputy district attorneys and peace officers; (9) gross negligence in the retention of deputy district attorneys and peace officers; (10) declaratory and injunctive relief as to the Defendant Kiernan's ineffective assistance as counsel; (11) declaratory and injunctive relief against San Diego Sheriff's Department; (12) interference with free speech, right to petition government and legal proceedings due to wrongful search and seizure. (TAC ¶¶ 47-141.)

On December 6, 2013, Defendants Raymond "Charlie" Wetzel and the City of San Diego filed the present motion for summary judgment or partial summary judgment as to Causes of Action 1, 2, 5, 6, 7, 8, and 9 as alleged against them in Plaintiff's TAC. (Dkt. No. 204.) On December 10, 2013, this Court set a briefing schedule requiring Plaintiff to file a response on or by December 27, 2013. (Dkt. No. 128.) On December 24, 2013, Plaintiff filed a motion for extension of time to respond to Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). (Dkt. No. 215.) Plaintiff sought "30 days to respond to CITY and WETZEL'S motion for summary judgment *after* both have produced meaningful discovery to Plaintiff." (Id. at 4) (emphasis in original). In support of the motion for extension of time, Plaintiff submitted a declaration stating that Plaintiff is litigating multiple cases simultaneously, (Dkt. No. 215 at 6), and that Plaintiff lacks meaningful discovery from Defendants necessary to prepare an opposition to the motion for summary judgment, (id. at 8-9). The Court found that neither reason justified a stay on consideration of Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56(d).[1] The Court therefore denied Plaintiff's motion for extension of time. (Dkt. No. 220.)

However, recognizing that Plaintiff proceeds *pro per*, the Court exercised

---

[1] Prior to 2010, Rule 56(d) was numbered as Rule 56(f). See Advisory Committee notes to 2010 Amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).")

discretion pursuant to Federal Rule of Civil Procedure 6(b)(1) to grant Plaintiff an extension of time for good cause. (Id.) Accordingly, the Court continued by two months the hearing set to hear Defendants' motion and allowed Plaintiff an additional month, until February 28, 2014, to prepare a responsive brief. (Id.)

On February 28, 2014, Plaintiff filed a second ex parte motion for extension of time to file a response to Defendants' motion for summary judgment. (Dkt. No. 238.) Plaintiff claimed he was not aware he needed to identify the specific facts further discovery would reveal in order to request an extension of time, (id. at 3), and provided a declaration stating that he "expect[ed] 'specific facts' from [his] **INITIAL FIRST ROUND OF DISCOVERY REQUESTS** to reveal that Defendants **withheld exculpatory evidence** from Plaintiff in his civil contempt hearing in 2011." (Id. at 7) (emphasis in original). On March 28, 2014, the Court again found that Plaintiff had failed to identify specific facts further discovery would reveal to justify an extension of time under Rule 56(d). (Dkt. No. 245 at 3.)

However, again recognizing that Plaintiff proceeds in this matter *pro per* and that Plaintiff then had a motion to compel discovery from Defendants that was still under consideration by Magistrate Judge Brooks, the Court temporarily stayed the briefing schedule on the present motion for summary judgment pending a ruling on Plaintiff's motion to compel discovery from Defendants. (Id.) On April 10, 2014, Judge Brooks granted in part and denied in part Plaintiff's motion to compel discovery from Defendants City of San Diego and Raymond Wetzel. (Dkt. No. 251.) Specifically, the court granted Plaintiff's motion to compel: (1) two answers from Defendants to Plaintiff's requests for admission; and (2) certain materials pursuant to a protective order limiting the dissemination of those materials. (Dkt. No. 251.) In all other respects, the court denied Plaintiff's motion to compel discovery from Defendants. (Id.) This Court accordingly reset a briefing schedule on the present Motion for Summary Judgment, requiring Plaintiff to file a response to the motion on or by June 20, 2014. (Dkt. No. 252.)

1    On May 5, 2014, Plaintiff filed a motion to compel compliance with the

2  court's April 10, 2014 order, stating that Defendants had produced only the court-

3  ordered answers to Plaintiff's requests for admission. The Parties were unable to

4  stipulate to a protective order. (Dkt. No. 255, 255-1.) On June 16, 2014, Defendants

5  filed a response to Plaintiff's motion to compel compliance, (Dkt. No. 262), along

6  with an ex parte motion for a protective order, (Dkt. No. 263). On June 24, 2014,

7  the court denied Plaintiff's motion to compel compliance and granted Defendants'

8  request for a protective order, conditioning Plaintiff's receipt of relevant discovery

9  documents on his agreement to Defendants' protective order. (Dkt. No. 265.)

10    Plaintiff filed a response to Defendants' pending Motion for Summary

11  Judgment on June 20, 2014. (Dkt. No. 264.) Defendants filed a reply on July 7,

12  2014. (Dkt. No. 270.) On July 18, 2014, Plaintiff filed an ex parte motion to strike

13  Defendants' reply brief. (Dkt. No. 274.)

14                           **LEGAL STANDARD**

15    Federal Rule of Civil Procedure 56 empowers the Court to enter summary

16  judgment on factually unsupported claims or defenses, and thereby "secure the just,

17  speedy and inexpensive determination of every action. " Celotex Corp. v. Catrett,

18  477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate if the "pleadings,

19  depositions, answers to interrogatories, and admissions on file, together with the

20  affidavits, if any, show that there is no genuine issue as to any material fact and that

21  the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

22  A fact is material when it affects the outcome of the case. Anderson v. Liberty

23  Lobby, Inc., 477 U.S. 242, 248 (1986).

24    The moving party bears the initial burden of demonstrating the absence of

25  any genuine issues of material fact. Celotex Corp., 477 U.S. at 323.  The moving

26  party can satisfy this burden by demonstrating that the nonmoving party failed to

27  make a showing sufficient to establish an element of his or her claim on which that

28  party will bear the burden of proof at trial. Id. at 322-23. If the moving party fails

to bear the initial burden, summary judgment must be denied and the court need not

consider the nonmoving party's evidence.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S.

144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot

rest on the mere allegations or denials of his pleading, but must "go beyond the

pleadings and by her own affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file' designate 'specific facts showing that there

is a genuine issue for trial.'"  <u>Celotex</u>, 477 U.S. at 324.  If the non-moving party

fails to make a sufficient showing of an element of its case, the moving party is

entitled to judgment as a matter of law.  <u>Id.</u> at 325.  "Where the record taken as a

whole could not lead a rational trier of fact to find for the nonmoving party, there is

no 'genuine issue for trial.'"  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

475 U.S. 574, 587 (1986).  In making this determination, the court must "view[] the

evidence in the light most favorable to the nonmoving party."  <u>Fontana v. Haskin</u>,

262 F.3d 871, 876 (9th Cir. 2001).  The Court does not engage in credibility

determinations, weighing of evidence, or drawing of legitimate inferences from the

facts; these functions are for the trier of fact.  <u>Anderson</u>, 477 U.S. at 255.

## DISCUSSION

## I.    Motion to Strike

Plaintiff has filed a motion to strike Defendant's five-page reply brief,

claiming the brief "go[es] far outside of the opposition papers of Plaintiff." (Dkt.

No. 274 at 3.) Defendants' reply brief, (Dkt. No. 270), raises four arguments: (1)

Plaintiff's opposition failed to present evidence to defeat summary judgment; (2)

Plaintiff's <u>Brady</u> claim, as articulated in Plaintiff's opposition, is not actionable

under 42 U.S.C. § 1983; (3) Plaintiff's opposition brief concedes that Plaintiff

received the allegedly withheld exculpatory <u>Brady</u> evidence at issue in this case;

and (4) Plaintiff is not entitled to any other continuances. (Dkt. No. 270.) As an

initial matter, the Court disagrees that Defendants' reply brief exceeds the scope of

Plaintiff's Opposition.

However, even if Defendants' reply brief can be read as exceeding the scope of Plaintiff's opposition papers, district courts have broad discretion to consider arguments first raised in a reply brief. Lane v. Dept. of Interior, 523 F.3d 1128, 1140 (9th Cir.2008) (citing Glenn K. Jackson, Inc., 273 F.3d at 1201–02)). The Court finds that, as with Plaintiff's previous motion to strike the reply brief filed by other Defendants in this case, (see Dkt. No. 202-1), Plaintiff utilizes the present motion to strike to respond substantively to Defendants' arguments without leave from the Court to submit a sur-reply. (Dkt. No. 274 at 2-5.) Accordingly, the Court finds that Plaintiff has not been prejudiced by any arguments raised in Defendant's reply brief and DENIES Plaintiff's motion to strike. See Koerner v. Grigas, 328 F.3d 1039, 1048-49 (9th Cir. 2003) (new arguments made in a movant's reply brief are reviewed by the court (1) "for good cause shown"; (2) when it is raised in the opponent's brief; or (3) if failure to raise the issue properly did not prejudice the opposing party).

As an independent, alternative reason for denying Plaintiff's motion to strike, the Court finds that Defendants' reply brief does not impact the Court's substantive determination of the merits of Defendants' motion for summary judgment. The Court accordingly DENIES Plaintiff's motion to strike Defendants' reply brief as moot. See Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP, 593 F. Supp. 2d 1153, 1161 (S.D. Cal. 2008) (Gonzalez, J.).

## II.   Motion for Summary Judgment

Defendants move for summary judgment on the grounds that: (1) Plaintiff lacks evidence that Detective Wetzel committed a Brady violation; (2) "Conspiracy to commit Brady violations" is not a legally cognizable cause of action; (3) Detective Wetzel is protected by absolute and qualified immunity; (4) Plaintiff's causes of action against the City of San Diego did not comply with the California Tort Claims Act; and (5) Plaintiff has failed to produce evidence of a custom,

1  policy, or practice leading to an alleged <u>Monell</u> violation. (Dkt. No. 204, 204-1.)

2       **A.**     **Brady Violation and Conspiracy to Commit Brady Violation**

3       Plaintiff's first and second causes of action in his TAC seek to hold

4  Defendant Raymond Wetzel and the San Diego Police Department as an agency of

5  Defendant City of San Diego liable for committing <u>Brady</u> violations as well as for

6  conspiracy to commit a <u>Brady</u> violation(s). (TAC at 12-16.) In <u>Brady v. Maryland</u>,

7  373 U.S. 83, 87 (1963), the Supreme Court recognized that suppression of evidence

8  favorable to the accused by the prosecution violates due process. A <u>Brady</u> violation

9  has three components: "[1] The evidence at issue must be favorable to the accused,

10 either because it is exculpatory, or because it is impeaching; [2] that evidence must

11 have been suppressed by the State, either willfully or inadvertently; and [3]

12 prejudice must have ensued." <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999)

13 (numbers added).

14      Defendants move for summary judgment on Plaintiff's <u>Brady</u>-related claims

15 on the ground that Plaintiff has "presented no evidence that Detective Wetzel

16 committed a *Brady* violation other than his own conclusory allegations of the

17 same." (Dkt. No. 204-1 at 8.) Plaintiff argues facts preclude summary judgment on

18 his <u>Brady</u> claims because his declaration demonstrates that Defendant Wetzel

19 "withheld exculpatory <u>Brady</u> evidence at Plaintiff's <u>January 13, 2012</u> arraignment,

20 causing an excessive bond amount to be requested by the People and granted by

21 Judge Szumowski; forcing Plaintiff to assume liability for a bond premium far in

22 excess of what would have been granted but for the withheld exculpatory <u>Brady</u>

23 evidence at the hands of WETZEL." (Dkt. No. 264 at 3.) To support his claim,

24 Plaintiff has filed the transcript of his January 13, 2012 arraignment, (Dkt. No. 264-

25 1, Hupp Decl. Ex. 3), as well as a discovery receipt demonstrating that the first

26 batch of discovery turned over to Plaintiff was dated January 24, 2012, (<u>id.</u> Ex. 4).

27      The Court finds that Plaintiff has failed to meet his burden of producing

28 evidence sufficient to withstand summary judgment on his <u>Brady</u>-related claims.

1  See Celotex, 477 U.S. at 325 (holding that if the non-moving party fails to make a
2  sufficient showing of an element of its case, the moving party is entitled to
3  judgment as a matter of law). As articulated in Plaintiff's opposition to Defendants'
4  motion for summary judgment, Plaintiff claims Defendants are liable for Detective
5  Wetzel's failure to turn over exculpatory evidence prior to Plaintiff's January 13,
6  2012 arraignment, resulting in an elevated bond premium. (Dkt. No. 264 at 3.)
7  However, Plaintiff has offered no evidence to support a contention that: (1) the
8  evidence at issue was favorable to him; or (2) that Detective Wetzel had the
9  evidence prior to Plaintiff's arraignment. See Strickler, 527 U.S. at 281-82. Neither
10  has Plaintiff offered any evidence to support a claim that Defendants conspired to
11  commit Brady violation(s). Given Plaintiff's complete failure of proof on two
12  elements of his Brady claim, the Court finds that Defendants are entitled to
13  judgment as a matter of law.

14       The Court notes that, as discussed in detail below, the Court is not compelled
15  by Plaintiff's argument that inadequate discovery is to blame for Plaintiff's sparse
16  evidentiary showing. (Dkt. No. 264 at 4.) In particular, Plaintiff has not provided
17  evidence of the allegedly exculpatory evidence at issue in this case that forms the
18  basis for his Brady violation claims. This omission may not be blamed on
19  inadequate discovery, as the allegedly exculpatory evidence was not part of
20  Plaintiff's motion to compel discovery, (Dkt. No. 152), and indeed the evidence
21  Plaintiff *has* provided indicates that Plaintiff is in possession of the allegedly
22  exculpatory evidence. (Dkt. No. 264-1, Hupp Decl. Ex. 4) (evidence of receipt of
23  disclosures received by Plaintiff's defense counsel on January 24, 2012). Plaintiff
24  has not proffered or explained his failure to proffer the allegedly exculpatory
25  evidence in opposition to summary judgment. Neither has Plaintiff submitted any
26  affidavits, including his own, in opposition to summary judgment on his Brady
27  claims. Accordingly, the Court GRANTS Defendants' motion for summary
28  judgment on Plaintiff's Brady violation and conspiracy to commit Brady violations

1  claims.

2  **B.   Remaining Causes of Action**

3        In addition, Defendants move for summary judgment on Plaintiff's remaining

4  claims against Defendant Wetzel and Defendant City of San Diego, arguing

5  Plaintiff has not satisfied the requirements of the California Tort Claims Act in

6  order to sue the City of San Diego for intentional infliction of emotional distress or

7  negligence, and that Plaintiff has not produced any evidence of a custom, policy, or

8  practice that led to a constitutional violation under Monell v. Department of Social

9  Services of City of New York, 436 U.S. 658 (1978). (Dkt. No. 204-1.)

10       Plaintiff's response fails to address any arguments raised by Defendants in

11 favor of summary judgment on the fifth, sixth, seventh, eighth, or ninth causes of

12 action alleged against Defendants in Plaintiff's TAC. (Dkt. No. 264.) Neither does

13 Plaintiff's declaration in opposition to summary judgment offer any evidence to

14 contradict or oppose Defendants' motion as it relates to Plaintiff's fifth, sixth,

15 seventh, eighth, or ninth causes of action against Defendants. (Dkt. No. 264-1.)

16       Due to Plaintiff's failure to respond to Defendants' motion as it pertains to

17 Plaintiff's fifth, sixth, seventh, eighth, or ninth causes of action against Defendants,

18 the Court deems that portion of Defendants' motion unopposed. A district court may

19 not grant a motion for summary judgment solely because the opposing party has

20 failed to file an opposition. Cristobal v. Siegel, 26 F.3d 1488, 1494–95 & n. 4 (9th

21 Cir. 1994). The court may, however, grant an unopposed motion for summary

22 judgment if the moving party's papers are themselves sufficient to support the

23 motion and do not on their face reveal a genuine issue of material fact. See Carmen

24 v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001).

25       **1.   Plaintiff's Fifth Cause of Action: Emotional Distress**

26       Plaintiff's fifth cause of action seeks to hold Defendants liable for emotional

27 distress inflicted by Defendants' "numerous criminal acts and civil wrongs as

28 outlined in this complaint." (TAC ¶ 88.)

Defendants move for summary judgment on Plaintiff's emotional distress claim as on the ground that Plaintiff failed to present his claim to the City prior to filing his claim for money damages. (Dkt. No. 204-1 at 5.) Under the California Tort Claims Act, California Government Code sections 810-978.8, presentation of a claim for money damages against a public entity or public employee (the "presentation requirement") is a prerequisite to filing suit. State of California v. Superior Ct., 32 Cal. 4th 1234, 1239 (2004) ("[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.").

Here, Defendants submit the uncontroverted declaration of Deputy City Attorney Christina M. Milligan stating that she received Plaintiff's "Claim Against the City of San Diego" on September 21, 2012 - nearly seven months after the filing of Plaintiff's initial Complaint in the above-captioned matter. (Dkt. No. 204-3, Milligan Decl. ¶ 2.) As the California Supreme Court has held that the presentation requirement under the California Tort Claims Act is a "condition precedent to plaintiff's maintaining an action against defendant, in short, an integral part of plaintiff's cause of action," State of California v. Superior Court, 32 Cal. 4th at 1240, the Court finds that Defendants' evidence is sufficient to support their motion for summary judgment on Plaintiff's emotional distress claim and does not on its face reveal a genuine issue of material fact. See Carmen, 237 F.3d at 1029. Accordingly, the Court GRANTS Defendants' motion for summary judgment on Plaintiff's fifth cause of action.

### 2.    Sixth-Ninth Causes of Action

Plaintiff's sixth through ninth causes of action seek to hold Defendant City of San Diego liable for "gross negligence" in the hiring, training, supervision, and retention of peace officers. (TAC at 21-27.)

Defendants move for summary judgment on Plaintiff's sixth through ninth causes of action on two grounds: (1) to the extent that Plaintiff puts forth a

negligence theory, Plaintiff has failed to identify a statutory basis for imposing liability against the City; and (2) to the extent that Plaintiff puts forth a section 1983 "custom, policy or practice" theory of liability ("Monell violation"), Plaintiff has failed to produce evidence of a custom, policy, or practice. (Dkt. No. 204-1 at 6-7.)

As to a possible negligence theory, under the California Torts Claims Act, a public entity is not liable for injuries except as provided by statute. Cal. Gov't Code § 815; see also Zelig v. Cty. of Los Angeles, 27 Cal. 4th 1112, 1127-28 (2002). Plaintiff has not, in his complaints or in opposition to summary judgment, pointed to a statutory basis under which the City of San Diego may be liable for gross negligence for failure to properly hire, train, supervise, or retain peace officers, and the Court knows of none. Accordingly, to the extent that Plaintiff asserts a negligence theory in the sixth through ninth causes of action in his TAC, the Court GRANTS Defendants' motion for summary judgment on these claims.

As to a possible Monell violation theory under section 1983, there is no *respondeat superior* liability under 42 U.S.C. § 1983. Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 692 (1978). Instead, a government entity can only be held liable under section 1983, if "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). In order to establish liability for governmental entities under Monell, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v.

1  Thompson, 131 S. Ct. 1350, 1359 (2011).

2       The Court finds that Plaintiff has offered no evidence showing a genuine

3  issue for trial on the question of whether Defendant City of San Diego had or has a

4  policy that amounts to deliberate indifference of Plaintiff's constitutional rights. As

5  an initial matter, as the Court found above, Plaintiff has not proffered sufficient

6  evidence to support his claim of a Brady violation by Defendants. Accordingly,

7  Plaintiff has not demonstrated he was deprived of a constitutional right.

8  Furthermore, Plaintiff has not offered any evidence of a policy or practice that

9  amounts to deliberate indifference of his constitutional rights. Indeed, Plaintiff's

10  opposition to Defendants' motion for summary judgment points only to allegedly

11  withheld evidence from a single arraignment while Plaintiff was in custody. Even if

12  Plaintiff were able to prove the alleged Brady violation at issue, this violation would

13  fall short of a claim for deliberate indifference under Monell. See City of Oklahoma

14  City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of

15  unconstitutional activity is not sufficient to impose liability under Monell, unless

16  proof of the incident includes proof that it was caused by an existing,

17  unconstitutional municipal policy, which policy can be attributed to a municipal

18  policymaker."). In the absence of any evidence supporting Plaintiff's claim of a

19  deliberately indifferent City of San Diego policy or practice, the Court GRANTS

20  Defendants' motion for summary judgment on Plaintiff's sixth through ninth causes

21  of action alleging grossly negligent hiring, training, and retention of peace officers

22  against San Diego County in violation of section 1983.

23  **III.  Extension of Time for Discovery**

24       Plaintiff utilizes the majority of his opposition to Defendants' Motion for

25  Summary Judgment to request a further extension of time to reply to Defendants'

26  motion. (Dkt. No. 264 at 1-5, 9.) Plaintiff's ex parte motion to strike Defendants'

27  reply brief likewise rehashes arguments against this Court's previous Orders finding

28  that Plaintiff has not justified a further extension of time to oppose the present

1   motion for summary judgment under Federal Rules of Civil Procedure 56(d). (Dkt.

2   No. 274 at 8-9.) The Court DENIES the request.

3       As an initial matter, the Court has set forth Plaintiff's burden in opposing

4   motions for summary judgment in previous Orders, (see Dkt. Nos. 221, 228), and

5   has set forth Plaintiff's burden to request extensions of time to oppose a motion for

6   summary judgment under the Federal Rules, (see Dkt. Nos. 220, 245) (quoting Fed.

7   R. Civ. P. 56(d); Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100 (9th

8   Cir. 2006)). Plaintiff may not claim ignorance of the evidentiary requirements for

9   demonstrating issues of fact for trial or justifying a continuance under Rule 56(d).

10      Furthermore, the Court rejects Plaintiff's characterization of this Court's

11  Orders as stating "ridiculous claims . . . that MSJ can be granted without any

12  discovery being produced whatsoever." (Dkt. No. 274 at 8.) To be clear, this Court

13  has previously rejected Plaintiff's requests for extensions of time to respond to

14  motions for summary judgment under Rule 56(d) due to Plaintiff's failure to make

15  an adequate showing regarding the facts he hopes to discover which would raise

16  issues of material fact for trial. (Dkt. Nos. 220, 245.) Requests for additional time to

17  conduct discovery under Rule 56(d) do not give plaintiffs a free pass to conduct

18  unlimited, wide-ranging, or burdensome discovery absent sufficient justification. As

19  such, plaintiffs seeking an extension of discovery under Rule 56(d) bear the "burden

20  of showing the trial court what facts it hope[s] to discover which would raise issues

21  of material fact." See Ladd v. Law & Tech. Press, 762 F.2d 809, 811 (9th Cir.

22  1985).

23      Plaintiff cites Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272,

24  1276 (9th Cir. 1991) for the proposition that "[s]ummary judgment should not be

25  granted before the completion of discovery." In Harris, the Ninth Circuit affirmed a

26  district court's denial of plaintiff Harris' request for extension of discovery under

27

28

Rule 56(d)[2] due to Harris' failure to meet his burden of showing the specific facts he hoped to discover that would raise an issue of material fact. 940 F.2d at 1276. The court specifically stated, as this Court has in numerous Orders, that "[o]rdinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact." Id. (quoting Continental Maritime v. Pacific Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987)). The court found that the plaintiff had not met that burden and granted the defendant's motion for summary judgment. Id. Importantly, courts routinely apply the requirement that a party seeking discovery show what specific facts it hopes to discover, regardless of the amount of (or lack of) discovery already completed. See Ladd, 762 F.2d at 811 (9th Cir. 1985) (affirming a trial court's denial of discovery to plaintiff and grant of summary judgment to defendant three and one-half-weeks after defendant filed an answer due to plaintiff's failure to "identify any specific facts that it hoped to discover"). The present case has been pending for nearly two and a half years. Plaintiff has, to this date, failed to demonstrate to this Court what specific facts he hopes to discover that would preclude summary judgment for Defendants.

In addition, despite Plaintiff's failure to make the required showing under Rule 56(d), this Court has twice granted Plaintiff extensions of time to respond to Defendants' motion for summary judgment. (Dkt. Nos. 220, 245.) In total, Plaintiff has had over six months of additional time to prepare his opposition. Although Plaintiff represents himself *pro se*, Plaintiff must still follow the rules of the court in which he litigates. Carter v. Comm'r, 784 F.2d 1006, 1008-09 (9th Cir. 1986). Absent any showing by Plaintiff to the contrary, the Court remains unconvinced that any additional time will result in the revelation of facts that would preclude

---

[2]The court addressed the previous version of Rule 56(d), then numbered Rule 56(f).

summary judgment.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's ex parte motion to strike (Dkt. No. 274) is **DENIED** and Defendant Raymond "Charlie" Wetzel and Defendant City of San Diego's Motion for Summary Judgment (Dkt. No. 204) is **GRANTED**. Accordingly, the Court **VACATES** the motion hearing set to hear this matter on Friday, July 25, 2014.

As none of Plaintiff's claims against the City of San Diego or Raymond Wetzel survive summary judgment, the Clerk of Court is directed to terminate the City of San Diego and Raymond Wetzel from the docket.

**IT IS SO ORDERED.**

DATED:  July 21, 2014

HON. GONZALO P. CURIEL
United States District Judge