# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>　　　　　Plaintiff,<br>vs.<br><br>SAN DIEGO COUNTY, et al.<br>　　　　　Defendants. | CASE NO. 12cv0492-GPC-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS AND VACATING MOTION HEARING DATE**<br><br>[Dkt. No. 273.] |

On July 18, 2014, Defendants City of San Diego, Raymond Wetzel, County of San Diego, James Romo, Peter Myers and Joseph Cargel (collectively, "Defendants") filed a joint motion to dismiss the present action pursuant to Federal Rules of Civil Procedure 41(b), 37(b), and 37(d). (Dkt. No. 273.) Defendants argue Plaintiff failed to attend a properly noticed deposition in violation of a court order and seek dismissal of the above-captioned matter in its entirety. (Id.) The Court has issued two orders requiring Plaintiff to respond to the motion. (Dkt. Nos. 277, 282.) Plaintiff's deadline to file a response was September 5, 2014. (Dkt. No. 282.) On September 12, 2014, Plaintiff filed an opposition to Defendants' Motion to Dismiss. (Dkt. No. 287.) On September 16, 2014, Defendants County of San Diego and Joseph Cargel filed an objection to Plaintiff's opposition brief, requesting that this

Court disregard Plaintiff's untimely opposition. (Dkt. No. 288.)

Since the filing of the present motion to dismiss, the Court has granted Defendants City of San Diego and Raymond Wetzel's motion for summary judgment on all claims against them in Plaintiff's Third Amended Complaint ("TAC"). (Dkt. No. 278.) In addition, the Court notes that Plaintiff's TAC claims against Defendants James Romo and Peter Meyers have also been dismissed on the merits. (Dkt. Nos. 221, 228.) In fact, of the twelve causes of action alleged against the various Defendants in Plaintiff's TAC, the current operative complaint, (Dkt. No. 64), only Plaintiff's twelfth cause of action against the County of San Diego and Joseph Cargel remains. (See Dkt. No. 156) (staying this Court's adjudication of Plaintiff's twelfth cause of action due to an ongoing criminal appeal proceeding under Younger abstention principles).[1]

Because Defendants' motion was filed prior to dismissal of several of Plaintiff's claims, the motion fails to set forth authority under which this Court may dismiss either: 1) a stayed cause of action such as the twelfth cause of action as set forth in Plaintiff's Third Amended Complaint; or 2) a "cause of action" for declaratory relief, for failure to prosecute or failure to obey a court order. Although the Court has discretion to dismiss a case under Federal Rules of Civil Procedure ("FRCP") 41(b) for a plaintiff's failure to prosecute or comply with a court order, or under FRCP 37 for failure to comply with a Court order, the Court declines to do so

---

[1] Although no Defendant has moved this Court to dismiss the second half of Plaintiff's eleventh cause of action for declaratory relief, (Dkt. No. 64 at ¶ 126), Plaintiff's claim for declaratory relief is related to his fourth cause of action for custody credits, (Dkt. No. 64 at ¶¶ 77-87). This Court granted Defendant County of San Diego's motion for judgment on the pleadings as to Plaintiff's fourth cause of action on March 4, 2014. (Dkt. No. 239.) It is well established that declaratory relief is a remedy and not a cause of action. Audette v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 n.2 (9th Cir. 1999) ("Our discussion of plaintiff's state law claims excludes the alleged fifth cause of action for 'declaratory judgment,' because it merely seeks relief rather than stating a claim."). Absent a viable underlying claim, this Court may not grant declaratory relief. See, e.g., Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1181 (E.D. Cal. 2010) ("In the absence of a viable claim, the complaint fails to support declaratory relief."); Ventimiglia v. Wells Fargo Bank, N.A., No. CIV 13-00953 WBS CMK, 2013 WL 5719526 at *2 (E.D. Cal. Oct. 21, 2013).

- 2 -

at this juncture because the remaining cause of action in the above-captioned matter is currently stayed. Accordingly, Defendants' motion is DENIED.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby DENIES WITHOUT PREJUDICE Defendants' motion to dismiss pursuant to FRCP 41(b), 37(b), and 37(d). Defendants may file a renewed motion to dismiss for failure to prosecute or failure to obey a court order if Defendants set forth legal authority under which the Court may grant such a motion while the remaining causes of action are stayed. Alternatively, Defendants may file a renewed motion once the stay is lifted.

Accordingly, the Court VACATES the motion hearing set for Friday, September 19, 2014 at 1:30 p.m.

**IT IS SO ORDERED.**

DATED: September 18, 2014

HON. GONZALO P. CURIEL
United States District Judge