UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>                        Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY DISTRICT ATTORNEY ET AL.,<br><br>                        Defendants. | Case No.:  12-cv-0492-GPC-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>[ECF No. 300] |

## INTRODUCTION

Presently before the Court is *pro se* Plaintiff Paul Hupp's ("Plaintiff") motion to sanction defendants, former defendants and defense counsel. (Mot. Sanction, ECF No. 300.)  In his motion Plaintiff claims that Defendants filed perjured documents and obstructed justice by failing to withdraw perjured documents in connection with a joint motion to dismiss for lack of prosecution filed and denied more than a year ago. (Mot. Sanctions at 2-3, ECF No. 300.)  Plaintiff seeks monetary sanctions and requests that the Court disregard Defendants' evidence. (*Id.* at 3.)  County of San Diego filed a response on October 28, 2015. (Opp'n, ECF No. 304.)  Having considered the parties submissions and applicable law, the Court **DENIES** Plaintiff's motion.

//

## RELEVANT BACKGROUND

As detailed in prior orders, this action stems from a lengthy history of state civil contempt and criminal court proceedings against Plaintiff Paul Hupp ("Plaintiff") as well as Plaintiff's subsequent detention in San Diego County jail.  On February 28, 2012 Plaintiff, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On August 28, 2012, Plaintiff filed a TAC, the current operative complaint.  (ECF. No. 64.)  The TAC names eight Defendants, including the County of San Diego ("County"), the City of San Diego, the City of Beaumont, and five individual Defendants and alleges twelve separate causes of action.  (*Id.*)  Of these, all but the twelfth cause of actions against the County and Joseph Cargel have been dismissed.  (*See* Order Joint Mot. Dismiss at 2, ECF No. 289.)  On May 8, 2013, Cargel moved to dismiss the remaining cause of the action.  (Cargel Mot. Dismiss, ECF No. 121.)  Cargel's motion was denied on September 17, 2013 and the case was stayed under *Younger v. Harris*, 401 U.S. 37 (1971).  (Mot. Dismiss Order at 9-10, ECF No. 156.)

On July 18, 2014, the City of San Diego, joined by the County of San Diego, filed a motion to dismiss pursuant to Rules 41(b), 37(b), and 37(d) of the Federal Rules of Civil procedure.  (*See* Joint Mot. Dismiss, ECF No. 273.)  The basis of the joint motion was Plaintiff's failure to prosecute and failure to attend his noticed deposition in spite of a Court order compelling him to do so.  (*Id.*)  On September 12, 2014, Plaintiff filed an opposition to that motion, disputing that the City's process server had made repeated attempts to serve Plaintiff with notice of his deposition.  (Opp'n to Mot. Dismiss, ECF No. 287.)  At that point, only the twelfth cause of action remained and the case had been stayed under *Younger* abstention principles.  On September 18, 2014, the Court denied the joint motion to dismiss without reaching the merits because of the stay.  (Order Mot. Dismiss, ECF No. 289.)

//
//
//

## DISCUSSION

Plaintiff's motion is premised on Defendants' alleged wrongdoing by filing and failing to withdraw allegedly perjured documents in contravention of federal and state law. (Mot. Sanctions at 2, ECF No. 300.) For the reasons set forth below, the court **DENIES** Plaintiff's motion for sanctions.

First, Plaintiff fails to offer any legal authority supporting sanctions under these circumstances and the Court finds none.

Second, Plaintiff's proffered evidence does not establish that Defendants or Defendants' counsel acted improperly or in bad faith. In support of their joint motion to dismiss, the City Defendants attached a "Non Service Report" signed under penalty of perjury dated June 8, 2014 indicating that Kathy Chandler of Diversified Legal Services, Inc., the City Defendants' process server, attempted to serve Plaintiff with the Deposition Notice 17 times at his residence between May 23, 2014 and June 8, 2014. (Joint Mot. Dismiss, Milligan Decl, Ex. 4 (Non Service Report), ECF No. 273-5.) In his opposition to the joint motion to dismiss, Plaintiff argued that Kathy Chandler's statements regarding service constituted perjury. (Opp'n Joint Mot. Dismiss at 4, ECF No. 287.) In support of his contention, Plaintiff provided evidence that the gated community he lives in requires process servers to show proper credentials and sign in, restricts process services to 7:30 a.m. to 10:00 p.m., and has 24/7 video surveillance. (*Id.*) Plaintiff argued that the process server sign in sheets for that period did not reflect that Kathy Chandler attempted service when she claimed and that there was only a single entry on June 2, 2014 indicating that Kathy Chandler signed in. Assuming *arguendo* that the process server's report constituted perjury, Plaintiff does not provide evidence suggesting that Defendants or counsel knew about the inaccuracy of the process server's statements or submitted her statements in bad faith or with an improper purpose. The Court does not find that counsel's reliance or submission of the process server's statements in support of the joint motion to dismiss warrants sanctions.

1  Third, the Court did not rely on any documents or alleged misrepresentations in
2  support of the joint motion to dismiss in its ruling on the motion.  In fact, the Court denied
3  the motion, declining to use its discretion to dismiss the case under Federal Rule of
4  Procedure 41(b) when the case was stayed pending resolution of Plaintiff's state criminal
5  appeal.  (*See* Mot. Dismiss Order at 2, ECF No. 289.)  Therefore, Plaintiff was not
6  prejudiced by the filing of allegedly perjured documents in support of the joint motion to
7  dismiss in any way.

## CONCLUSION

Plaintiff's motion for sanctions is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  November 6, 2015

Hon. Gonzalo P. Curiel
United States District Judge