UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY DISTRICT ATTORNEY ET AL.,<br><br>　　　　　　　　　Defendants. | Case No.: 12-cv-0492-GPC-RBB<br><br>**ORDER GRANTING DEFENDANTS COUNTY OF SAN DIEGO AND JOSEPH CARGEL'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[ECF No. 295] |

**INTRODUCTION**

Presently before the Court is a Motion for Judgment on the Pleadings filed by Defendants County of San Diego and Joseph Cargel (collectively "Defendants"). (ECF No. 295.) Paul Hupp ("Plaintiff") filed a response on October 15, 2015, *nunc pro tunc* to October 13, 2015. (ECF No. 302.) The Court finds the motion suitable for disposition without oral argument. Civ. L. R. 7.1(d)(1). Having considered the parties submissions and applicable law, the Court **GRANTS** Defendants' motion.

//
//
//

## FACTUAL BACKGROUND

As detailed in prior orders, this action stems from a lengthy history of state civil contempt and criminal court proceedings against Plaintiff Paul Hupp ("Plaintiff") as well as Plaintiff's subsequent detention in San Diego County jail. As alleged in Plaintiff's Third Amended Complaint ("TAC"), the San Diego Superior Court entered a three-year restraining order against Plaintiff on November 15, 2010. (TAC ¶ 26, ECF. No. 64.) On July 20, 2011, ALJ Freedman applied for civil contempt of court charges against Plaintiff based on accusations that Plaintiff sent ALJ Freedman four letters in violation of the restraining order. (*Id.* ¶ 27.) On November 16, 2011, the Superior Court found Plaintiff guilty of violating the restraining order beyond a reasonable doubt and sentenced Plaintiff to 25 days in custody and a $5,000 fine. (*Id.* ¶ 32.)

In January 2012, the San Diego County District Attorney ("DA") brought criminal charges against Plaintiff for stalking and threatening ALJ Freedman. (*See id.* ¶ 135.) On May 24, 2012, Cargel, a peace officer employed by the San Diego District Attorney's Office, submitted a sworn affidavit in support of a warrant application to search Plaintiff's residence on May 24, 2012. (Mot. Dismiss, Ex. A (Affidavit for Search Warrant No. 42888) ("Affidavit") at 2-11, ECF No. 121-3.) A California Superior Court Judge issued a search warrant the same day. (*Id.*, Ex. B (Search Warrant No. 42888) ("Search Warrant") at 2-3 ECF No. 121-6.) Cargel then executed the search warrant, which led to the seizure of certain items belonging to Plaintiff, including a laptop, printers, and an external hard drive. (TAC ¶¶ 127-29, ECF. No. 64.)

Following the criminal investigation, Deputy District Attorney for San Diego County, James Patrick Romo ("Romo") filed criminal charges against Hupp for stalking (CA Penal Code § 646.9(a)), stalking with court order in effect (CA Penal Code § 646.9(b)), making a criminal threat (CA Penal Code § 422) and disobeying a court order (CA Penal Code § 166(a)(4)). (Mot. Dismiss, Ex. C ("Amended Information"), ECF No. 121-6.) Each charge was related to Hupp's harassment of ALJ Freedman. (*See id.*) On

February 19, 2013, a jury trial found Hupp guilty on all four criminal counts. (*Id.*, Ex. D ("Judgment"), ECF No. 121-6.)

## PROCEDURAL BACKGROUND

On February 28, 2012 Plaintiff, proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. (Compl, ECF No. 1.) On August 28, 2012, Plaintiff filed a TAC, the current operative complaint. (TAC, ECF. No. 64.) The TAC names eight Defendants, including the County of San Diego ("County"), the City of San Diego, the City of Beaumont, and five individual Defendants and alleges twelve separate causes of action. (*Id.*) Of these, all but the twelfth cause of actions have been dismissed. (*See* Order Denying Mot. Dismiss at 2, ECF No. 289.)

In the TAC's twelfth cause action, Plaintiff seeks civil and punitive damages from Cargel and the County, claiming that his constitutional rights were violated by the procurement and execution of the May 2012 search warrant without probable cause. (TAC ¶¶ 127-141, ECF No. 64.) Plaintiff alleges that Defendants commenced a "fishing expedition" despite knowing that "there was no evidence of any crime on Plaintiff's computer, his printers or anything else." (*Id.* ¶¶ 133-34.) Plaintiff states that nothing in Cargel's affidavit turned out to be true. (*Id.* ¶¶ 131, 134.)

On May 8, 2013, Cargel filed a motion to dismiss the twelfth cause of action on grounds that Cargel was entitled to absolute, quasi-prosecutorial immunity. (Mot. Dismiss, ECF No. 121.) On September 14, 2013, the Court denied Cargel's motion and stayed the twelfth cause of action under *Younger* abstention principles pending resolution of Plaintiff's state criminal appeal. (Mot. Dismiss Order, ECF No. 156.) On January 8, 2015, the California Court of Appeal affirmed Plaintiff's criminal conviction. (Ex Parte Mot. for Leave to File Answer and Mot. J. Pleadings, ECF No. 292.) On April 1, 2015, the California Supreme Court denied Plaintiff's petition for review and that the case was considered "complete" as of April 8, 2015. (*Id*.) Defendants subsequently sought and obtained leave to file the present motion. (Order Lifting Stay, ECF No. 293.)

Defendants filed the instant motion on August 21, 2015. (Mot. J. Pleadings, ECF No. 295.) Plaintiff filed a response on October 15, 2015. (Opp'n, ECF No 302.)

## LEGAL STANDARD

Under FRCP 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing—a motion for judgment on the pleadings is typically brought after an answer has been filed whereas a motion to dismiss is typically brought before an answer is filed. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog. *Id.*; *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6), because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.") (internal quotations and citation omitted). Thus, when deciding a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984); *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967)). The court construes all material allegations in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios*, 896 F.2d at 1550. Thus, judgment on the pleadings in favor of a defendant is not appropriate if the complaint raises issues of fact that, if proved, would support the plaintiff's legal theory. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

The mere fact that a motion is couched in terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal rather than judgment. *Sprint Telephony PCS, L.P. v. Cnty. of San Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004) (citing *Amersbach v. City of Cleveland,* 598 F.2d 1033, 1038 (6th Cir. 1979)). Courts have discretion to grant Rule 12(c) motions with leave to amend. *In re Dynamic Random Access Memory Antitrust Litigation,* 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). Courts also have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim. *Id.; see also Amersbach,* 598 F.2d at 1038.

Documents attached to, incorporated by reference in, or integral to the complaint may be properly considered under Rule 12(c) without converting the motion into one for summary judgment. *Rose v. Chase Manhattan Bank USA*, 396 F. Supp. 2d 1116, 1119 (C.D. Cal. 2005) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. *Hal Roach Studios*, 896 F.2d at 1550 (citations omitted).

## DISCUSSION

In support of their motion, Defendants assert (1) Cargel is entitled to qualified immunity and therefore not subject to civil liability; (2) Plaintiff has failed to establish a requisite *Monell* claim against the County; and (3) the *Heck* bar precludes Plaintiff from this civil rights action.

**A.   Qualified Immunity**

Cargel argues that he is entitled to qualified immunity because the challenged search was executed pursuant to a facially valid search warrant supported by probable cause and reviewed for legal sufficiency by a Superior Court judge and Romo. (Mot. J. Pleadings at 6, ECF No. 295.) Plaintiff does not address Cargel's arguments in his opposition. (*See* Opp'n, ECF No. 302.)

The Ninth Circuit has clarified that "[o]nly *qualified* immunity [not absolute immunity] shields the prosecutor acting as a complaining witness in presenting a judge with a supporting affidavit to establish probable cause for an arrest." *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123-124) (emphasis added). As the Court concluded in its order denying Cargel's motion to dismiss, to the extent Plaintiff challenges the existence of probable cause related to the application for a search warrant, Cargel was acting as a "complaining witness in presenting the judge a supporting affidavit to establish probable cause" for the search warrant. (*See* ECF No. 145.)

A plaintiff may sue for damages under § 1983 when an official causes the plaintiff to be subjected to an unconstitutional search by presenting a search warrant application that fails to establish probable cause. *See Greenstreet v. County of San Bernardino,* 41 F.3d 1306, 1308 (9th Cir. 1994). Qualified immunity precludes liability, however, unless "a reasonably well-trained officer in [the defendant's] position would have known that his [application] failed to establish probable cause and that he should not have applied for the warrant." *See id.* at 1310 (quoting *Malley v. Briggs,* 475 U.S. 335, 345 (1986)). "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as [the Supreme Court has] sometimes put it, in "objective good faith." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). However, "the fact that a neutral magistrate has issued a warrant authorizing an allegedly unconstitutional suit does not end the inquiry into objective reasonableness." *Id.* The "shield of immunity" otherwise conferred by a warrant will be lost where "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Id.* (quoting *Malley*, 475 U.S. at 341).

The Court finds that qualified immunity shields Cargel's actions from civil liability. Plaintiff alleges that Cargel executed a search warrant at Plaintiff's home and seized

Plaintiff's Hewlett Packard laptop computer, five Hewlett Packard printers, one Xerox copier and numerous other items without probable cause. (TAC ¶ 127, ECF No. 64.) Cargel's sworn Affidavit provided a detailed statement to support probable cause to authorize the Search Warrant. (*See* Affidavit, ECF. 121-3.) Specifically, Cargel stated several factual allegations regarding Plaintiff's criminal background, Plaintiff's history of sending insulting and threatening letters to several state and federal officials, including ALJ Freedman, previous restraining orders filed against Plaintiff, Plaintiff's violations of said restraining orders, and Plaintiff's conviction of contempt of court charges and subsequent sentence. (*Id.* at 4-8.) In addition, Cargel attached copies of twelve letters allegedly sent by Plaintiff to various officials as evidence to support a finding of probable cause. (*Id.*, Exhs. 1-12.) Romo reviewed Cargel's Affidavit for legal sufficiency. (*See id.* at 11.) A Superior Court judge reviewed the Affidavit and determined the existence of probable cause to support the issuance of the Search Warrant. (*See id.*) Judicial review is the "clearest indication that the officers acted in an objectively reasonable manner" and Plaintiff has not alleged any facts suggesting that under these circumstances "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Messerschmidt*, 132 S. Ct. at 1245. In light of these circumstances, the Court finds that Cargel's actions are protected by qualified immunity.

Plaintiff also argues that Defendants' "fishing expedition" did not yield the evidence Cargel attested he believed would be found at Plaintiff's residence. (*See* TAC ¶¶ 130-35.) In a civil rights case, "if an officer 'submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements, . . . he cannot be said to have acted in an objectively reasonable manner,' and the shield of qualified immunity is lost." *Branch v. Tunnell,* 937 F.2d 1382, 1387 (9th Cir. 1991) (quoting *Olson v. Tyler,* 771 F.2d 277, 281 (7th Cir. 1985)); *see Franks v. Delaware,* 438 U.S. 154, 171-72 (1978). The Ninth Circuit established a heightened pleading standard

for a plaintiff to establish that the defendant knowingly or recklessly misled the magistrate. *Branch,* 937 F.2d at 1387.

The Court is unpersuaded by Plaintiff's theory of liability premised on Cargel's knowing or reckless falsification of statements in his Affidavit. Plaintiff does not allege with any degree of particularity which of Cargel's statements constituted a deliberate falsehood. The Court has already determined that it is not "obvious that no reasonably competent officer would have concluded that a warrant should issue," and thus that Cargel is protected by qualified immunity. *Messerschmidt*, 132 S. Ct. at 1245. The fact that the search did not recover evidence that Cargel attested he believed would be present does not suggest that he knew or recklessly disregarded the falsity of his Affidavit statements in support of a finding of probable cause.

In light of the foregoing, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to Cargel.

**B.**     *Monell* **Liability**

The County moves for judgment on the pleadings on Plaintiff's twelfth cause of action. The County argues that Plaintiff's cause of action fails because it fails to state a claim under *Monell* pleading standards. (Mot. J. Pleadings at 7-8, ECF No. 295.) Plaintiff does not address the County's arguments in his opposition. (*See* Opp'n, ECF No. 302.)

As the Court explained in previous orders, "[i]n order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotations omitted). Here, Plaintiff fails to allege any policies or practices that were in place at the DA that resulted in violation of Plaintiff's Fourth Amendment rights. No other incidents are described; nor is there proof that the alleged constitutional deprivations were caused by an existing, unconstitutional municipal policy, which can be attributed to a municipal

policymaker. *See City of Okl. City v. Tuttle,* 471 U.S. 808, 824 (1985) (while a municipality may be liable under *Monell* for a single incident where the person causing the violation has "final policymaking authority" (e.g., District Attorney), "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). The Court therefore finds that Plaintiff's does not sufficiently plead a *Monell* claim. As such, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to the County.

**C.   *Heck* Bar**

Defendants also contend that because Cargel's Affidavit thoroughly outlines the suspected criminal conduct of which Plaintiff was later convicted, a § 1983 action calling into question the truth or reliability of its contents is barred by the *Heck* doctrine. (Opp'n at 8, ECF No. 295 (citing *Hubbs v. Cnty. of San Bernardino, CA*, 538 F. Supp. 2d 1254 (C.D. Cal. 2008).) Plaintiff does not address Defendants' arguments in his opposition. (*See* Opp'n, ECF No. 302.)

Under *Heck,* a plaintiff cannot "recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the conviction has been reversed, expunged, or declared invalid. *Heck v.* Humphrey, 512 U.S. at 486-87. "In evaluating whether claims are barred by *Heck,* an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates,* 312 F.3d 1148, 1153–54 (9th Cir. 2002) (quoting *Heck,* 512 U.S. at 487 n. 6, 114 S.Ct. at 2373 n. 6), *cert. denied,* 538 U.S. 960 (2003). In short, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Hooper v. Cnty. of San Diego,* 629 F.3d 1127, 1130 (quoting *Heck,* 512 U.S. at 487). If the answer is in the affirmative, the suit is barred. *Id.*

Having founds that Plaintiff does not sufficiently plead his twelfth cause of action, the Court need not consider whether the twelfth cause of action is barred by the *Heck*

doctrine. However, the Court notes that based on the pleadings the Court does not have sufficient information to determine whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion for judgment on the pleadings. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: November 9, 2015

Hon. Gonzalo P. Curiel
United States District Judge